# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, | ) | Case No. 21-61491 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Limited Liability Company | ) | |
| (Employer Tax I.D. No. 83-0829310) | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| The Midwest Data Company LLC, | ) | Case No. 21-61492 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Russ Kendig |
| An Ohio Limited Liability Company | ) | |
| (Employer Tax I.D. No. 84-3221213) | ) | |

## MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)

The debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), hereby move this Court for an Order, pursuant to Sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the joint administration of the above captioned Chapter 11 Cases. The Debtors request for joint administration is made for procedural purposes only.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and by virtue of the general order of reference of the United States District Court for the Northern

District of Ohio entered April 4, 2012. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.  On November 23, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.  Each of the Debtors is operating its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. No trustee or examiner has been appointed.

5.  The facts and circumstances supporting this Motion are set forth in the Declaration of David Stanfill (the "First Day Declaration")[1] filed contemporaneously with the filing of the Motion.

## RELIEF REQUESTED

6.  By this Motion, the Debtors seek the entry of an order, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), authorizing the joint administration of the Chapter 11 Cases. The request is made for procedural purposes only.

7.  Bankruptcy Rule 1015(b) provides in relevant part, "[i]f a joint petition or two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Court may also exercise its equitable powers to grant the relief requested herein. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

8. As set forth in the First Day Declaration, the Debtors share common ownership. David Stanfill owns 16.7% of the membership units of Squirrels Research Labs LLC plus 40% of The Midwest Data Company LLC, and the Debtors share operations in the same physical location. The Debtors are "affiliates" as such term is defined in Section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b). Thus, joint administration of the Chapter 11 cases is appropriate pursuant to Bankruptcy Rule 1015(b).

9. The joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for each of the Chapter 11 Cases and to combine notices to creditors and other parties-in-interest of the Debtors' respective estates.

10. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings and orders in the Chapter 11 Cases will affect many or all of the Debtors at the same time. Joint administration will save time, money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein, and (b) file the papers in one case rather than in each of the Debtors' respective Chapter 11 Cases.

11. Joint administration will also protect parties in interest by ensuring that parties in interest in each of the Chapter 11 Cases will be notified of the various matters before the Court in all of the Chapter 11 Cases.

12. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of the Chapter 11 Cases because each creditor may still file its claim against a particular estate. In fact, the interests of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the

administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

13. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis.

14. The Debtors request that the official caption to be used by all parties in all pleadings indicate in the caption only that the pleading relates to Squirrels Research Labs LLC, *et al.*, as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs, LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

15. The Debtors submit that use of this simplified caption, naming only Squirrels Research Labs LLC, with specific reference to all the Debtors in a footnote, will eliminate cumbersome and confusing procedures and ensure uniformity with respect to pleading identification.

16. Joint administration is generally non-controversial, and courts in this district routinely order joint administration of related cases. *See e.g.*, *In re Data Cooling Techs. LLC,* No. 17-52170 (AMK) (Bankr. N.D. Ohio Sept. 13, 2017) [Docket No. 29]; *In re Briar Hill Foods, LLC*, No. 17-61892 (RK) (Bankr. N.D. Ohio Aug. 30, 2017) [Docket No. 19]; *In re SCI Direct LLC*, No. 17-61735 (RK) (Bankr. N.D. Ohio Aug. 11, 2017) [Docket No. 34]; *In re Wings of*

*Medina Liquidation, Inc.*, (f/k/a *In re QSL of Medina, Inc.*), No. 15-52722 (AMK) (Bankr. N.D. Ohio Nov. 17, 2015) [Docket No. 23]; *In re Hugo Sand Co.*, No. 11-50492 (MSS) (Bankr. N.D. Ohio Feb. 24, 2011) [Docket No. 24]; *In re Flower Factory*, No. 11-60406 (RK) (Bankr. N.D. Ohio Feb. 18, 2011) [Docket No. 46]; *In re Bucyrus Cmty. Hosp., Inc.*, No. 10-61078 (RK) (Bankr. N.D. Ohio Mar. 23, 2010) [Docket No. 37]; *In re M&M Drying, Ltd.*, No. 08-64058 (RK) (Bankr. N.D. Ohio Dec. 2, 2008) [Docket No. 39]; *In re B&C Corp., Inc.*, No. 09-51455 (MSS) (Bankr. N.D. Ohio Apr. 14, 2009) [Docket No. 28]; *In re NexPak Corp.*, No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004) [Docket No. 34].[2]

## **NOTICE**

17. As of the date of filing of this Motion, no creditors' committee has been appointed in these Chapter 11 cases. Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) each of the Debtors' twenty (20) largest unsecured creditors, as identified on their respective petitions; (c) the Debtors' secured lender; and (d) Instantiation. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Debtors request that the relief sought by this Motion be immediately effective and enforceable upon entry of the order requested hereby.

19. No previous motion for the relief sought herein has been made to this or any other court.

---

[2] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting the Motion and such other or further relief as the Court deems just and proper.

Dated: November 23, 2021            Respectfully submitted,

*/s/ Marc B. Merklin*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

[1349675]