UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| _____ | ) | |

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a), AUTHORIZING DEBTORS TO EMPLOY AND RETAIN BROUSE MCDOWELL, LPA AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AS OF THE PETITION DATE**

The debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), hereby submit this application (the "Application"), pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1, for entry of an order authorizing the Debtors to employ and retain Brouse McDowell, LPA ("Brouse McDowell") as their bankruptcy counsel effective as of the Petition Date. In support of the Application, the Debtors refer to and rely upon the Declaration of Marc B. Merklin, a shareholder at Brouse McDowell, attached hereto as **Exhibit A**, filed contemporaneously herewith, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

3.     The statutory predicates for the relief requested herein are Sections 105(a), 327, and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2016-1

## BACKGROUND

4.     On November 23, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

5.     Each of the Debtors is operating its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. Fred Schwieg has been appointed as the subchapter V trustee in these Chapter 11 Cases.

6.     The facts and circumstances supporting this Application are set forth in the Declaration of David A. Stanfill (the "First Day Declaration").[2]

## RELIEF REQUESTED

7.     The Debtors request an order of this Court authorizing the Debtors to employ and retain Brouse McDowell as their bankruptcy counsel effective as of the Petition Date.

**I.     Selection of Brouse**

8.     The Debtors selected Brouse McDowell as their bankruptcy counsel because Brouse McDowell has substantial experience and expertise in Chapter 11 cases involving business entities, as well as in the practice areas of corporate law, labor, litigation, employee benefits, real estate, secured lending, finance, taxation and other fields that may be required by the Debtors in these Chapter 11 Cases. Brouse McDowell has the resources necessary to manage Chapter 11 cases of this size, complexity and scope. Brouse McDowell has represented debtors, creditors, purchasers, and other parties-in-interest before courts in the Sixth Circuit.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9. For these reasons, the Debtors believe that Brouse McDowell possesses the requisite expertise to serve as bankruptcy counsel in these Chapter 11 Cases, and can do so in an efficient and cost-effective manner.

## II. Services to be Rendered

10. The employment of Brouse McDowell is necessary to assist the Debtors in executing their duties as a debtors-in-possession. Subject to further order of this Court, the professional services that Brouse McDowell may render to the Debtors as their bankruptcy counsel, as the Debtors may request from time to time, include, without limitation:

(a) advising the Debtors with respect to their powers and duties as debtors-in-possession;

(b) advising the Debtors with respect to all bankruptcy matters;

(c) preparing on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and papers in connection with the administration of their estates;

(d) representing the Debtors at all hearings on matters relating to their affairs and interests as debtors-in-possession before this Court, any appellate courts, the United States Supreme Court, and protecting the interests of the Debtors;

(e) prosecuting and defending litigated matters that may arise during these Chapter 11 Cases, including such matters as may be necessary for the protection of the Debtors' rights, the preservation of estate assets;

(f) negotiating and seeking approval of a sale of some or all of the Debtors' assets should such be in the best interests of the Debtors' estates;

(g) negotiating appropriate transactions and preparing any necessary documentation related thereto;

(h) representing the Debtors on matters relating to the assumption or rejection of executory contracts and unexpired leases;

(i) advising the Debtors with respect to corporate, securities, real estate, litigation, labor, finance, environmental, regulatory, tax, healthcare

and other legal matters which may arise during the pendency of these Chapter 11 Cases; and

(j) performing all other legal services that are necessary for the efficient and economic administration of these Chapter 11 Cases.

11. After due consideration and deliberation, the Debtors have concluded that their interests and the interests of their estates and creditors will be best served by the retention of Brouse McDowell, as counsel to the Debtors, to render such legal services as are necessary and appropriate in connection with the matters set forth above and to render such additional legal services as may be required from time to time during the pendency of these Chapter 11 Cases. Brouse McDowell will work with the Debtors to efficiently utilize all professionals in these Chapter 11 Cases.

12. Subject to the Court's approval of this Application, Brouse McDowell has indicated a willingness to serve as the Debtors' counsel and to perform the services described above.

### III. Professional Fees and Expenses

13. The Debtors paid to Brouse McDowell a $30,000.00 retainer on September 28, 2021, a $5,000.00 retainer on November 1, 2021, and an additional $15,000.00 retainer on November 10, 2021, for a total retainer of $50,000.00 in contemplation of the filing of these Chapter 11 Cases (the "Retainer"). The total amount billed to the Retainer prior to the Petition Date was $50,000.00 for services rendered to the Debtors. The balance of the Retainer is $0.

Brouse McDowell has billed and been paid for all services through November 22, 2021, and a complete disclosure of those payments will be provided in the Statement of Financial Affairs for the Debtors. As of the Petition Date, Brouse McDowell is owed $3,688.00 for its prepetition services to the Debtors.

Brouse McDowell's fees for professional services are based upon its standard hourly rates, which are periodically adjusted. The Debtors, subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, applicable Bankruptcy Rules, and the orders and Local Bankruptcy Rules of this Court, propose to pay Brouse McDowell its customary hourly rates in effect from time to time as set forth in the Merklin Declaration, plus reimbursement of actual, necessary expenses incurred by Brouse McDowell in the course of the representation. The Debtors are advised that the hourly rates set forth below are subject to periodic increases in the normal course of the firm's business, often due to increased experience of a particular professional. Brouse McDowell will give prior notice to the Debtors of any such periodic increases.

14. The Debtors anticipate that the following Brouse McDowell attorneys and staff will assist the Debtors in these Chapter 11 Cases:

| Attorney | 2021 Fee (per hour) |
|---|---|
| Marc B. Merklin | $525.00 |
| Bridget A. Franklin | $360.00 |
| Julie K. Zurn | $325.00 |
| Jack D'Andrea | $225.00 |
| Theresa M. Palcic | $185.00 |

15. These are Brouse McDowell's hourly rates for work of this nature and are subject to periodic adjustments to reflect economic and other conditions, although Brouse McDowell will provide prior notice to the Debtors before any upward adjustments. The Debtors understand that other attorneys, paralegals, and staff at Brouse McDowell may serve the Debtors at similar rates from time to time in connection with these Chapter 11 Cases.

16. Consistent with the firm's policy with respect to its other clients, Brouse McDowell will continue to charge the Debtors for all other services provided and for other

charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for travel (at half time), business meals, messengers, couriers, witness fees, and other fees related to trials, hearings, and other proceedings which may arise from time to time in these Chapter 11 Cases. Charges and disbursements are invoiced pursuant to Brouse McDowell's terms of engagement and will comply with the United States Trustee's guidelines for fees and disbursements for professionals in bankruptcy cases filed in the Northern District of Ohio.

17. Brouse McDowell intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders and Local Bankruptcy Rules of this Court.

18. Brouse McDowell has agreed to accept as compensation such sums as may be allowed by the Court on the basis of (a) the professional time spent, (b) the rates charged for such services, (c) the necessity of such services to the administration of the estate, (d) the reasonableness of the time within which the services were performed in relation to the results achieved, and (e) the complexity, importance, and nature of the problems, issues, or tasks addressed in these Chapter 11 Cases.

### IV. Disinterestedness of Professionals

19. The Debtors understand that Brouse McDowell has undertaken a detailed database and electronic search to determine, and to disclose, whether it represents or has represented any significant creditors, insiders of the Debtors and other parties-in-interest. In connection with its proposed retention by the Debtors in these Chapter 11 Cases, Brouse McDowell conducted a search of its client database to determine whether it had any relationships with any of the material parties-in-interest (the "Interested Parties") in these Chapter 11 Cases.

20. Brouse McDowell was retained on September 24, 2021. The Debtors owe $3,688.00 to Brouse McDowell for the legal services performed or expenses incurred prior to the Petition Date. Brouse McDowell does not have any connection with the Debtors, their creditors, or any other party-in-interest, except to the extent set forth herein and in the Merklin Declaration. Brouse McDowell will not undertake representation of a creditor in these proceedings.

21. Brouse McDowell has represented and continues to represent the Ohio Bureau of Workers' Compensation in matters wholly unrelated to these proceedings. Brouse McDowell will not represent the State of Ohio in any matter related to these Chapter 11 cases.

22. As specifically set forth herein and in the attached Merklin Declaration, Brouse McDowell represents certain of the Debtors' creditors or other parties-in-interest in ongoing matters unrelated to the Debtors and these Chapter 11 Cases. None of the representations described herein are adverse to the interests of the Debtors or the Debtors' estates. Moreover, pursuant to Bankruptcy Code section 327(c), Brouse McDowell does not believe it is disqualified from acting as the Debtors' counsel as a result of its representation of certain of the Debtors' creditors or other parties-in-interest in matters unrelated to these Chapter 11 Cases.

23. Brouse McDowell has advised the Debtors that it will conduct continuing inquiries into any matters which would affect the firm's disinterested status, and Mr. Merklin will promptly file a supplemental statement setting forth the results of that inquiry if additional disclosure is required.

## NOTICE

24. Notice of the Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee, (b) the Debtors' twenty (20) largest unsecured creditors, as identified on their petitions; (c) the Debtors' secured lender; (d) the Subchapter V Trustee; and (f) all parties that have filed a notice of appearance and request

for service of papers in these cases under Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

25. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the Debtors request the relief sought by this Application be immediately effective and enforceable upon entry of the order requested hereby.

26. No previous Application for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: December 3, 2021　　　　　　*/s/ David A. Stanfill*　　　　　　
　　　　　　　　　　　　　　　　　David A. Stanfill, President

1349005