# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER ESTABLISHING BAR DATES AND APPROVING FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby submit this motion (the "Motion) pursuant to sections 501, 502, and 503 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 3003, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order") (i) establishing the claims filing deadline for creditors that are not governmental units to file proofs of claim ("Proofs of Claim") for such creditors' prepetition claims against the Debtors (the "General Bar Date"), (ii) establishing the claims filing deadline for creditors that are governmental units to file Proofs of Claim for such governmental units' prepetition claims against the Debtors (the "Government Bar Date" and together with the General Bar Date, the "Bar Dates"), (iii) approving the form and manner of the notice of the Bar Dates (the "Notice of Bar Dates"), and (iv) approving the Proof of Claim form that creditors may file for prepetition claims.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

In support of this Motion the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 501, 502, and 503 and Bankruptcy Rules 2002, 3003, and 9007.

## BACKGROUND

4. On November 23, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

5. The Debtors are operating their businesses as debtors-in-possession pursuant to section 1184 of the Bankruptcy Code. Frederic P. Schwieg has been appointed as subchapter V trustee in these bankruptcy cases.

6. The facts and circumstances supporting this Motion are set forth in the Declaration of David Stanfill [Doc. # 8] (the "First Day Declaration").[2]

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of the Bar Date Order, pursuant to Rule 3003(c)(3), that establishes (i) 60 days after service of the Bar Date Order as the General Bar Date by which Proofs of Claim for prepetition claims against the Debtor (**including claims arising under Bankruptcy Code section 503(b)(9)**), held by creditors that are not governmental units, must be filed or be forever barred and (ii) 180 days from the Petition Date as the Government Bar

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Date by which Proofs of Claim for prepetition claims against the Debtors, held by creditors that are governmental units, must be filed or be forever barred.

8. The Debtors further requests that the Bar Date Order authorize the Debtors to mail to all known creditors[3] the Notice of Bar Dates substantially in the form attached to the Bar Date Order as <u>Exhibit 1,</u> as well as the Proof of Claim form substantially conforming to Official Bankruptcy Form No. 410, and instructions related thereto, substantially in the form attached to the Bar Date Order as <u>Exhibit 2</u>.

**BASIS FOR RELIEF REQUESTED**

*<u>Establishing the General Bar Date</u>*

9. In general, claimants seeking to recover from a chapter 11 bankruptcy debtor must file a proof of claim in the bankruptcy proceeding. *See* 11 U.S.C. § 501(a). Bankruptcy Rule 3003(c)(3) governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that the "court shall fix . . . the time within which proofs of claim . . . must be filed." Fed. R. Bank. P. 3003(c)(3). Claim bar dates are integral to the goals of a chapter 11 bankruptcy, including preserving going-concerns and maximizing creditor recovery value. *See Bank of Am. Nat'l Trust and Savs. Assoc. v. 203 N. LaSalle P'ship,* 526 U.S. 434, 453 (1999).

10. The discretionary timeframe of Rule 3003(c)(3) is limited only by Rule 2002(a)(7), which requires that "all creditors [be given] at least 21 days' notice by mail of . . . the time fixed for filing proofs of claims pursuant to Rule 3003(c)[.]" Fed. R.Bankr.P. 2002(a)(7); *see also, In re Robintech, Inc.,* 863 F.2d 393 (5th Cir. 1989).

---

[3] All known creditors include all persons and entities listed on Schedules D, E, or F as well as all persons and entities listed on Schedule G, which schedules the Debtors intend to file with the Court on or before December 7, 2021.

11. Each Debtor will file its Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules") by no later than December 7, 2021. To identify the prepetition claims asserted by creditors that are not governmental units, as well as the potential disputes as to such claims, the Debtors request that the Court establish 60 days after service of the Bar Date Order as the last day to file Proofs of Claim for such prepetition claims.

12. The Debtors request that the General Bar Date apply to any creditor that holds a claim against the Debtors that arose prior to the Petition Date, including, but not limited to, a claim that arises under Bankruptcy Code section 503(b)(9), regardless of whether the claim is not scheduled, scheduled in an incorrect amount, or scheduled as disputed, contingent, or unliquidated; *provided, however,* that the General Bar Date shall not apply to any governmental unit that holds a prepetition claim against the Debtors nor any creditor that holds a claim that falls within the exceptions set forth in this Motion.

13. Accordingly, the Debtors request that the Court establish 60 days from service of the Bar Order Date as the General Bar Date. The Debtors anticipate mailing the Bar Date Order, Notice of Bar Dates, and Proof of Claim Form, and the instructions related thereto, within three days after entry of the Bar Date Order. As such, the proposed General Bar Date provides the creditors to which the General Bar Date applies two months to review the Debtors' Schedules and take such actions with respect to filing Proofs of Claim as such creditors deem appropriate.

*Establishing the Government Bar Date*

14. With respect to government claims, Bankruptcy Code section 502(b)(9) provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief[.]" 11 U.S.C. § 502(b)(9).

4

21-61491-tnap    Doc 49    FILED 12/03/21    ENTERED 12/03/21 17:38:19    Page 4 of 10

15. To identify the prepetition claims asserted against the Debtors held by creditors that are governmental units, as well as the potential disputes as to such claims, the Debtors request that the Court establish May 22, 2022, as the last day to file Proofs of Claim for such prepetition claims, which is 180 days from the Petition Date.

16. The Debtors requests that the Government Bar Date apply to any governmental unit that holds a claim against the Debtors that arose prior to the Petition Date, including, but not limited to, a claim that arises under Bankruptcy Code section 503(b)(9), regardless of whether the claim (i) is not scheduled, scheduled in an incorrect amount, or scheduled as disputed, contingent, or unliquidated, (ii) is secured, unsecured priority, or unsecured nonpriority, or (iii) is for unpaid taxes that arises from prepetition tax years or periods or prepetition transactions to which either Debtor was a party.

17. Accordingly, the Debtors request that the Court establish May 22, 2022, as the Government Bar Date.

*<u>Application of the Bar Dates</u>*

18. Pursuant to Rule 3003(c)(2), the Debtors request that any creditor that holds a claim against the Debtors that arose prior to the Petition Date, including, but not limited to, a claim that arises under Bankruptcy Code section 503(b)(9), regardless of whether the claim is not scheduled, scheduled in an incorrect amount, or scheduled as disputed, contingent, or unliquidated, be required to file a Proof of Claim for such creditor's prepetition claim on or before the General Bar Date, or as applicable, the Government Bar Date, and that any such creditor that fails to do so be forever barred, estopped, and enjoined from asserting against the Debtors any prepetition claim that such creditor possesses.

19. Subject to the exceptions set forth herein, the Debtors propose that the General Bar Date, or as applicable, the Government Bar Date applies to the following creditors:

   a. any person or entity whose claim is not scheduled, is scheduled in an incorrect amount, or is scheduled as disputed, contingent, or unliquidated;

   b. any person or entity whose claim arises from the provision of goods and/or services to Debtors prior to the Petition Date;

   c. any person or entity whose claim **arises under Bankruptcy Code section 503(b)(9)** for goods received by the Debtors in the ordinary course of business in the twenty (20) days prior to the Petition Date;

   d. any person or entity whose claims arise out of the rejection of executory contracts and unexpired leases prior to the entry of the order establishing the Bar Dates; and

   e. any person or entity whose claims arose prior to the Petition Date out of the obligations of such person (as such term is defined in Bankruptcy Code section 101(41)) or entity (as such term is defined in Bankruptcy Code section 101(15)) under a contract for the provisions of liability insurance to Debtor.

*<u>Exceptions to the Bar Dates</u>*

20. *<u>Claims Arising out of the Rejection of Certain Executory Contracts or Unexpired Leases</u>*: The Debtors propose that for any person or entity whose claim arises out of the rejection of an executory contract or unexpired lease pursuant to Bankruptcy Code section 365 after the entry of an order establishing the General Bar Date, that such person or entity be required to file its Proof of Claim on the later of (i) 30 days from the date of the order authorizing the rejection of such contract or lease or (ii) the General Bar Date.

21. *<u>Claims Later Amended on the Schedules</u>*: The Debtors propose that for any person or entity whose claim is listed on the Schedules and is amended after the entry of an order establishing the General Bar Date, or Government Bar Date as applicable, (i) in a manner that designates a previously undisputed claim as "disputed," "contingent," or "unliquidated" or (ii) in a manner that reduces the amount of the claim, that such person or entity be required to file its

Proof of Claim on the later of (i) 30 days from the date of the amendment of the claim on the Schedules, or (ii) the General Bar Date or Government Bar Date as applicable; *provided, however*, that following the General Bar Date or Government Bar Date as applicable, proofs of claim filed as a result of amendments to the Schedules shall be limited in amount to the amount previously scheduled by the Debtors, unless the creditor has otherwise timely filed a proof of claim. Amendments to the Schedules regarding creditors who have previously filed proofs of claim shall not affect any proof of claim on file prior to the amendment.

22. *Equity Interest Holders*: The Debtors propose that pursuant to Rule 3003(b)(2), it is not necessary for an equity security holder to file a proof of interest based solely upon such interest; *provided, however,* that if an equity holder asserts any rights as a creditor holding a claim against the Debtors, including any claim arising out of or relating to the ownership, sale, issuance, or purchase of an equity interest in the Debtors, a Proof of Claim is required to be filed on or before the General Bar Date, except as otherwise set forth herein.

23. *Persons or Entities Not Required to File a Proof of Claim*: The Debtors also request that the following creditors, whose claims would otherwise be subject to the General Bar Date or the Government Bar Date as applicable, <u>not</u> be required to file a Proof of Claim on or before the Bar Dates:

   a. any person or entity who has already properly filed with this Court a Proof of Claim against the Debtors with respect to such claim;

   b. any person or entity (i) whose claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules and (ii) who does not object to the classification and amount set forth therein;

   c. any person or entity whose claim against the Debtors has previously been allowed by order of this Court;

   d. any employee of the Debtors whose prepetition claim has been authorized by this Court and for which payment has been made;

e.  any person or entity whose claim is allowable under Bankruptcy Code sections 503(b) and 507(a) as an expense of administration (**other than any claims allowable under Bankruptcy Code section 503(b)(9)**); and

f.  any person or entity whose claim is against any non-Debtor affiliate of the Debtors.

### DEBTORS' RIGHTS

24.  The Debtors shall retain the right to dispute, or to assert offsets or defenses against, any claim listed or reflected on the Schedules as to amount, liability, classification, or otherwise to subsequently designate any claim as disputed, contingent, or unliquidated or to object to any claim listed or reflected on the Schedules. Nothing set forth herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

### PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIMS

25.  The Debtors propose the Notice of Bar Dates be given substantially in the form attached to the Bar Date Order as Exhibit 1 and incorporated herein by reference. The Notice of Bar Dates will be mailed by first-class mail no later than three (3) business days after the entry of the Bar Date Order to (a) all known persons and entities holding potential claims against Debtors, and their counsel (if known); (b) all known equity security holders; (c) the Office of the U.S. Trustee; (d) all persons and entities listed in the Schedules as holding or potentially holding prepetition claims, including claims that the Debtors lists as contingent, unliquidated or disputed; (e) the subchapter V Trustee; (f) all parties who have filed proofs of claim in these cases; (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002; (h) all entities who are parties to executory contracts and unexpired leases with the Debtors; (i) all entities who are parties to litigation with the Debtor, or their counsel (if known); (j) all federal and state taxing authorities for the jurisdictions in which the Debtors maintain or conduct business. The Notice of Bar Dates indicates that a Proof of Claim must be filed with the Clerk of this Court on or before the applicable

Bar Dates. Accordingly, the Notice of Bar Dates complies with the notice requirements of Rule 2002(a)(7).

26. The Debtors have prepared the Proof of Claim form, a copy of which is attached to the Bar Date Order as <u>Exhibit 2</u>, which substantially conforms to Official Bankruptcy Form 410. The substantive modification to the Official Bankruptcy Form 410 proposed by the Debtors is adding certain instructions for claims arising under Bankruptcy Code section 503(b)(9). The Debtors hereby request that the Court approve the proposed Proof of Claim form for this case.

### NOTICE

27. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Ohio; (b) Avnet, Inc; (c) Instantiation, LLC; (d) the twenty (20) largest unsecured creditors as reflected on each of the Debtor's chapter 11 petitions; (e) the subchapter V Trustee; and (f) all parties that have appeared in this case and will automatically receive notice via the Court's ECF system.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Bar Date order (i) establishing 60 days from entry of the Bar Date Order as the General Bar Date; (ii) establishing May 22, 2022 as the Government Bar Date, (iii) approving the form and manner of the Notice of Bar Dates, (iv) approving the Proof of Claim form, and (v) granting such other and further relief as the Court may deem proper.

Dated: December 3, 2021

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*