# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

### MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER: (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS AND (II) LIMITING SERVICE OF NOTICES OF HEARINGS ON INTERIM APPLICATIONS FOR COMPENSATION

The above-captioned debtors and debtors-in-possession (the "Debtors") hereby move this Court pursuant to sections 105 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") for the entry of an order substantially in the form attached hereto as **Exhibit A**: (i) establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis and (ii) limiting service of notices of hearings on interim applications for compensation (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On November 23, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code. Their cases were jointly administered for procedural purposes.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

2. The Debtors are operating their businesses as debtors-in-possession pursuant to section 1184 of the Bankruptcy Code. Frederic P. Schwieg has been appointed as the subchapter V Trustee.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules.

### Relief Requested

4. Pursuant to section 331 of the Bankruptcy Code, all professionals employed under sections 327 or 1103 of the Bankruptcy Code are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court so permits. The Debtors request that procedures for compensating and reimbursing Court-approved professionals (the "Professionals") on a monthly basis be established. Such an order would enable the Court and other parties in interest to monitor the professional fees and the expenses incurred in this Chapter 11 case on a regular basis, and such an order would minimize the financial risk and burden of the Professionals.

5. The Debtors propose the following procedures:

    a. On or before the 15th day of each month, each Professional employed in this case shall deliver to the Debtors a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtors' counsel, the United States trustee, and the subchapter v trustee appointed in these cases (each a "Notice Party," and collectively, the "Notice Parties"). Each Notice Party will have 10 days after service of a monthly statement (the "Review Period") to review the monthly statement. At the expiration of the Review Period, the Debtors shall pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80% of fees and 100% of expenses in the Professional's monthly statement (the "Maximum Interim Payment"); or (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to subparagraph b below. These payments shall be subject to the Court's

       review as part of the standard fee application process, which shall take place approximately every four months (as described below).

   b.     If one or more of the Notice Parties objects to the interim compensation or reimbursement of expenses sought in a particular Professional's monthly statement (a "Requested Amount"), such Notice Party must (i) prepare a written statement of its objection setting forth the precise nature of the objection and the amount of the objectionable fees and expenses at issue (the "Objection"); and (ii) serve the Objection on the Professional that submitted the monthly statement and the other Notice Parties so that the Objection is received by these parties no later than the end of the Review Period. Thereafter, the objecting party and the affected professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve the Objection within fifteen days of the service of the Objection, the affected Professional may either (i) file the Objection with the Court, along with a copy of the monthly statement and a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

   c.     Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the fees not paid pursuant to subparagraphs (a) and (b) above. The first such application shall be filed on or before March 31, 2022, and shall cover the period from the Petition Date through February 28, 2022. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Such applications shall be served on the Debtors and the Notice Parties.

   d.     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

   e.     Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

6. The procedures suggested herein, if approved, would enable parties in interest to monitor the Debtors' costs of administration. The procedures also would allow the Debtors to avoid accruing, but not paying, significant professional fees and would, as a result, minimize the cash flow impact of such fees.

**Applicable Authority**

7. Section 331 of the Bankruptcy Court provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

8. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, it is within the Court's equitable power to grant the relief requested herein. Interim compensation on a monthly basis is generally allowed when the case meets certain standards. *United States Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668 (B.A.P. 9th Cir. 1988); *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723 (Bankr. D. Del. 2000); *In re Jefferson Bus Ctr. Assoc.* 135 B.R. 676 (Bankr. D. Colo. 1992); *In re Troung*, 259 B.R. 264 (Bankr. D. N.J. 2001).

9. The traditional criteria that courts look to in order to grant interim compensation on a monthly basis are as follows: (i) the case is unusually large in which a large amount of fees accrue each month; (ii) waiting an extended amount of time for payment would place an undue burden on counsel; (iii) the court believes that counsel will be able to respond to reassessment; and (iv) that the fee retainer procedure is subject of a notice and hearing. *Knudsen*, 84 B.R. at 672-73. Courts

also consider important factors such as the payment plan's economic impact on the debtor's ongoing business operation, the ability of the debtor to reorganize, the debtor's ability to monitor and control its administrative costs, and the reputation of the debtor's counsel. *Jefferson Bus. Ctr. Assoc.* 135 B.R. at 679; *Mariner Post-Acute Network Inc*, 257 B.R. at 672-73. Courts have acknowledged that these standards do not apply only to large Chapter 11 cases but they also apply to small cases. *Jefferson Bus. Ctr. Assoc.* 135 B.R. at 680; *Troung* 259 B.R. at 267.

10. These factors apply to the instant case. An undue burden would be placed on the Debtors and their Professionals if interim compensation is not allowed. The Debtors' ongoing business operations would also be compromised along with the Debtors' ability to reorganize.

11. The Debtor's proposal for compensating the Professionals, as outlined above, is an effort to effect a compromise between the statutory policy that professionals should be paid only reasonable compensation (and should not be allowed to take advantage of the bankruptcy process) and the policy of allowing professionals to be paid on at least a timely enough basis that they can reasonably undertake the case. *See In re Unicast, Inc.*, 214 B.R. 979, 1002 (Bankr. N.D. Ohio 1997). Thus, the Debtors' request that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis be established should be granted.

## Notice

12. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Ohio; (b) Avnet, Inc; (c) Instantiation, LLC; (d) the twenty (20) largest unsecured creditors as reflected on each of the Debtor's Chapter 11 petitions; (e) the subchapter V Trustee; and (f) all parties that have appeared in this case and will automatically receive notice via the Court's ECF system. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice need be given.

## Conclusion

WHEREFORE, the Debtors respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A: (i) establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis; (ii) limiting the notices of hearing to consider interim applications for compensation and reimbursement of expenses; and (iii) granting the Debtors such other and further relief as the Court deems proper.

Dated: December 8, 2021

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
Bridget A. Franklin (0083987)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com
bfranklin@brouse.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*