**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**ORDER: (I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A
MONTHLY BASIS; AND (II) LIMITING SERVICE OF NOTICES OF
HEARINGS ON INTERIM APPLICATIONS FOR COMPENSATION**

This matter came to be considered on the Motion of the Debtors and Debtors-in-Possession (the "Debtors") for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis; and (II) Limiting Service of Notices of Hearings on Interim Applications for Compensation (the "Motion"). The Court having

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) venue of this Chapter 11 case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED.

2. The Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

3. The following procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis shall be, and here are, established:

   a. On or before the 15th day of each month, each Professional employed in this case shall deliver to the Debtors a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtors' counsel, the United States trustee, and the subchapter v trustee appointed in these cases (each a "Notice Party," and collectively, the "Notice Parties"). Each Notice Party will have 10 days after service of a monthly statement (the "Review Period") to review the monthly statement. At the expiration of the Review Period, the Debtors shall pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) 80% of fees and 100% of expenses in the Professional's monthly statement (the "Maximum Interim Payment"); or (ii) the aggregate amount of fees and expenses not subject to an objection pursuant to subparagraph b below. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every four months (as described below).

   b. If one or more of the Notice Parties objects to the interim compensation or reimbursement of expenses sought in a particular Professional's monthly statement (a "Requested Amount"), such Notice Party must (i) prepare a written statement of its objection setting forth the precise nature of the objection and the amount of the objectionable fees and expenses at issue (the "Objection"); and (ii) serve the Objection on the Professional that

submitted the monthly statement and the other Notice Parties so that the Objection is received by these parties no later than the end of the Review Period. Thereafter, the objecting party and the affected professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to resolve the Objection within fifteen days of the service of the Objection, the affected Professional may either (i) file the Objection with the Court, along with a copy of the monthly statement and a request for payment of the difference, if any, between the Maximum Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forgo payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

c. Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the fees not paid pursuant to subparagraphs (a) and (b) above. The first such application shall be filed on or before March 31, 2022, and shall cover the period from the Petition Date through February 28, 2022. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Such applications shall be served on the Debtors and the Notice Parties.

d. The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

e. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

4. Service of the notices of hearings to consider interim applications of the Professionals in this case shall be limited to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

5. All fees paid to Professionals retained in this case pursuant to this Order are subject to final approval of the Court. Nothing herein shall be construed in any way to limit the ability of

the Court to review and evaluate the reasonableness of propriety of any fees and expenses requested or paid pursuant to this Order.

# # #

SUBMITTED BY:

/s/
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
Bridget A. Franklin (0083987)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com
bfranklin@brouse.com

*Proposed Counsel for the Debtors
and Debtors-in-Possession*