# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Squirrels Research Labs LLC, *et al.*** | ) | **Case No. 21-61491** |
| | ) | **(Jointly Administered)** |
| **Debtor.** | ) | |
| | ) | **Judge Russ Kendig** |

**MOTION AND MEMORANDUM OF OHIO POWER COMPANY d/b/a AMERICAN ELECTRIC POWER TO: (I) VACATE, AND/OR RECONSIDER, AND/OR MODIFY ORDER: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF PREPETITION INVOICES; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; AND (C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE; AND (B) <u>DETERMINE ADEQUATE ASSURANCE OF PAYMENT AS TO THE UTILITIES</u>**
**[Relates to Docket Nos. 4 and 41]**

Ohio Power Company d/b/a American Electric Power ("AEP"), hereby moves this Court

pursuant to Rule 60 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy

under Federal Rules of Bankruptcy Procedure 9024, to (I) vacate and/or reconsider, and/or

modify the *Order: (A) Prohibiting Utilities From Altering, Refusing or Discontinuing Services*

*To, or Discriminating Against, the Debtor on Account of Prepetition Invoices; (B) Determining*

*That the Utilities Are Adequately Assured of Future Payment; and (C) Establishing Procedures*

*For Determining Requests For Additional Assurance* (the "Utility Order") (Docket No. 41), and

(II) to determine adequate assurance of payment as to AEP pursuant to 11 U.S.C. Section 366(c).

In support of its Motion, AEP sets forth the following:

## <u>Introduction</u>

The plain language of Section 366(c)(2) requires a Chapter 11 debtor to provide utilities

with adequate assurance of payment that is satisfactory to the utility within 30 days of the

petition date. If a debtor believes the amount of the utility's request pursuant to Section 366(c)(2) needs to be modified, the debtor can file a motion pursuant to Section 366(c)(3) seeking to modify the amount of the utility's request, which is to be heard after "notice and a hearing."

Despite the fact that Exhibit "A" to the Utility Motion reflects that AEP is The Midwest Data Company LLC's ("Debtor MWDC or the "Debtor"") only utility provider, Debtors' counsel did not contact AEP regarding AEP's request for adequate assurance of payment prior to filing the *Motion of Debtor and Debtor-In-Possession the Midwest Data Company LLC For a Final Order: (A) Prohibiting Utilities From Altering, Refusing or Discontinuing Services To, or Discriminating Against, the Debtor on Account of Prepetition Invoices; (B) Determining That the Utilities Are Adequately Assured of Future Payment; and (C) Establishing Procedures For Determining Requests For Additional Assurance* (the "Utility Motion") (Docket No. 4). Additionally, in complete contravention of the express requirements of Section 366 of the Bankruptcy Code and AEP's due process rights, Debtor MWDC sought and obtained an *ex parte* hearing on the Utility Motion on the fifth business day of the case (the eighth day of the case) without providing proper notice of the hearing to AEP, even though Section 366(c) clearly provides that: (a) such a hearing can only be set upon notice and a hearing; and (b) Debtor MWDC had 30 days to address the issue of adequate assurance of payment with AEP.

Debtor MWDC completely ignored the statutory and notice requirements of Section 366 and AEP's due process rights, through the following:

1. On the November 23, 2021 petition date (the "Petition Date"), Debtor MWDC filed the Utility Motion seeking its own form of adequate assurance which is to provide AEP with nothing because AEP supposedly held a prepetition deposit

2

equal to or greater than two-weeks of utility charges. As discussed below, the Debtor's proposal to provide $0 to AEP because it held a prepetition deposit does not make sense because Debtor MWDC did not know if any of the prepetition deposit will remain after AEP exercises rights under Section 366(c)(4) of the Bankruptcy Code to recoup prepetition security against prepetition debt.

2.      On the Petition Date, the Debtors filed a *Motion of Debtors and Debtors-in-Possession For An Order (A) Scheduling Expedited Hearing on Certain First Day Motions and (B) Approving Form and Manner of Notice Thereof* (the "Motion For Expedited Hearing") (Docket No. 5) which sought an expedited hearing on the Utility Motion to take place on December 1, 2021, the fifth business day of the case (the eighth day of the case).

3.      The *Certificate of Service* (Docket No. 13) regarding service of the (i) Utility Motion and (ii) Motion For Expedited Hearing reflects that AEP was supposedly served with those pleadings via Federal Express Priority Overnight to "AEP Ohio, 301 Cleveland Ave., SW, Canton, OH 44702" that is not AEP's principal place of business, but rather an AEP customer service center (the "AEP Customer Service Center").

4.      On November 24, 2021, the Court entered the *Order on Motion of Debtors and Debtors-In-Possession For An Order (A) Scheduling Expedited Hearing of Certain First Day Motions and (B) Approving Form and Manner of Notice Thereof* (the "Order Scheduling Expedited Hearing") (Docket No. 11) which set the hearing on the Utility Motion to take place on December 1, 2021.

5.      On November 24, 2021, the Debtors filed the *Notice of Expedited Hearing on*

*Certain First Day Motions of Debtors and Debtors-In-Possession* (the "Notice of Expedited Hearing") (Docket No. 15).

6.      The *Certificate of Service* (Docket No. 27) regarding service of the (i) Order Scheduling Expedited Hearing and (ii) Notice of Expedited Hearing reflects that AEP was supposedly served with those pleadings via Federal Express Priority Overnight to the AEP Customer Service Center.

7.      Rule 9014(b) specifically requires that service of the Utility Motion, as well as the above-referenced pleadings regarding the expedited hearing on the Utility Motion, should have been done in a manner provided for service of a summons and complaint pursuant to Rule 7004.  As AEP is a corporation, Rule 7004(b)(3) requires service to be served "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . ."

As such, because AEP was properly never served with the (i) Utility Motion, (ii) Motion For Expedited Hearing, (iii) Order Scheduling Expedited Hearing, and (iv) Notice of Expedited Hearing, AEP had no opportunity to file an objection to the Utility Motion or prepare for and attend the final hearing on the Utility Motion that took place on December 1, 2021, the fifth business day of the case.  At the *ex parte* final hearing on the Utility Motion, the Court approved the Utility Motion and entered the Utility Order that:  (a) violates Section 366 of the Bankruptcy Code and AEP's due process rights; and (b) does not require Debtor MWDC to provide AEP with any adequate assurance of payment

.

4

In large national cases where debtors are required to deal with hundreds or even thousands of utility companies, it is understandable that a debtor would seek to establish procedures to deal with numerous utility companies instead of following the plain language and the requirements of Section 366(c) of the Bankruptcy Code. Debtor MWDC, however, should not have ignored the requirements of Section 366(c) and AEP's due process rights by seeking an expedited final hearing on the Utility Motion on an *ex parte* basis in a case involving only one utility company, which is AEP. Moreover, Debtor MWDC's filing of the Utility Motion prior to attempting to contact AEP to attempt to resolve its adequate assurance of payment request was an unnecessary waste of the limited financial resources of the Debtors' estate. Finally, the procedures set forth in the Utility Order, which are contrary to the plain requirements of Section 366(c), are simply a waste of time and are merely designed to make it more difficult for AEP to seek and obtain meaningful adequate assurance of payment.

The amount of assurance of payment under paragraph (2) (Section 366(c)(2)) sought by AEP in this case is a two-month cash deposit, a form of adequate assurance of payment expressly set forth in Section 366(c)(1)(A) of the Bankruptcy Code. Accordingly, under the applicable legal standard set forth in Section 366(c), it is Debtor MWDC's burden to present evidence to demonstrate, why, if at all, the amount of AEP's adequate assurance of payment request should be modified. *See **In re Stagecoach Enterprises, Inc.**,* 1 B.R. 732, 734 (Bankr. M.D. Fla. 1979) (holding that the debtor, as the petitioning party at a Section 366 hearing, bears the burden of proof). Courts that have found that the courts retain the same discretion as under Section 366(b), or allow the debtor to pick the form and/or amount of security, simply refuse to follow the plain language of the statute.

5

Debtor MWDC, as a customer of AEP, is aware that: (1) AEP bills Debtor MWDC on a monthly basis in arrears and provides Debtor MWDC with generous trade terms; and (2) is allowed to obtain a deposit to cover the billing exposure. With the foregoing knowledge, Debtor MWDC should be required, at a minimum, to set forth a factual and evidentiary basis why this Court should consider modifying the amount of adequate assurance that AEP is entitled to request. In this case, AEP is requesting a two-month cash deposits in the amount of $27,155 as adequate assurance of payment. For the reasons set forth herein, AEP requests this Court to promptly vacate the Utility Order as to AEP and order Debtor MWDC to immediately provide AEP with adequate assurance of payment in the form of a two-month cash deposit.

## Jurisdiction and Venue

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334(b).

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

3.      Venue of this Motion is proper in this district pursuant to 28 U.S.C. § 1409.

## Facts

## Procedural Facts

4.      On the Petition Date, the Debtors commenced their cases under Subchapter V of Chapter 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5.      The Debtors' chapter 11 bankruptcy cases are being jointly administered.

6.      On November 24, 2021, the Court entered the *Subchapter V Scheduling Order* (Docket No. 21).

6

7.      On November 30, 2021, the Debtors filed the *Notice of Appointment of Subchapter V Trustee* (Docket No. 35).

**The Utility Motion**

8.      On the Petition Date, Debtor MWDC filed the Utility Motion.

9.       Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  In addition, as AEP is a corporation, Rule 7004(b)(3) requires service to be served to "the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ."

10.      The *Certificates of Service* (Docket Nos. 13 and 27) regarding service of the (i) Utility Motion, (ii) Motion For Expedited Hearing, (iii) Order Scheduling Expedited Hearing and (iv) Notice of Expedited Hearing reflect that AEP was supposedly served with those pleadings via Federal Express Priority Overnight to "AEP Ohio, 301 Cleveland Ave., SW, Canton, OH 44702" that is not AEP's principal place of business, but rather an AEP customer service center (the "AEP Customer Service Center").

11.      Because AEP was not properly or timely served with the Utility Motion and Debtor MWDC never attempted to contact AEP, the only utility listed in Exhibit "A" to the Utility Motion, regarding its adequate assurance request prior to the filing of the Utility Motion, AEP had no opportunity to respond to the Utility Motion or otherwise be heard at the *ex parte* hearing on the Utility Motion that took place on December 1, 2021, despite the fact that Section 366(c)(3) (presuming this was the statutory basis for the relief sought by Debtor MWDC) requires that there be "notice and a hearing" to AEP.

7

12.     In the Utility Motion, Debtor MWDC sought to avoid the applicable legal standards under Sections 366(c)(2) and (3) by seeking Court approval for its own form of adequate assurance of payment, which is to provide two week cash deposits to a utility that requests such a deposit in writing, provided that the utility did not already hold a deposit equal to or greater than a two-week deposit amount.  Utility Motion at ¶ 8.  AEP is the only utility listed in Exhibit "A" to the Utility Motion.

13.     In Exhibit "A" to the Utility Motion, Debtor MWDC contends that a two-week average for AEP is $9,231, and that AEP held a prepetition deposit in the amount of $13,635 that shall be deemed to the adequate assurance for AEP.  Debtor MWDC's proposal to provide $0 to AEP because it held a prepetition deposit does not make sense because Debtor MWDC did not know if any prepetition deposit amount held by AEP will remain after AEP exercises rights under Section 366(c)(4) of the Bankruptcy Code to recoup prepetition security against prepetition debt.  Not surprisingly, the foregoing proposal is unacceptable to AEP and should not be considered relevant by this Court because Sections 366(c)(2) and (3) do not allow Debtor MWDC to establish the form or amount of adequate assurance of payment.  Under Sections 366(c)(2) and (3), this Court and Debtor MWDC are limited to modifying, if at all, the amount of the security sought by AEP under Section 366(c)(2).

14.     The Utility Motion did not address why this Court should consider modifying, if at all, the amount of AEP's adequate assurance request pursuant to Section 366(c)(2).  Rather, without providing any specifics, Debtor MWDC contends "that the availability of the Adequate Assurance Deposit" (which is $0), "in conjunction with the Debtor's demonstrated ability to pay for future utility services in the ordinary course of business through the use of debtor-in-

8

possession financing," constitutes adequate assurance of payment for AEP. Utility Motion at ¶ 10.

## The Utility Order

15.     Following the *ex parte* hearing on the Utility Motion that took place on December 1, 2021, the Court entered the Utility Order.

16.     The Utility Order provides, "[t]o the extent not already deposited, within 14 days from entry of this Order, the Debtor shall deposit a sum of approximately $13,635 (the "Adequate Assurance Deposit") into a bank account established by the Debtor, into a current dormant bank account that has been previously established, or into Brouse McDowell's IOLTA account (the "Utility Deposit Account"), for the purpose of providing the Utility Companies with adequate assurance . . ." Utility Order at ¶ 6.

17.     Footnote 1 to Exhibit "A" attached to the Utility Order provides that a supposed existing deposit held by AEP shall be deemed to be the "Adequate Assurance Deposit."

18.     Simply put, the relief granted in the Utility Order does not make sense and should be vacated by the Court for the following reasons:

      a.     Debtor MWDC never sought the Utility Deposit Account as a proposed form of adequate assurance of payment in the Utility Motion;

      b.     It is unclear if Debtor MWDC is actually depositing anything into a Utility Deposit Account because the "existing" deposit held by AEP is deemed to be the "Adequate Assurance Deposit";

      c.     As set forth below, AEP recouped the entire prepetition deposit it held in the amount of $6,481 against prepetition debt totaling approximately $24,179.59 pursuant to Section 366(c)(4) of the Bankruptcy Code;

9

d.    With no prepetition deposit amount remaining after recoupment, AEP will not have any adequate assurance of payment whatsoever pursuant to Section 366 of the Bankruptcy; and

e.    AEP's due process rights were violated through entry of the Utility Order.

**The Debtors' Post-Petition Financing**

19.    On the Petition Date, the Debtors filed the *Motion of Debtors For Interim and Final Orders: (I) Authorizing the Midwest Data Company LLC To Obtain Debtor In Possession Financing; (II) Modifying the Automatic Stay; (III) Approving DIP Loan and Security Agreement With Instantiation LLC; (IV) Setting Final Hearing; and (V) Granting Related Relief* (the "Financing Motion") (Docket No. 3).

20.    Through the Financing Motion, the Debtors seek approval to borrow $350,000 from Instantiation, LLC (the "Lender"). Financing Motion at ¶ 2.

21.    Through the Financing Motion, the Debtors also seek a carve-out for the payment of fees of the Debtors' professional up to an aggregate amount of $150,000, and up to an aggregate amount of $50,000 in fees payable to the Subchapter V Trustee (the "Carve-Out"). Financing Motion at page 3.

22.    On December 2, 2021, the Court entered the *Interim Order: (I) Authorizing Secured Postpetition Financing On a Superpriority Basis Pursuant To Section 364 of the Bankruptcy Code; (II) Modifying the Automatic Stay; and (III) Granting Related Relief* (the "Interim Financing Order")(Docket No. 44).

23.    The Interim Financing Order authorized the Debtors to borrow up to $279,030 on an interim basis. Interim Financing Order at page 5.

10

24.     The Interim Financing Order also approved the Carve-Out.  Interim Financing Order at page 6.

## The Debtors' Bid Procedures Motion

25.     On the Petition Date, the Debtors filed the *Motion For An Order (A)(I) Establishing and Approving Bid Procedures Related To the Sale of Certain of the Debtors' Assets Pursuant to 11 U.S.C. §§ 105(A), Including the Designation of a Stalking Horse Bidder and Related Bid Protections; (II) Approving Contract/Lease Assumption and Assignment Procedures and the Form and Notice Thereof; (III) Scheduling the Auction; (IV) Scheduling a Hearing and Objection Deadline With Respect To the Sale; (V) Approving the Form and Notice Thereof; and (VI) Granting Related Relief; and (B)(I) Authorizing Sale of Certain of Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Interests Pursuant to 11 U.S.C. §§ 105 and 363; and (II) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* (the "Bid Procedures Motion")(Docket No. 6).

26.     The Debtors have received a stalking horse bid from Instantiation LLC to purchase their assets as set forth in the Asset Purchase Agreement.  Bid Procedures Motion at page 6.

27.     On December 1, 2021, the Court entered the *Order (I) Approving Bidding Procedures, (II) Approving Stalking Horse Bid Protections, (III) Approving Contract Assumption and Assignment Procedures and the Form and Manner of Notice Thereof; (IV) Scheduling the Auction, (V) Scheduling and Objection Deadlines With Respect To the Sale, (VI) Approving the Form and Manner of Notice Thereof, and (VII) Granting Related Relief* (the "Bid Procedures Order")(Docket No. 40).

11

28.     The Bid Procedures Order set forth the following Sale Schedule:  (i) December

17, 2021 – deadline for Debtors to file cure notice and serve it on the contract parties; (ii)

December 31, 2021 – bid deadline; (iii) December 31, 2021 – deadline to file Assigned Contract

Objections; (iv) January 3, 2022 – auction (if any); (v) January 10, 2022 – deadline to file

objections to Sale Transaction; and (vi) January 11, 2022 – sale hearing subject to Court

availability.  Bid Procedures Order at page 3.

## Facts Concerning AEP

29.     AEP provided Debtor MWDC with prepetition utility goods/services and has

continued to do so for Debtor MWDC post-petition.

30.     Under AEP's billing cycle, Debtor MWDC receives approximately one month of

utility service before AEP issues a bill for such service.  If Debtor MWDC fails to pay the bill

within approximately 20 days after the bill is issued, a past due notice is issued and a late fee is

subsequently imposed on the account.  If Debtor MWDC fails to pay the bill after the issuance of

the past due notice, AEP issues a notice that informs Debtor MWDC that it must cure the

arrearage within a certain period of time or its service will be disconnected.  Accordingly, under

AEP's billing cycle, Debtor MWDC could receive at least two-months of unpaid service before

their service could be terminated for a post-petition payment default.

31.     In order to avoid the need to bring witnesses and have lengthy testimony

regarding AEP's regulated billing cycle, AEP requests that this Court, pursuant to Rule 201 of

the Federal Rules of Evidence, take judicial notice of the AEP billing cycle.  Pursuant to the

foregoing request and based on the voluminous size of the applicable documents, the AEP web

site link to the tariffs and/or state laws, regulations and/or ordinances obtained at:

12

Ohio - https://www.aepohio.com/lib/docs/ratesandtariffs/Ohio/2021-12-1_AEP_OhioTariff.pdf

32.     Subject to a reservation of AEP's right to supplement its post-petition deposit request if additional accounts belonging to Debtor MWDC are subsequently identified, AEP's estimated prepetition debt and post-petition two-month deposit request is as follows:

| Number of Accts. | Estimated Prepetition Debt | Deposit Request |
|---|---|---|
| 1 | $24,179.69 | $27,155 (2-month) |

33.     Prior to November 24, 2021, AEP held a prepetition deposit in the amount of $13,635. On November 24, 2021, the $13,635 deposit amount was adjusted to $6,481, with the remaining amount of $7,154 applied as a credit to Debtor MWDC's prepetition account with AEP. Pursuant to Section 366(c)(4) of the Bankruptcy Code, AEP recouped the $6,481 deposit against prepetition debt. No prepetition deposit amount remains after recoupment.

## Discussion

**A.      THE AMENDED INTERIM UTILITY ORDER SHOULD BE VACATED AS TO AEP BECAUSE IT WAS ENTERED IN VIOLATION OF AEP'S DUE PROCESS RIGHTS.**

The relief sought by Debtor MWDC in the Utility Motion was in violation of AEP's' due process rights, Rules 7004(b)(3) and 9014 of the Federal Rules of Bankruptcy Procedure and Section 366(c) of the Bankruptcy Code.

**1.      The Utility Motion Was Not Properly Served In Accordance With Rules 7004(b)(3) And 9014 Of The Federal Rules Of Bankruptcy Procedure.**

Bankruptcy Rules 7004 and 9014 require that service of a motion upon a corporation be made by mail to the attention of an officer, a managing or general agent or to any other agent authorized by appointment or by law. Specifically, Rule 4(b)(3) of the Federal Rules of

13

Civil Procedure, made applicable by Bankruptcy Rule 7004, provides for service of process by mail on a corporation as follows:

> Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is on authorized by appointment to receive service and the statute so requires, by also mailing a copy to the defendant.

Courts have held that the notice requirements set forth in Fed. R. Civ. P. 4(b)(3) are to be strictly adhered to and that service of process must be addressed to a specific officer, managing or general agent. *See In re Golden Books Family Entertainment, Inc.*, 269 B.R. 300, 305 (D. Del. 2001) (holding that notices addressed to the "Asst. Controller" were deficient because "they failed to address any of the copies of the notice to a person of authority or to a person authorized to accept service"); *see also In re Schoon*, 153 B.R. 48 (Bankr. N.D. Cal. 1993) (holding that notices addressed to "Attn: President" did not constitute valid service upon an officer and "makes a joke of the requirement that an officer be served."); *Addison v. Gibson Equipment Co., Inc. (In re Pittman Mechanical Contractors, Inc.)*, 180 B.R. 453 (Bankr.E.D.Va.1995) (holding that because "nationwide service of process by first class mail was a rare privilege," notice addressed to "President or Corporate Officer" was improper because no individual was named).

Adequate and timely notice of the filing of a suit is an essential element of our judicial system. As held by the Supreme Court and reiterated by Judge McKelvie in *Golden Books*, "due process of law in any proceeding which is to be accorded finality [requires] notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Rule 4(b)(3) serves to assure that a corporate defendant is placed on actual notice of a suit filed against it and strict compliance

14

with this notice requirement in turn serves to protect its due process rights as well as assure that bankruptcy matters proceed expeditiously. *Pittman Mechanical*, 180 B.R. at 457.

AEP is a corporation.  Therefore, Rule 7004(b)(3) requires service to be served "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . . "  In this case, nothing about the "service" of the Utility Motion pleadings can be considered proper service under any circumstances.  In addition to the Rule 7004(b)(3) requirements, Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  The Debtors have failed to satisfy the foregoing requirements.

The *Certificates of Service* (Docket Nos. 13 and 27) regarding service of the (i) Utility Motion, (ii) Motion For Expedited Hearing, (iii) Order Scheduling Expedited Hearing and (iv) Notice of Expedited Hearing reflect that AEP was supposedly served with those pleadings via Federal Express Priority Overnight to "AEP Ohio, 301 Cleveland Ave., SW, Canton, OH 44702" that is not AEP's principal place of business, but rather an AEP customer service center.

Based on the foregoing, the Utility Order should be vacated as to AEP, and the Utility Motion should be denied as to AEP because neither the Utility Motion nor any other pleadings relating to the Utility Motion were properly served on AEP pursuant to Rules 7004(b)(3) and 9014 of the Federal Rules of Bankruptcy Procedure.

> **2.**    **Section 366 Of The Bankruptcy Code**

With respect to Section 366(c) of the Bankruptcy Code, it specifically requires that any Motion under Section 366(c)(3)(A) be set after notice and a hearing.  Moreover, Section 366(c) of the Bankruptcy Code provides the Debtors with thirty (30) days to provide their utilities with

15

adequate assurance of payment. Many other bankruptcy courts are able to schedule final hearings on Section 366 Motions within the thirty day period of Section 366(c) without depriving utilities of notice and an opportunity to be heard. Accordingly, based on all of the foregoing, it is clear that AEP never received proper or reasonable notice of the expedited final hearing on the Utility Motion that took place on December 1, 2021, thereby depriving AEP of the opportunity to prepare for and attend the hearing that resulted in the entry of a final Utility Order as to AEP. Therefore, the Court should vacate the Utility Order as to AEP, and permit AEP to be heard on the issues raised in the Utility Motion and in this Motion.

**B.     THE UTILITY ORDER SHOULD BE VACATED AS TO AEP BECAUSE THE RELIEF PROVIDED IS NOT IN ACCORD WITH SECTION 366(c) OF THE BANKRUPTCY CODE.**

Sections 366(c)(2) and (3) of the Bankruptcy Code provide:

> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility;

> (3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

As set forth by the United States Supreme Court, "[i]t is well-established that 'when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.'" *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (*quoting Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S. Ct., 1942, 147 L. Ed. 2d 1 (2000)). *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir. 1997) ("Statutes . . . must be read in a 'straightforward' and 'commonsense' manner."). A plain reading of Section 366(c)(2) makes clear that a debtor is required to provide adequate assurance of payment satisfactory to its

16

utilities on or within thirty (30) days of the filing of the petition. If a debtor believes the **<u>amount</u>** of the utility's request needs to be modified, then the debtor can file a motion under Section 366(c)(3) requesting the court to modify the **<u>amount</u>** of the utility's request under Section 366(c)(2).

In this case, Debtor MWDC filed the Utility Motion to improperly shift the focus of its obligations under Section 366(c)(3) from modifying the amount of the adequate assurance of payment requested under Section 366(c)(2) to setting the form and amount of the adequate assurance of payment acceptable to Debtor MWDC. Accordingly, this Court should not reward Debtor MWDC for its failure to comply with the requirements of Section 366(c), and vacate the Utility Order as to AEP. *See In re Viking Offshore (USA), Inc.*, 2008 WL 782449 at *3 (Bankr. S.D. Tex. Mar. 20, 2008) ("The relief requested by Debtors would reverse the burden, by making an advance determination that the proposed assurance was adequate. . . . the court lacks the power to reverse the statutory framework for provision of adequate assurance of payment."); s*ee also In re Pilgrim's Pride Corporation*, Case No. 08-45664 (DML)(Docket No. 447), United States Bankruptcy Court For the Northern District of Texas, *Memorandum Order* entered on January 5, 2009 (Denying debtors' motion seeking to establish adequate assurance of payment).

Moreover, in the Utility Motion, Debtor MWDC failed to address why this Court should modify the amount of AEP's request for adequate assurance of payment. Under Section 366(c)(3), Debtor MWDC has the burden of proof as to whether the amount of AEP's adequate assurance of payment request should be modified. *See In re Stagecoach Enterprises, Inc.***,** 1 B.R. 732, 734 (Bankr. M.D. Fla. 1979) (holding that the debtor, as the petitioning party at a Section 366 hearing, bears the burden of proof). However, Debtor MWDC did not provide the Court with any evidence or factually supported documentation to explain why the

amount of AEP's adequate assurance request should be modified. Accordingly, the Court

should vacate the Utility Order as to AEP and require Debtor MWDC to comply with the

requirements of Section 366(c) with respect to AEP.

> **C.    THE COURT SHOULD ORDER DEBTOR MWDC TO PROVIDE THE ADEQUATE ASSURANCE OF PAYMENT REQUESTED BY AEP PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE.**

Section 366(c) was amended to overturn decisions such as *Virginia Electric and Power*

*Company v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997), that held that an administrative expense,

without more, could constitute adequate assurance of payment in certain cases. Section

366(c)(1)(A) specifically defines the forms that assurance of payment may take as follows:

> (i) a cash deposit;
> (ii) a letter of credit;
> (iii) a certificate of deposit;
> (iv) a surety bond;
> (v) a prepayment of utility consumption; or
> (vi) another form of security that is mutually agreed upon between the utility and
the debtor or the trustee.

Section 366 of the Bankruptcy Code was enacted to balance a debtor's need for utility

services from a provider that holds a monopoly on such services, with the need of the utility to

ensure for itself and its rate payers that it receives payment for providing these essential services.

*See In re Hanratty*, 907 F.2d 1418, 1424 (3d Cir. 1990). The deposit or other security "should

bear a reasonable relationship to expected or anticipated utility consumption by a debtor." *In re*

*Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986). In making such a

determination, it is appropriate for the Court to consider "the length of time necessary for the

utility to effect termination once one billing cycle is missed." *In re Begley*, 760 F.2d 46, 49 (3d

Cir. 1985).

AEP bills Debtor MWDC on a monthly basis for the charges already incurred by Debtor MWDC in the prior month. AEP then provides Debtor MWDC with 20 days to pay the bill, the timing of which is set forth in applicable state laws, tariffs, and/or regulations. Based on the foregoing state-mandated billing cycle, the minimum period of time that Debtor MWDC could receive service from AEP before termination of service for non-payment of post-petition bills is approximately two (2) months. Moreover, even if Debtor MWDC timely pays its post-petition utility bills, AEP still has potential exposure of approximately 60 days or more based on its billing cycle. Furthermore, the amount of AEP's deposit request is the amount that the applicable public service commission, which is a neutral third-party entity, permits AEP to request from its customers. AEP is not taking the position that the deposit that it is entitled to obtain under applicable state law is binding on this Court, but, instead is introducing that amount as evidence of the amount that the applicable regulatory entity permits AEP to request from its customers.

In contrast to the improper treatment proposed to AEP, the Debtors have made certain that post-petition professionals are favored creditors over AEP by ensuring that the post-petition bills/expenses of Debtors' counsel are paid by seeking a $150,000 professionals carve-out for the payment of their fees/expenses. Furthermore, Debtor MWDC does not provide an objective, much less an evidentiary, basis for its proposed adequate assurance to AEP in the form of $0. Despite the fact that AEP continues to provide Debtor MWDC with crucial post-petition utility goods/services on the same generous terms that were provided prepetition, with the possibility of non-payment, Debtor MWDC has obtained authority through entry of the Utility Order to deprive AEP of any adequate security for which AEP is entitled to for continuing to provide Debtor MWDC with post-petition utility goods/services. Against this factual background, it is

19

reasonable for AEP to seek and be awarded the full security it is seeking. The bottom line is that if Debtor MWDC wants to continue to receive AEP's generous trade terms established by the Tariffs (i.e. bills issued monthly in arrears with due dates 20 days thereafter before a late fee may be imposed), it needs to provide AEP with adequate assurance of payment for the provision of post-petition utility goods/services to Debtor MWDC.

WHEREFORE, AEP respectfully requests that this Court enter an order:

(I)     Vacating the Utility Order as to AEP;

(II)    Denying the Utility Motion as to AEP;

(III)   Awarding AEP the post-petition adequate assurance of payment deposits it has requested from Debtor MWDC herein;

(IV)   Awarding such other and further relief as the Court deems just and appropriate; and

(V)    Scheduling a prompt hearing on this Motion.

(VI)   A proposed Order is attached as Exhibit A.

Dated: December 9, 2021                 Respectfully submitted,

                                        /s/ Paul J. Schumacher
                                        Paul J. Schumacher, Esq.  (0014370)
                                        Dickie, McCamey & Chilcote, P.C.
                                        600 Superior Avenue East
                                        Fifth Third Center, Suite 2330
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 685-1827
                                        Facsimile:  (888) 811-7144
                                        Email:  pschumacher@dmclaw.com

                                        and

20

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862
E-mail:  russj4478@aol.com

*Counsel for Ohio Power Company d/b/a American Electric Power*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2021 a true and correct copy of the foregoing *Motion* was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Marc B. Merklin
Julie K. Zurn
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Email: mmerklin@brouse.com, jzurn@brouse.com
*Debtors' Counsel*

Frederic P. Schweig
2705 Gibson Drive
Rocky River, Oho 44116-3008
Email: fschwieg@schweighlaw.com
*Subchapter V Trustee*

Kate M. Bradley
U.S. Department of Justice
201 Superior Avenue E, #441
Cleveland, Ohio 44114
Email: kate.m.bradley@usdoj.gov

/s/ Paul J. Schumacher
Paul J. Schumacher, Esq. (0014370)
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
Telephone: (216) 685-1827
Facsimile: (888) 811-7144
Email: pschumacher@dmclaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **Squirrels Research Labs LLC,** *et al.* | ) | **Case No. 21-61491** |
| | ) | **(Jointly Administered)** |
| Debtor. | ) | |
| | ) | **Judge Russ Kendig** |

**ORDER GRANTING MOTION AND MEMORANDUM OF OHIO POWER COMPANY**
**d/b/a AMERICAN ELECTRIC POWER TO:  (I) VACATE, AND/OR**
**RECONSIDER, AND/OR MODIFY ORDER: (A) PROHIBITING UTILITIES**
**FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR**
**DISCRIMINATING AGAINST, THE DEBTOR ON ACCOUNT OF PREPETITION**
**INVOICES; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY**
**ASSURED OF FUTURE PAYMENT; AND (C) ESTABLISHING PROCEDURES FOR**
**DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE; AND (B)**
**DETERMINE ADEQUATE ASSURANCE OF PAYMENT AS TO THE UTILITIES**

UPON CONSIDERATION of the Motion of Ohio Power Company d/b/a American

Electric Power ("AEP") to (A) vacate and/or reconsider, and/or modify the *Order:  (A)*

*Prohibiting Utilities From Altering, Refusing or Discontinuing Services To, or Discriminating*

*Against, the Debtor on Account of Prepetition Invoices; (B) Determining That the Utilities Are*

*Adequately Assured of Future Payment; and (C) Establishing Procedures For Determining*

*Requests For Additional Assurance* (the "Utility Order") (Docket No. 41), and (B) determine

adequate assurance of payment to the Utilities pursuant to 11 U.S.C. Section 366(c) (the

"Motion"), it is hereby

Exhibit A
23

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED in all respects.

2.      The Utility Order is VACATED as to AEP.

3.      Within three (3) business days of entry of this Order, Debtor Midwest Data Company LLC shall provide AEP with a cash deposit in the amount of $27,155 as adequate assurance within the meaning of Section 366(c) of the Bankruptcy Code, and send it to the following person and address: American Electric Power, Attn:  Dwight C. Snowden, 1 Riverside Plaza, 13th Floor, Columbus, Ohio 43215.

4.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


SUBMITTED BY:

/s/ Paul J. Schumacher
Paul J. Schumacher, Esq.  (0014370)
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio  44114
Telephone:  (216) 685-1827
Facsimile:  (888) 811-7144
Email:  pschumacher@dmclaw.com
*Counsel for Ohio Power Company d/b/a American Electric Power*

24

## SERVICE LIST

Marc B. Merklin
Julie K. Zurn
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Email:  mmerklin@brouse.com, jzurn@brouse.com
*Debtors' Counsel*

Frederic P. Schweig
2705 Gibson Drive
Rocky River, Oho 44116-3008
Email:  fschwieg@schweighlaw.com
*Subchapter V Trustee*

Kate M. Bradley
U.S. Department of Justice
201 Superior Avenue E, #441
Cleveland, Ohio 44114
Email:  kate.m.bradley@usdoj.gov

###