In re:  Case No. 21-61491-rk

Squirrels Research Labs LLC  Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-6 | User: lbald | Page 1 of 2
Date Rcvd: Dec 09, 2021 | Form ID: pdf958 | Total Noticed: 4

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Squirrels Research Labs LLC, 8050 Freedom Avenue NW, North Canton, OH 44720-6912 |
| aty | + | Jason R. Schendel, Sheppard, Mullin, Richter & Hampton LLP, Four Embardadero Center, Seventeenth Floor, San Francisco, CA 94111-4106 |
| cr | + | Avnet, Inc., c/o Christopher Combest, Quarles & Brady LLP, 300 N. LaSalle Street, Suite 4000 Chicago, IL 60654-5427 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion09.cl.ecf@usdoj.gov | Dec 09 2021 20:41:00 | United States Trustee, Office of the U.S. Trustee, H.M. Metzenbaum U.S. Courthouse, 201 Superior Avenue East Suite 441, Cleveland, OH 44114-1234 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Instantiation LLC |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 9, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Christopher Paul Combest | |

| | |
|---|---|
| | on behalf of Creditor Avnet Inc. christopher.combest@quarles.com |
| Frederic P. Schwieg | fschwieg@schwieglaw.com |
| Jeannie Kim | on behalf of Interested Party Instantiation LLC JeKim@sheppardmullin.com dgatmen@sheppardmullin.com |
| John C. Cannizzaro | on behalf of Interested Party Instantiation LLC John.Cannizzaro@icemiller.com lauren.prohaska@icemiller.com |
| Julie K. Zurn | on behalf of Debtor Squirrels Research Labs LLC jzurn@brouse.com tpalcic@brouse.com |
| Kate M. Bradley ust44 | on behalf of U.S. Trustee United States Trustee kate.m.bradley@usdoj.gov |
| Marc Merklin | on behalf of Debtor Squirrels Research Labs LLC mmerklin@brouse.com tpalcic@brouse.com;mmiller@brouse.com |

TOTAL: 7

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:42 AM December 9, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21- 61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

### FINAL ORDER: (I) AUTHORIZING SECURED POSTPETITION FINANCING ON A SUPERPRIORITY BASIS PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE; (II) APPROVING DIP LOAN AND SECURITY AGREEMENT WITH INSTANTIATION LLC; AND (III) GRANTING RELATED RELIEF

This matter coming before the Court on the Motion of Debtors (each a "Debtor" and collectively, the "Debtors") for entry of interim and final orders: (i) authorizing secured postpetition financing to Debtor The Midwest Data Company LLC ("MWDC") on a superpriority basis pursuant to section 364 of Title 11 of the United States Code (the "Bankruptcy Code") and the terms and conditions of the Interim Order; (ii) modifying the automatic stay pursuant to section

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

362 of the Bankruptcy Code; (iii) approving MWDC's DIP Loan and Security Agreement with Instantiation LLC ("Instantiation" or "Lender"); (iv) setting a Final Hearing; and (v) granting such other and further relief as this Court deems necessary and proper.

After a hearing held on December 1, 2021, the Court granted the Motion on an interim basis (Docket No. 44); the Court held a final hearing on December 9, 2021; and after consideration of the legal and factual bases set forth in the Motion, the statements made by the parties in interest at the Hearing, the Court determines that just cause has been shown for the relief granted herein, and accordingly hereby makes these following findings of fact and conclusions of law:

IT IS HEREBY FOUND,

    A.    Debtors filed voluntary petitions for relief under subchapter V of Chapter 11 of the Bankruptcy Code on November 23, 2021 (the "Petition Date"), and thereafter Debtors have continued in the management and possession of their businesses and property as debtors-in-possession pursuant to section 1184 of the Bankruptcy Code.

    B.    This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtors' Chapter 11 Cases in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D), and (O), in which the Court may enter a final order.

    C.    Service of the Motion and notice of Final Hearing was adequate and sufficient under the particular circumstances, for purposes of Sections 102(1), 105, 361, and 364 of the Bankruptcy Code and Rules 2002, 4001, 9007, 9013, and 9014 of the Bankruptcy Rules and other applicable law and rules of Court.

    D.    Pursuant to Section 364 of the Bankruptcy Code, the Debtors request that this Court grant it authority to obtain the DIP Loan (defined below), in an amount of to $350,000, as well as approval of the Loan Documents (defined below).

E. Instantiation is willing to advance a loan not to exceed a maximum amount of $350,000 to MWDC (the "DIP Loan") pursuant to the terms of the Debtor in Possession Loan and Security Agreement attached to the Motion as Exhibit B (the "Loan Agreement"), and a promissory note in the form attached to the Motion as Exhibit C (collectively, the "Loan Documents"), which in general: (i) provide financing to MWDC in the amount of $350,000; (ii) allow the Debtors to have the cash necessary to operate their businesses; and (iii) grant Instantiation a superpriority administrative expense claim; and (iv) grant Instantiation security in MWDC's Collateral (as defined in the Loan Agreement), which security is: (a) subject to a Carve Out (as defined in the Loan Agreement) for certain administrative fees and expenses, including fees and expenses for the Debtors' professionals and the subchapter V trustee; and (b) subordinate and junior in right of payment to the Avnet Secured Claim.

F. Given the Debtors' current financial condition, financing arrangements and capital structure, the Debtors assert they cannot obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense. Financing on a post-petition basis is not otherwise available without: (i) granting, pursuant to Section 364(c)(1) of the Bankruptcy Code, a claim having priority over any and all administrative expenses of the kinds specified in Sections 503(b) and 507(b) of the Bankruptcy Code and otherwise; and (ii) securing, pursuant to Section 364(c) and (d) of the Bankruptcy Code, such indebtedness and obligations with security interests in and liens on the Collateral as provided below and in the Loan Documents.

G. The Lender is willing to provide the DIP Loan subject to the conditions set forth herein and in the Loan Documents, including, without limitation, execution by MWDC of the Promissory Note and Loan and Security Agreement attached the Motion, and pursuant to the provisions of this Order, assuring that the Post-Petition Liens (as defined hereinafter) and the various claims, superpriority claims and other protections granted pursuant to this Order and the

DIP Loan will not be affected by any subsequent reversal or modification of this Order or any other order which is applicable to the DIP Loan, as provided in Section 364(e) of the Bankruptcy Code.

      H.      The proposed DIP Loan is subject to, and Lender is entitled to the benefits of, Section 364(e) of the Bankruptcy Code. The terms of the Loan Documents between MWDC and Lender pursuant to which the DIP Loan and other credit accommodations may be made or provided to Debtor by Lender were negotiated in good faith and at arm's length, within the meaning of Section 364(e) of the Bankruptcy Code, and such terms and agreements are in the best interests of the Debtors, their creditors and their estates.

      I.      A critical need exists for MWDC to borrow funds under the provisions of the DIP Loan. Without working capital available, the Debtors will be unable to meet the expenses needed to preserve and maintain property of the estate and prepare the property for the pending sale in a manner that will avoid irreparable harm to the Debtors' estate and creditors. It is in the best interests of the Debtors' creditors and estates that the DIP Loan be approved.

      J.      Debtors assert that they are unable to obtain necessary financing in the form of unsecured credit or unsecured debt allowable under Section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to Section 364(a) or (b) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

      1.      The Motion is **GRANTED** to the extent set forth herein. This Final Order shall become effective immediately upon its entry.

      2.      The DIP Loan is hereby approved, and MWDC is expressly authorized, empowered and directed to execute and deliver the Loan Documents and all other documents and to perform its obligations hereunder and thereunder in accordance with, and subject to, the terms of this Order and the DIP Loan. MWDC is hereby authorized and directed to pay the fees and other expenses

described in the DIP Loan as such become due. Upon execution and delivery of the DIP Loan Documents, the DIP Loan shall constitute a valid and binding obligation of MWDC, enforceable against MWDC in accordance with its terms.

3. From and after the Petition Date and subject to the terms and conditions of this Order and the DIP Loan, MWDC is hereby authorized to borrow funds pursuant to the terms and provisions of the DIP Loan and this Order, up to the principal amount of $350,000, with the expectation that draw requests by MWDC will be reduced by amounts actually collected from customers during this period.

4. As security for all loans, advances and any other indebtedness or obligations, contingent or absolute, which may now or from time to time hereafter be owing by MWDC to the Lender under the Loan Documents or hereunder, including, without limitation, all principal and accrued interest, costs, fees and expenses (the "DIP Obligations") MWDC is hereby authorized and directed to grant to the Lender, valid, binding, enforceable and perfected liens (the "DIP Liens") pursuant to Section 364(c)(2) of the Bankruptcy Code as follows: a perfected first-priority security interest in and lien against the Collateral (as defined in the Loan Documents) that is: (i) subject to the Carve Out; (ii) subordinate and junior in right of payment to the Avnet Secured Claim; and (iii) subordinate to any pre-petition mechanic's lien, artisans' liens, or tax liens, to the extent any such liens exist.

5. The automatic stay of Section 362(a) of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to permit Instantiation to receive, collect and apply payments and proceeds with respect to the Collateral and to execute and record security agreements and loan documents executed in accordance with the terms and provisions of this Order and the DIP Loan.

6. The Lender shall have no obligation to make any loan or advance under the DIP Loan unless the conditions precedent to the making of such loan or advance set forth in the Loan Documents are satisfied.

7. Instantiation's security interests and liens in the Collateral shall: (i) at all times be senior to the rights of the Debtors; and (ii) be subordinate only to the Carve Out, Avnet Secured Claim, and any pre-petition mechanic's lien, artisans' liens, or tax liens, to the extent any such liens exist. The security interests and liens granted to Instantiation herein shall not be made on a parity with, or subordinated to, any other security interest or lien, except as provided in this Order and except for valid, perfected and unavoidable prepetition liens, the priority of which shall not be changed or affected by this Order. To the extent that they are senior and first priority as of the Petition Date, Instantiation's security interests, liens, and mortgages in the Collateral shall at all times remain senior and first priority.

8. A "Carve Out" may be taken from the Collateral for: (i) the payment of fees and expenses of professionals retained by Debtors up to an aggregate amount not to exceed $150,000; (ii) fees payable to the subchapter V trustee up to an aggregate amount not to exceed $50,000; and (iii) fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), if any.

9. If Instantiation hereafter requests MWDC to execute and deliver to Instantiation financing statements or other instruments or documents considered by Instantiation to be necessary or desirable to further evidence the perfection of the liens and security interests granted in this Order, MWDC is hereby authorized and directed to execute and deliver those financing statements, instruments, and documents. Instantiation may, in its sole discretion, file financing statements, mortgages, notices of lien or similar instruments or otherwise confirm perfection of such liens, security interests, and mortgages without seeking modification of the automatic stay under Section

362 of the Bankruptcy Code and all such documents shall be deemed to have been filed or recorded as of the Petition Date.

10. Subject to the applicable provisions of the Bankruptcy Code and except for the Carve Out, no costs or expenses of administration that have been or may be incurred in these proceedings, or in any conversion of these proceedings pursuant to Section 1112 of the Bankruptcy Code or otherwise, or in any other proceedings related thereto, and no priority claims are or will be prior to or on a parity with the claims of Instantiation against MWDC or any successor debtor in possession or trustee or with the security interests and liens of Instantiation upon the Collateral; and except as expressly set forth herein, no such cost or expense of administration shall be imposed against Instantiation or the Collateral.

11. The Debtor may use the proceeds of the DIP Loan for the purposes set forth in the Loan Documents and the budget attached to the Interim Order to the maximum amount of $350,000. The Debtors shall provide to Instantiation, the subchapter V trustee, and counsel for the United States Trustee: (i) copies of the monthly operating reports filed in these cases; (ii) reasonable priority access to the Debtors' books, records and management personnel; and (iii) such other items as agreed or as required by further order of the Court.

12. Nothing contained herein shall create or limit the rights of Instantiation to: (i) seek relief from the automatic stay of Section 362 of the Bankruptcy Code at any future time; (ii) request a conversion of any or all of the Debtors' Chapter 11 cases to Chapter 7 or the appointment of a trustee or an examiner under Section 1104 of the Bankruptcy Code; or (iii) take any other action allowed under the Bankruptcy Code. No stipulations set forth herein shall be binding on any party other than the Debtors and any successor Chapter 7 or 11 trustees to the extent legally permissible.

13. The automatic stay provisions of Section 362 of the Bankruptcy Code are hereby modified as to Instantiation to the extent necessary to implement the terms of this Order.

14. The Debtors shall not seek or consent to, directly or indirectly any modification, stay, vacation or amendment to this Order.

15. MWDC shall indemnify and hold harmless the Lender and its respective shareholders, directors, agents, officers, subsidiaries and affiliates, successors and assigns from and against any and all claims, actions and suits, whether groundless or otherwise, and from and against any and all liabilities, losses, damages and reasonable expenses of every nature and character arising out of the DIP Loan or the transactions contemplated thereby, pursuant to the terms of the Loan Documents and as further described therein.

16. The provisions of this Order shall be binding upon and inure to the benefit of the Lender and the Debtors and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtors or with respect to the property of the estate of the Debtors) whether in these Chapter 11 Cases, in any subsequent cases under Chapter 7 of the Bankruptcy Code or upon dismissal of any such Chapter 11 or Chapter 7 case.

17. Based on the findings set forth in this Order and in accordance with Section 364(e) of the Bankruptcy Code, which is applicable to the Loan Documents contemplated by this Order, in the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other Court, no such modification, amendment or vacation shall affect the validity and enforceability of any Lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted to the Lender hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order, and the Lender, as the case may be, shall be entitled to all of the rights, remedies, privileges and benefits, including the Postpetition Liens and Super Priority Claims granted herein, with respect to any such claim.

18. The Debtors shall serve a copy of this Final Order upon the Notice Parties within two (2) business days after entry of this Final Order.

# # #

SUBMITTED BY:

/s/*Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Proposed Counsel for Debtors
and Debtors in Possession*