UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

### NOTICE OF ESTABLISHMENT OF GENERAL BAR DATE AND GOVERNMENT BAR DATE FOR FILING PROOFS OF CLAIM AGAINST THE BANKRUPTCY ESTATE

**THIS NOTICE DESCRIBES IMPORTANT DEADLINES AND PROCEDURES THAT AFFECT YOUR LEGAL RIGHTS. YOU MAY WISH TO CONSULT WITH AN ATTORNEY TO PROTECT YOUR RIGHTS.**

**PLEASE TAKE NOTICE THAT**, on November 23, 2021 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court"). The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code section 1184.

### BAR DATES

The Bankruptcy Court and Judge presiding over the above-captioned chapter 11 cases entered an *Order Establishing General and Government Claims Bar Dates and Approving Form and Manner of Notice Thereof* on December 21, 2021 [Doc # 84] (the "Bar Date Order"), establishing (i) **February 20, 2022**, which is 60 days after service of the Bar Date Order as the deadline for creditors of the Debtors to file general proofs of claim against any of the Debtor's estate (the "General Bar Date") and (ii) **May 22, 2022** as the deadline for governmental units to file proofs of claim against any of the Debtor's estate (the "Government Bar Date"). A proof of claim is a signed statement describing a creditor's claim. Creditors receiving this notice by mail should receive a proof of claim form customized for this case.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

1

## Claims Covered by the Bar Dates

Under the Bankruptcy Code and as utilized in this notice and the Bar Date Order, the term "claim" has been given the broadest possible definition, and includes any right to payment, whether in contract, tort, or by statute, and whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, priority, or unsecured as of the Petition Date.

The Debtors filed their Schedules of Assets and Liabilities (the "Schedules") with the Bankruptcy Court on December 7, 2021. The Schedules may be amended from time to time. The Schedules and any amendments thereto may be viewed on the Bankruptcy Court's website at https://ecf.ohnb.uscourts.gov/, through an account obtained from PACER Service Center at 1-800-676-6856. The copies of the Schedules and Bar Date Order may be obtained free of charge by contacting Brouse McDowell, LPA, attn. Theresa M. Palcic, 388 S. Main St, Suite 500, Akron, Ohio 44311, tpalcic@brouse.com, 330.535.5711. If your claim is listed in the Schedules and is not listed as disputed, contingent, or unliquidated, your claim will be allowed against the Debtors in the amount scheduled unless you have agreed otherwise, your claim has been paid, you file a proof of claim, or you are sent further notice about the claim.

You **must** file a proof of claim on or before the General Bar Date if you assert a claim against the Debtors and if:

(a) your claim has not been listed by the Debtors in the Schedules;

(b) you disagree with the amount of the claim scheduled by the Debtors in the Schedules;

(c) the Debtors have scheduled your claim as disputed, contingent, or unliquidated;

(d) you believe your claim to be a secured claim, and the Debtors have not so scheduled your claim;

(e) you believe your claim to be entitled to priority under the Bankruptcy Code, and the Debtors have not so scheduled your claim;

**(f) you have a claim arising, or deemed to have arisen, under Bankruptcy Code section 503(b)(9) (i.e., claims for the value of goods received by any of the Debtors within twenty (20) days prior to the Petition Date)**; or

(g) your claim arises out of the obligation of such person or entity under a contract for the provision of liability insurance to the Debtors.

For claims arising from the rejection of executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, the last day to file a proof of claim is the later of either (i)

the General Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the claimant is served with a notice of an order approving the rejection of an executory contract or unexpired lease or (b) notice of rejection of an executory contract or unexpired lease in accordance with any procedural order entered by the Bankruptcy Court.

If you are a <u>governmental unit</u> asserting a claim against the Debtors' estate subject to the **Government Bar Date**, you must file a claim on or before May 22, 2022, if:

(a) you have a secured, unsecured priority, or unsecured nonpriority claim that arose prior to or on the Petition Date, <u>including</u> any claims you have against the Debtors for unpaid taxes, and whether such claims arise from prepetition tax years or periods or prepetition transactions to which either of the Debtors was a party.

**If you fail timely to file a proof of claim** by the General Bar Date, or in the case of governmental units, by the Government Bar Date, and your claim is not scheduled, is scheduled for $0.00, or is scheduled as disputed, unknown, contingent, or unliquidated in the Schedules:

(a) Your claim will be disallowed and you will not receive any distribution under any Chapter 11 plan that may be confirmed in this case; and

(b) You nevertheless will be bound by the terms of any Chapter 11 plan that may be confirmed in this case.

### Claims Not Covered by the Bar Dates

The following persons and entities need **not** file a proof of claim by the General Bar Date or, if applicable, the Government Bar Date:

(a) Any person or entity whose claim is allowable under Bankruptcy Code sections 503(b) and 507(a) as an expense of administration (**other than any claim allowable under Bankruptcy Code section 503(b)(9)**);

(b) Any person or entity who has already properly filed, with the Clerk of the Bankruptcy Court, a proof of claim against the Debtor using a claim form customized for the case or which substantially conforms to Official Form No. 410;

(c) Any person or entity whose claim has been allowed by, or paid pursuant to, an order of the Bankruptcy Court entered on or before the Bar Date;

(d) Any holder for which specific deadlines have previously been fixed by the Court;

(e) Any person or entity whose claim is listed on a Debtor's Schedules, and the claim is <u>not</u> described on the Schedules as (i) "disputed," "contingent," "unliquidated," "unknown" or assigned a zero amount, and (ii) such person or entity agrees with the amount, nature and priority of the claim as set forth in

the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules; or

(f) Any person or entity whose claim is against another corporation affiliated with the Debtors.

### Instructions for Filing Proofs of Claim and Consequences for Failure to Timely File Claim

Failure to timely or properly file a proof of claim in accordance with the Bar Date Order shall (a) constitute grounds for disallowance of such claim; (b) render the creditor ineligible to vote with respect to any Chapter 11 plan filed in the Debtors' Chapter 11 case or to receive any distributions under any confirmed Chapter 11 plan; and (c) render the creditor bound by the terms of any confirmed Chapter 11 plan.

Each creditor and recipient of this notice and their respective agents and attorneys have an affirmative duty to review this notice, and timely file any proof of claim on or before the General Bar Date or, as applicable, the Government Bar Date, or be forever barred from filing or asserting any such claim. Each creditor and recipient of this notice is personally responsible for reviewing this notice and timely filing any proof of claim and should not rely upon their respective agents and attorneys to meet the deadlines specified in this notice.

**GENERAL AND GOVERNMENT PROOFS OF CLAIM MUST BE FILED SO THAT THEY ARE ACTUALLY RECEIVED BY THE CLERK OF COURT ON OR BEFORE EITHER THE GENERAL BAR DATE OR, IF APPLICABLE, THE GOVERNMENT BAR DATE.** Proofs of claim may be filed electronically using the Court's ECF system. Proofs of claim also may be filed by mail addressed to:

Office of the Clerk
Ralph Regula Federal Building and U.S. Courthouse
401 McKinley Ave. SW
Canton, Ohio 44702

Proofs of claim may not be delivered by facsimile or telecopy. Proofs of claim may also be delivered through the Court's Electronic Proof of Claim System available at https://www.ohnb.uscourts.gov/epoc-information. You are encouraged to use the enclosed proof of claim form.

Proofs of claim must be filed in the English language and, pursuant to Bankruptcy Code section 502(b), amounts due shall be stated in lawful currency of the United States as of the Petition Date. You should attach to your completed proof of claim form copies of any writings upon which your claim is based. **Do not file your proof of claim with, or send copies of proofs of claim to, the Debtor.** Pursuant to the Bar Date Order, proofs of claim not filed with (i.e., actually received by) the Clerk of Court by the applicable deadline may be deemed not to be properly or timely filed. To receive an acknowledgment that your proof of claim has been received by the Clerk and filed, you must provide with your original proof of claim one additional copy and a postage-paid, self-addressed envelope.

Any holder of a claim against Debtors who is required, but fails, to file a proof of such claim in accordance with this Order on or before the General Bar Date or Governmental Bar Date, as applicable: (i) may be forever barred, estopped, and permanently enjoined from asserting such claim in these Chapter 11 case against Debtors, their successors, or their property (and from filing a proof of claim with respect thereto), and Debtors, their successors, or their property may, upon a confirmed Chapter 11 reorganization plan becoming effective, be forever discharged from any and all indebtedness or liability with respect to such claim; (ii) may not be treated as a creditor (as defined in section 101(10) of the Bankruptcy Code) with respect to such claim for purposes of voting and distribution under any plan of reorganization or liquidation filed in this Chapter 11 case; and (iii) may not be entitled to receive further notices regarding such claim; provided, however, that a holder of a claim shall be able to assert, vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, as any undisputed, noncontingent and liquidated claims identified in the schedules on behalf of such holder.

ANY PROOF OF CLAIM PREVIOUSLY FILED WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE MAILING OF THIS NOTICE THAT SUBSTANTIALLY CONFORMS TO THE PROOF OF CLAIM FORM ATTACHED HERETO OR OFFICIAL FORM NO. 410 SHALL BE DEEMED TO BE, AND SHALL BE TREATED AS, A PROPERLY FILED CLAIM SUBJECT TO THE RIGHT OF THE DEBTOR OR ANY PARTY IN INTEREST TO OBJECT TO THE ALLOWANCE THEREOF. NO ADDITIONAL PROOF OF CLAIM IS REQUIRED.

### Amendments to Claims, Amendments to Schedules, and Claim Transfers

After the deadline for filing claims, a creditor may not seek to amend a claim deemed filed on its behalf under Bankruptcy Code section 1111(a) by virtue of the listing of such claim by the Debtors in their Schedules if such amendment increases the amount of the claim.

Following notice of any amendment to the Schedules reducing the amount of a scheduled claim, or that reclassifies a scheduled, undisputed, liquidated, or non-contingent claim as disputed, unliquidated, or contingent, any creditor so affected shall have until the later of (i) the General Bar Date, or Government Bar Date as applicable or (ii) the first business day that is at least thirty (30) calendar days after the claimant is served with the notice of such amendment in accordance with Bankruptcy Rule 1009(a), to file a proof of claim; provided, however, that following the General Bar Date or Government Bar Date as applicable, proofs of claim filed as a result of amendments to the Schedules shall be limited in amount to the amount previously scheduled by the Debtor, unless the creditor has otherwise timely filed a proof of claim. No extension of time is granted if the Debtors' amendment to the Schedules increases the claim deemed filed under Bankruptcy Code section 1111(a). Amendments to the Schedules regarding creditors who previously have filed proofs of claim shall not affect any proof of claim already on file. Nothing set forth herein shall be deemed to preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

If a timely filed claim is transferred, the transferee must file a notice of transfer of the claim with the Clerk of Court, in accordance with Bankruptcy Rule 3001(e), and serve a copy of the notice of transfer on the Debtors' counsel addressed to: Brouse McDowell, LPA, Attn: Julie K. Zurn, Esq., 388 S. Main Street, Suite 500, Akron, Ohio 44311.

## EQUITY INTEREST HOLDERS

Pursuant to Bankruptcy Rule 3003(b)(2), it is not necessary for an equity security holder to file a proof of interest based solely upon such interest; <u>provided, however</u>, that if an equity security holder asserts any rights as a creditor holding a claim against any of the Debtors, including any claim arising out of or relating to the ownership, sale, issuance, or purchase of an equity interest in the Debtors, a proof of claim is required to be filed on or before the General Bar Date or Government Bar Date as applicable, except as otherwise set forth herein.

**This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules, and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Ohio for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believes that you have a claim.**

Dated: December 22, 2021

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*