In re:  Case No. 21-61491-rk
Squirrels Research Labs LLC  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-6     User: vwaym     Page 1 of 2
Date Rcvd: Dec 21, 2021     Form ID: pdf810     Total Noticed: 5

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 23, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Squirrels Research Labs LLC, 8050 Freedom Avenue NW, North Canton, OH 44720-6912 |
| aty | + | Jason R. Schendel, Sheppard, Mullin, Richter & Hampton LLP, Four Embardadero Center, Seventeenth Floor, San Francisco, CA 94111-4106 |
| cr | + | Avnet, Inc., c/o Christopher Combest, Quarles & Brady LLP, 300 N. LaSalle Street, Suite 4000 Chicago, IL 60654-5427 |
| cr | | Better PC, LLC, c/o Christopher J. Niekamp, Esq., Buckingham, Doolittle & Burroughs, Suite 300, Akron, OH 443338398 |
| cr | ++ | OHIO BUREAU OF WORKERS COMPENSATION, LAW SECTION BANKRUPTCY UNIT, P O BOX 15567, COLUMBUS OH 43215-0567 address filed with court:, Ohio Bureau of Workers Compensation, Attn: Law Section Bankruptcy Unit, PO Box 15567, Columbus, OH 43215 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| intp | | Instantiation LLC |
| intp | | Ohio Power Company dba American Electric Power |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 23, 2021     Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Christopher Niekamp | on behalf of Creditor Better PC LLC cniekamp@bdblaw.com |

| | |
|---|---|
| Christopher Paul Combest | on behalf of Creditor Avnet Inc. christopher.combest@quarles.com |
| Frederic P. Schwieg | fschwieg@schwieglaw.com |
| Frederic P. Schwieg | on behalf of Trustee Frederic P. Schwieg fschwieg@schwieglaw.com |
| Jeannie Kim | on behalf of Interested Party Instantiation LLC JeKim@sheppardmullin.com dgatmen@sheppardmullin.com |
| John C. Cannizzaro | on behalf of Interested Party Instantiation LLC John.Cannizzaro@icemiller.com lauren.prohaska@icemiller.com |
| Joshua Ryan Vaughan | on behalf of Creditor Ohio Bureau of Workers Compensation jvaughan@amer-collect.com SAllman@AMER-COLLECT.COM;HouliECF@aol.com |
| Julie K. Zurn | on behalf of Debtor Squirrels Research Labs LLC jzurn@brouse.com tpalcic@brouse.com |
| Kate M. Bradley ust44 | on behalf of U.S. Trustee United States Trustee kate.m.bradley@usdoj.gov |
| Marc Merklin | on behalf of Debtor Squirrels Research Labs LLC mmerklin@brouse.com tpalcic@brouse.com;mmiller@brouse.com |
| Paul J. Schumacher | on behalf of Interested Party Ohio Power Company dba American Electric Power pschumacher@dmclaw.com tgross@dmclaw.com |

TOTAL: 11

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

Dated: 09:54 AM December 21, 2021

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**ORDER ESTABLISHING GENERAL AND GOVERNMENT CLAIMS
BAR DATES AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the *Motion of Debtors and Debtors-in-Possession for Entry of an Order Establishing Bar Dates and Approving Form and Manner of Notice Thereof* (the "Motion"), the Court having reviewed the Motion and having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) this Court is the proper venue for the Motion pursuant to 28 U.S.C. § 1408 and Local

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

Bankruptcy Rules; (iv) the notice of the Motion was sufficient under the circumstances; and (v) the legal and factual basis set forth in the Motion establish just cause for the relief granted herein:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED pursuant to the terms set forth in this order.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

3. The bar date for creditors that are not governmental units to file proofs of claim shall be **60 days from the date of service of this Order** (the "General Bar Date").

4. The bar date for creditors that are governmental units to file proofs of claim shall be **May 22, 2022** (the "Government Bar Date").

5. Except as set forth herein, the General Bar Date, or in the case of governmental units, the Government Bar Date, applies generally to all creditors, including the following:

   a. any person or entity whose claim is not scheduled, is scheduled in an incorrect amount, or is scheduled as disputed, contingent, or unliquidated;

   b. any person or entity whose claim arises from the provision of goods and/or services to Debtors prior to the Petition Date;

   c. any person or entity whose claim **arises under Bankruptcy Code section 503(b)(9)** for goods received by the Debtors in the ordinary course of business in the twenty (20) days prior to the Petition Date;

   d. any person or entity whose claims arise out of the rejection of executory contracts and unexpired leases prior to the entry of the order establishing the Bar Dates; and

   e. any person or entity whose claims arose prior to the Petition Date out of the obligations of such person (as such term is defined in Bankruptcy Code section 101(41)) or entity (as such term is defined in Bankruptcy Code section 101(15)) under a contract for the provisions of liability insurance to Debtors.

6. Except as set forth herein, the General Bar Date, or in the case of governmental units, the Government Bar Date, applies generally to any secured, unsecured priority, or unsecured

nonpriority claim that arose prior to or on the Petition Date, including any claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which either Debtor was a party, whether or not Debtors previously obtained authorization to pay any such claim, except for:

   a. a claim asserted by any person who, or entity that, has already properly filed with this Court a Proof of Claim against the Debtors with respect to such claim;

   b. any person or entity whose claim is listed on a Debtors' Schedules, and the claim is <u>not</u> described on the Schedules as (i) "disputed," "contingent," "unliquidated," "unknown" or assigned a zero amount, and (ii) such person or entity agrees with the amount, nature and priority of the claim as set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtors that listed the claim in its Schedules;

   c. a claim asserted by any person or entity whose claim against the Debtors has previously been allowed by order of this Court;

   d. any prepetition claims of the Debtors' employees for which this Court has authorized payment and for which payment has been made;

   e. a claim allowable under Bankruptcy Code sections 503(b) and 507(a) as an expense of administration (**other than any claims allowable under Bankruptcy Code section 503(b)(9)**); and

   f. any person or entity whose claim is against any non-Debtor affiliate of the Debtors.

7. For any person or entity whose claim arises out of the rejection of an executory contract or unexpired lease after the entry of an order establishing the General Bar Date, such person or entity is required to file its Proof of Claim on the later of (i) thirty (30) days after the claimant is served with notice of the order authorizing the rejection of such contract or lease, or (ii) the General Bar Date.

8. For any person or entity whose claim is listed on the Schedules and is amended after the entry of an order establishing the General Bar Date, or Government Bar Date as applicable, (i) in a manner that designates a previously undisputed claim as "disputed,"

3

"contingent," or "unliquidated" or (ii) in a manner that reduces the amount of the claim and is objectionable to the claimant, such person or entity shall be required to file its Proof of Claim on the later of (i) thirty (30) days after the claimant is served with notice of the amendment of the claim on the Schedules, or (ii) the General Bar Date, or Government Bar Date as applicable. However, after the General Bar Date, or Government Bar Date as applicable, proofs of claim filed as a result of amendments to the Schedules shall be limited in amount to the amount previously scheduled by the Debtors, unless the creditor has otherwise timely filed a proof of claim. Amendments to the Schedules regarding creditors who have previously filed proofs of claim shall not affect any proof of claim already on file.

9. It is not necessary for an equity security holder to file a proof of interest based solely upon such interest; *provided, however,* that if an equity holder asserts any rights as a creditor holding a claim against the Debtors, including any claim arising out of or relating to the ownership, sale, issuance, or purchase of an equity interest in any of the Debtors, a proof of claim is required to be filed on or before the General Bar Date, except as otherwise set forth herein.

10. The use of the Notice of Bar Dates and Proof of Claim, in a form substantially similar to that attached hereto Exhibits 1 and 2, respectively, is approved. The Notice of Bar Dates complies with the notice requirements of the Bankruptcy Rules.

11. The Notice of Bar Dates will be mailed by first-class mail no later than three (3) business days after the entry of this Bar Date Order to (a) all known persons and entities holding potential claims against Debtors, and their counsel (if known); (b) all known equity security holders; (c) the Office of the U.S. Trustee; (d) all persons and entities listed in the Schedules as holding or potentially holding prepetition claims, including claims that the Debtors list as contingent, unliquidated or disputed; (e) the subchapter V Trustee; (f) all parties who have filed

4

proofs of claim in these cases; (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002; (h) all entities who are parties to executory contracts and unexpired leases with the Debtors; (i) all entities who are parties to litigation with the Debtors, or their counsel (if known); (j) all federal and state taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

12. A Proof of Claim must be filed with the office of the Clerk of the Bankruptcy Court, Ralph Regula Federal Building and U.S. Courthouse, 401 McKinley Ave. SW, Canton, Ohio 44702, in the manner indicated in the Bar Date Notice on or before the applicable Bar Dates.

13. A Proof of Claim must be supported by evidence in accordance with the requirements of applicable laws and rules, as specified in the Notice of Bar Dates.

14. Any holder of a claim against Debtors who is required, but fails, to file a proof of such claim in accordance with this Order on or before the General Bar Date or Governmental Bar Date, as applicable: (i) may be forever barred, estopped, and permanently enjoined from asserting such claim in this Chapter 11 case against Debtors, its successors, or its property (and from filing a proof of claim with respect thereto), and Debtors, its successors, or its property may, upon a confirmed Chapter 11 reorganization plan becoming effective, be forever discharged from any and all indebtedness or liability with respect to such claim; (ii) may not be treated as a creditor (as defined in section 101(10) of the Bankruptcy Code) with respect to such claim for purposes of voting and distribution under any plan of reorganization or liquidation filed in this Chapter 11 case; and (iii) may not be entitled to receive further notices regarding such claim; provided, however, that a holder of a claim shall be able to assert, vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, as any

undisputed, noncontingent and liquidated claims identified in the schedules on behalf of such holder.

15. If a timely filed claim is transferred, the transferee must file a notice of transfer of the claim with the Clerk of this Court, in accordance with Rule 3001(e), and serve a copy of the notice of transfer on the Debtors' counsel addressed to: Brouse McDowell, LPA, Attn: Julie K. Zurn Esq., 388 S. Main Street, Suite 500, Akron, Ohio 44311.

16. The Debtors retain the right to dispute, or to assert offsets or defenses against, any claim listed or reflected on the Schedules as to amount, liability, classification, or otherwise, to subsequently designate any claim as disputed, contingent, or unliquidated or to object to any claim listed or reflected on the Schedules. Nothing set forth herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

# # #

SUBMITTED BY:

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**NOTICE OF ESTABLISHMENT OF GENERAL BAR DATE
AND GOVERNMENT BAR DATE FOR FILING
PROOFS OF CLAIM AGAINST THE BANKRUPTCY ESTATE**

**THIS NOTICE DESCRIBES IMPORTANT DEADLINES AND PROCEDURES
THAT AFFECT YOUR LEGAL RIGHTS. YOU MAY WISH TO
CONSULT WITH AN ATTORNEY TO PROTECT YOUR RIGHTS.**

**PLEASE TAKE NOTICE THAT**, on November 23, 2021 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") each filed a voluntary petition for relief under subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court"). The Debtors continue to operate their businesses as debtors in possession pursuant to Bankruptcy Code section 1184.

**BAR DATES**

The Bankruptcy Court and Judge presiding over the above-captioned chapter 11 cases entered an *Order Establishing General and Government Claims Bar Dates and Approving Form and Manner of Notice Thereof* on **DATE** [**DOC NUMBER**] (the "Bar Date Order"), establishing (i) **DATE**, which is 60 days after service of the Bar Date Order as the deadline for creditors of the Debtors to file general proofs of claim against any of the Debtor's estate (the "General Bar Date") and (ii) **May 22, 2022** as the deadline for governmental units to file proofs of claim against any of the Debtor's estate (the "Government Bar Date"). A proof of claim is a signed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

1

statement describing a creditor's claim. Creditors receiving this notice by mail should receive a proof of claim form customized for this case.

### **Claims Covered by the Bar Dates**

Under the Bankruptcy Code and as utilized in this notice and the Bar Date Order, the term "claim" has been given the broadest possible definition, and includes any right to payment, whether in contract, tort, or by statute, and whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, priority, or unsecured as of the Petition Date.

The Debtors filed their Schedules of Assets and Liabilities (the "Schedules") with the Bankruptcy Court on **DATE**. The Schedules may be amended from time to time. The Schedules and any amendments thereto may be viewed on the Bankruptcy Court's website at https://ecf.ohnb.uscourts.gov/, through an account obtained from PACER Service Center at 1-800-676-6856. The copies of the Schedules and Bar Date Order may be obtained free of charge by contacting Brouse McDowell, LPA, attn. Theresa M. Palcic, 388 S. Main St, Suite 500, Akron, Ohio 44311, tpalcic@brouse.com, 330.535.5711. If your claim is listed in the Schedules and is not listed as disputed, contingent, or unliquidated, your claim will be allowed against the Debtors in the amount scheduled unless you have agreed otherwise, your claim has been paid, you file a proof of claim, or you are sent further notice about the claim.

You **must** file a proof of claim on or before the General Bar Date if you assert a claim against the Debtors and if:

(a) your claim has not been listed by the Debtors in the Schedules;

(b) you disagree with the amount of the claim scheduled by the Debtors in the Schedules;

(c) the Debtors have scheduled your claim as disputed, contingent, or unliquidated;

(d) you believe your claim to be a secured claim, and the Debtors have not so scheduled your claim;

(e) you believe your claim to be entitled to priority under the Bankruptcy Code, and the Debtors have not so scheduled your claim;

**(f) you have a claim arising, or deemed to have arisen, under Bankruptcy Code section 503(b)(9) (i.e., claims for the value of goods received by any of the Debtors within twenty (20) days prior to the Petition Date)**; or

(g) your claim arises out of the obligation of such person or entity under a contract for the provision of liability insurance to the Debtors.

For claims arising from the rejection of executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, the last day to file a proof of claim is the later of either (i) the General Bar Date or (ii) the first business day that is at least thirty (30) calendar days after the claimant is served with a notice of an order approving the rejection of an executory contract or unexpired lease or (b) notice of rejection of an executory contract or unexpired lease in accordance with any procedural order entered by the Bankruptcy Court.

If you are a governmental unit asserting a claim against the Debtors' estate subject to the **Government Bar Date**, you must file a claim on or before May 22, 2022, if:

(a) you have a secured, unsecured priority, or unsecured nonpriority claim that arose prior to or on the Petition Date, including any claims you have against the Debtors for unpaid taxes, and whether such claims arise from prepetition tax years or periods or prepetition transactions to which either of the Debtors was a party.

**If you fail timely to file a proof of claim** by the General Bar Date, or in the case of governmental units, by the Government Bar Date, and your claim is not scheduled, is scheduled for $0.00, or is scheduled as disputed, unknown, contingent, or unliquidated in the Schedules:

(a) Your claim will be disallowed and you will not receive any distribution under any Chapter 11 plan that may be confirmed in this case; and

(b) You nevertheless will be bound by the terms of any Chapter 11 plan that may be confirmed in this case.

## Claims Not Covered by the Bar Dates

The following persons and entities need **not** file a proof of claim by the General Bar Date or, if applicable, the Government Bar Date:

(a) Any person or entity whose claim is allowable under Bankruptcy Code sections 503(b) and 507(a) as an expense of administration (**other than any claim allowable under Bankruptcy Code section 503(b)(9)**);

(b) Any person or entity who has already properly filed, with the Clerk of the Bankruptcy Court, a proof of claim against the Debtor using a claim form customized for the case or which substantially conforms to Official Form No. 410;

(c) Any person or entity whose claim has been allowed by, or paid pursuant to, an order of the Bankruptcy Court entered on or before the Bar Date;

(d) Any holder for which specific deadlines have previously been fixed by the Court;

(e) Any person or entity whose claim is listed on a Debtor's Schedules, and the claim is not described on the Schedules as (i) "disputed," "contingent,"

"unliquidated," "unknown" or assigned a zero amount, and (ii) such person or entity agrees with the amount, nature and priority of the claim as set forth in the Schedules, and (iii) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules; or

(f) Any person or entity whose claim is against another corporation affiliated with the Debtors.

**Instructions for Filing Proofs of Claim**
**and Consequences for Failure to Timely File Claim**

Failure to timely or properly file a proof of claim in accordance with the Bar Date Order shall (a) constitute grounds for disallowance of such claim; (b) render the creditor ineligible to vote with respect to any Chapter 11 plan filed in the Debtors' Chapter 11 case or to receive any distributions under any confirmed Chapter 11 plan; and (c) render the creditor bound by the terms of any confirmed Chapter 11 plan.

Each creditor and recipient of this notice and their respective agents and attorneys have an affirmative duty to review this notice, and timely file any proof of claim on or before the General Bar Date or, as applicable, the Government Bar Date, or be forever barred from filing or asserting any such claim. Each creditor and recipient of this notice is personally responsible for reviewing this notice and timely filing any proof of claim and should not rely upon their respective agents and attorneys to meet the deadlines specified in this notice.

**GENERAL AND GOVERNMENT PROOFS OF CLAIM MUST BE FILED SO THAT THEY ARE ACTUALLY RECEIVED BY THE CLERK OF COURT ON OR BEFORE EITHER THE GENERAL BAR DATE OR, IF APPLICABLE, THE GOVERNMENT BAR DATE.** Proofs of claim may be filed electronically using the Court's ECF system. Proofs of claim also may be filed by mail addressed to:

Office of the Clerk
Ralph Regula Federal Building and U.S. Courthouse
401 McKinley Ave. SW
Canton, Ohio 44702

Proofs of claim may not be delivered by facsimile or telecopy. Proofs of claim may also be delivered through the Court's Electronic Proof of Claim System available at https://www.ohnb.uscourts.gov/epoc-information. You are encouraged to use the enclosed proof of claim form.

Proofs of claim must be filed in the English language and, pursuant to Bankruptcy Code section 502(b), amounts due shall be stated in lawful currency of the United States as of the Petition Date. You should attach to your completed proof of claim form copies of any writings upon which your claim is based. **Do not file your proof of claim with, or send copies of proofs of claim to, the Debtor.** Pursuant to the Bar Date Order, proofs of claim not filed with (i.e., actually received by) the Clerk of Court by the applicable deadline may be deemed not to be properly or timely filed. To receive an acknowledgment that your proof of claim has been received

by the Clerk and filed, you must provide with your original proof of claim one additional copy and a postage-paid, self-addressed envelope.

Any holder of a claim against Debtors who is required, but fails, to file a proof of such claim in accordance with this Order on or before the General Bar Date or Governmental Bar Date, as applicable: (i) may be forever barred, estopped, and permanently enjoined from asserting such claim in these Chapter 11 case against Debtors, their successors, or their property (and from filing a proof of claim with respect thereto), and Debtors, their successors, or their property may, upon a confirmed Chapter 11 reorganization plan becoming effective, be forever discharged from any and all indebtedness or liability with respect to such claim; (ii) may not be treated as a creditor (as defined in section 101(10) of the Bankruptcy Code) with respect to such claim for purposes of voting and distribution under any plan of reorganization or liquidation filed in this Chapter 11 case; and (iii) may not be entitled to receive further notices regarding such claim; provided, however, that a holder of a claim shall be able to assert, vote upon, and receive distributions under, any plan of reorganization or liquidation in this case to the extent, and in such amount, as any undisputed, noncontingent and liquidated claims identified in the schedules on behalf of such holder.

**ANY PROOF OF CLAIM PREVIOUSLY FILED WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE MAILING OF THIS NOTICE THAT SUBSTANTIALLY CONFORMS TO THE PROOF OF CLAIM FORM ATTACHED HERETO OR OFFICIAL FORM NO. 410 SHALL BE DEEMED TO BE, AND SHALL BE TREATED AS, A PROPERLY FILED CLAIM SUBJECT TO THE RIGHT OF THE DEBTOR OR ANY PARTY IN INTEREST TO OBJECT TO THE ALLOWANCE THEREOF. NO ADDITIONAL PROOF OF CLAIM IS REQUIRED.**

<u>Amendments to Claims, Amendments to Schedules, and Claim Transfers</u>

After the deadline for filing claims, a creditor may not seek to amend a claim deemed filed on its behalf under Bankruptcy Code section 1111(a) by virtue of the listing of such claim by the Debtors in their Schedules if such amendment increases the amount of the claim.

Following notice of any amendment to the Schedules reducing the amount of a scheduled claim, or that reclassifies a scheduled, undisputed, liquidated, or non-contingent claim as disputed, unliquidated, or contingent, any creditor so affected shall have until the later of (i) the General Bar Date, or Government Bar Date as applicable or (ii) the first business day that is at least thirty (30) calendar days after the claimant is served with the notice of such amendment in accordance with Bankruptcy Rule 1009(a), to file a proof of claim; <u>provided, however,</u> that following the General Bar Date or Government Bar Date as applicable, proofs of claim filed as a result of amendments to the Schedules shall be limited in amount to the amount previously scheduled by the Debtor, unless the creditor has otherwise timely filed a proof of claim. No extension of time is granted if the Debtors' amendment to the Schedules increases the claim deemed filed under Bankruptcy Code section 1111(a). Amendments to the Schedules regarding creditors who previously have filed proofs of claim shall not affect any proof of claim already on file. Nothing set forth herein

shall be deemed to preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

If a timely filed claim is transferred, the transferee must file a notice of transfer of the claim with the Clerk of Court, in accordance with Bankruptcy Rule 3001(e), and serve a copy of the notice of transfer on the Debtors' counsel addressed to: Brouse McDowell, LPA, Attn: Julie K. Zurn, Esq., 388 S. Main Street, Suite 500, Akron, Ohio 44311.

### **EQUITY INTEREST HOLDERS**

Pursuant to Bankruptcy Rule 3003(b)(2), it is not necessary for an equity security holder to file a proof of interest based solely upon such interest; provided, however, that if an equity security holder asserts any rights as a creditor holding a claim against any of the Debtors, including any claim arising out of or relating to the ownership, sale, issuance, or purchase of an equity interest in the Debtors, a proof of claim is required to be filed on or before the General Bar Date or Government Bar Date as applicable, except as otherwise set forth herein.

**This notice is only a summary of the Bar Date Order. All creditors and other parties in interest are referred to the text of the Bar Date Order itself and to the Bankruptcy Code, Bankruptcy Rules, and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Ohio for additional information regarding the filing and treatment of proofs of claim and should consult with their own legal advisors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believes that you have a claim.**

Dated: December [*], 2021

Respectfully submitted,

/s/ _____
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

# **EXHIBIT 2**

**Proof of Claim Form**

# UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF OHIO

**Fill in this information to identify the case (Select only one Debtor per claim form):**

☐ Squirrels Research Labs LLC (Case No. 21-61491)

☐ The Midwest Data Company LLC (Case No. 21-61492)

Modified Official Form 410

# Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents**; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name | Name |
| Number  Street | Number  Street |
| City  State  ZIP Code | City  State  ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**
☐ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing? _____

Proof of Claim    page 1

21-61491-tnap    Doc 95    FILED 12/23/21    ENTERED 12/24/21 00:10:29    Page 16 of 18

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?** $_____. **Does this amount include interest or other charges?**
   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

9. **Is all or part of the claim secured?**
   ☐ No
   ☐ Yes. The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:** $_____
   **Amount of the claim that is secured:** $_____
   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:** $_____

   **Annual Interest Rate** (when case was filed) _____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☐ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

11. **Is this claim subject to a right of setoff?**
    ☐ No
    ☐ Yes. Identify the property: _____

Official Form 410    Proof of Claim    page 2

21-61491-tnap    Doc 95    FILED 12/23/21    ENTERED 12/24/21 00:10:29    Page 17 of 18

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. **Check one:**<br>   ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br>   ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br>   ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br>   ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br>   ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br>   ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.<br><br>\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | $_____<br><br>$_____<br><br><br>$_____<br><br>$_____<br>$_____<br>$_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
              First name     Middle name     Last name

Title      _____

Company _____
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address   _____
            Number     Street

               _____
            City     State     ZIP Code

Contact phone _____ Email _____