# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| SQUIRRELS RESEARCH LABS, LLC, *et al.* | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

## TOREA CONSULTING, LTD'S MOTION FOR EXAMINATION OF THE DEBTORS UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Movant Torea Consulting, Ltd. ("Torea"), by and through its undersigned counsel, hereby moves this Court for entry of an order requiring one or more authorized representatives of each Squirrels Research Labs, LLC ("Squirrels") and Midwest Data Company LLC ("MDC" and together with Squirrels, the "Debtors") to appear at Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 600, Cleveland, Ohio 44112 for an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Torea further moves for an order requiring the Debtors to produce certain documents on or before the 341 Meeting of Creditors which is scheduled for January 14, 2022. **Exhibit 1** identifies the matters on which testimony is sought and the documents for which production is requested.

## BACKGROUND

1. On November 23, 2021 (the "***Petition Date***"), the Debtors filed their voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***"), thereby commencing the above-captioned Chapter 11 jointly administered cases (the "***Cases***").

2. Torea is an Ontario, Canada-based business entity that is registered with the Ohio Secretary of State's Office.

3. Prior to the Petition Date, Torea commenced litigation in the Stark County Court of Common Pleas – which case is reflected in Squirrels' schedules and statement of financial affairs ("State Case"). The State Case has been stayed and did not progress beyond the September 29, 2021, submission of a joint report of the parties' Rule 26(f) conference. Torea propounded discovery requests on September 16, 2021 – but no responses were received prior to the Petition Date.

4. Based upon the Answer filed by Squirrels in the State Case, it is undisputed that Squirrels hosted boards used for mining cryptocurrency at the Debtors' facilities and that during this hosting relationship, representatives of the Debtors reached out to Torea, via an instant messaging and digital distribution platform called "Discord," requesting to temporarily rent certain mining boards under their hosting control. From there – the facts appear to be in dispute.

## RELEVANT FACTS

5. At the beginning of March 2021, Squirrels hosted Two Hundred Sixty-Seven (267) of Torea's cryptocurrency mining boards (the "Cards"). Torea had been a long-time customer of the Debtors amassing ownership of the 267 Cards – 45 of which are water cooled Cards that are difficult and expensive to relocate.

6. On March 2, 2021, representatives of the Debtors approached Torea on Discord with a proposal to rent the Cards for one month in order to "pay for some hashrate (*sic*) to cover some customers until we ship their hardware at the end of the month". Hash rate is the amount of computational power used by miners dedicated to the mining of new cryptocurrency.

7. Representatives of Squirrels agreed to pay weekly rent, one week in advance, in Ethereum cryptocurrency. Since the payments were to be made in advance, the amount of

Ethereum mined was to be estimated and then adjusted subsequently to match the actual amount mined.

8. On March 3, 2021, the Debtors took exclusive control of the Cards, allegedly for hash rate, but never made the first rent payment nor other subsequent weekly payments.

9. Eventually, some partial payments were received but, despite repeated requests, the Cards were not returned to Torea and have never been returned.

10. After it refused to return the Cards, representatives of the Debtors offered on Discord what it described in its answer in the State Case as an "Accord and Satisfaction" to buy the Cards for 160.2 Ethereum. After failing to pay this amount in a timely manner and after refusing to return the Cards, representatives of the Debtors allegedly attempted an accord and satisfaction upon its previous asserted "Accord and Satisfaction". Finally, representatives of the Debtors advised that Torea was in violation of its hosting agreement for not paying hosting charges since March 2021 and that in the event Torea did not accept this second accord and satisfaction for even less money – the Cards would be confiscated by the Debtors.

11. Upon information and belief, the Debtors transferred ownership of these Cards first to themselves and then possibly to others during the period March 3, 2021, through June 30, 2021. It appears from the Debtors' schedules that these Cards are no longer owned by the Debtors. However, Docket Number 80-2 – which reflects the hosting agreements that are to be assumed and assigned to the prospective purchaser – indicates the following individual hosting agreements may include the Cards – specifically, the 45 water cooled Cards that are difficult and expensive to relocate:

    a. Artem Pylypchuk
    b. Barry Gluntz
    c. John Hulecki
    d. Marco Mendoza

3

21-61491-tnap    Doc 122    FILED 01/07/22    ENTERED 01/07/22 14:14:46    Page 3 of 7

  e.  Robert Oxsen
  f.  Yannick Vergult

  12.  Nothing in the Schedules of Statement of Financial Affairs of the Debtors indicates these out of the ordinary transactions that took place in the months leading up to the Petition Date.

## **RELIEF REQUESTED**

  13.  Torea requests that the Debtors be ordered to appear for examination pursuant to the provisions of Bankruptcy Rule 2004(a) and to produce the documents requested herein.

## **LAW AND ARGUMENT**

  14.  Bankruptcy Rule 2004 provides in relevant part that, "[o]n the motion of any party in interest the court may order the examination of any entity … [regarding] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In . . . a reorganization under chapter 11 of the [Bankruptcy] Code, the examination may also relate to the operation of any business . . . the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(a)-(b).

  15.  This scope "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct[,]" *2435 Plainfield Ave., Inc. v. Twp. Of Scotch Plain, (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (citations omitted), "even broader than that of discovery permitted under the [Federal Rules of Civil Procedure,]" *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990), and "in the nature of a fishing expedition[,]"

4

*Id*. (quotations omitted). "[T]he breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a Trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste." *Id*. (citing *In re Cinderella Clothing Indust., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988)) (citations omitted).

16. To facilitate such investigation, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination," *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (citations omitted), and the inquiry may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him[,]" *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981). See also *In re Gray*, 447 B.R. 524, 532 (E.D. Mich. 2011) (citing *Mantolesky*).

17. Here, Torea is concerned about the retention of relevant information by the Debtors and the upcoming sale disposition that may conceal the actions of the Debtors and their representatives as described above. Accordingly, the relief sought herein falls within the scope of Rule 2004.

18. The information requested herein will benefit the estates by providing documentation that can inform the administrative process in these Cases by shedding light on the accounting of property (including cryptocurrency) utilized by the Debtors and their representatives to continue to operate prior to the Petition Date, including conversion and defalcation of others' property.

WHEREFORE, Torea requests that the Court (i) order one or more authorized representatives of Debtors to appear for examination within thirty (30) days after entry of an

5

21-61491-tnap    Doc 122    FILED 01/07/22    ENTERED 01/07/22 14:14:46    Page 5 of 7

order granting this Motion or a mutually agreeable date and time, and continuing until complete, at Meyers, Roman, Friedberg & Lewis, 28501 Chagrin Boulevard, Suite 600, Cleveland, Ohio 44122; (ii) produce the documents requested in ***Exhibit 1*** on or before January 14, 2022 or another date and time that is mutually agreeable to Torea and Debtors, and (iii) deem the provisions of Federal Rule of Civil Procedure 45(a)(4) satisfied by the filing of this motion.

Date: January 7, 2022

*/s/ David M. Neumann*
David M. Neumann (Ohio No. 0068747)
*dneumann@meyersroman.com*
R. Scott Heasley (Ohio No. 0087235)
*sheasley@meyersroman.com*
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio 44122
Telephone: 216-831-0042
Fax: 216-831-0542
*Counsel for Torea Consulting Ltd.*

6

## *CERTIFICATE OF SERVICE*

I hereby certify that a copy of the foregoing was served this 7th day of January 2022 via the Court's electronic mail notice list upon the following:

- **John C. Cannizzaro**   John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com
- **Christopher Paul Combest**   christopher.combest@quarles.com
- **John G. Farnan**   jfarnan@westonhurd.com
- **Robert E. Goff**   rgoff@westonhurd.com, jroberts@westonhurd.com
- **Jeannie Kim**   JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin**   mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- **Christopher Niekamp**   cniekamp@bdblaw.com
- **Paul J. Schumacher**   pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg**   fschwieg@schwieglaw.com
- **Frederic P. Schwieg**   fschwieg@schwieglaw.com
- **United States Trustee**   (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan**   jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn**   jzurn@brouse.com, tpalcic@brouse.com
- **Kate M. Bradley ust44**   kate.m.bradley@usdoj.gov

Via regular U.S. Mail:

**Brouse McDowell**
388 South Main Street
Suite 500
Akron, OH 44311-4407

**Jason R. Schendel**
Sheppard, Mullin, Richter & Hampton LLP
Four Embardadero Center
Seventeenth Floor
San Francisco, CA 94111

*/s/ David M. Neumann*
*Counsel for Movant*
*Torea Consulting Ltd.*

7

21-61491-tnap    Doc 122    FILED 01/07/22    ENTERED 01/07/22 14:14:46    Page 7 of 7