**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## OBJECTION TO TOREA CONSULTING, LTD'S MOTION FOR EXAMINATION OF THE DEBTORS UNDER BANKRUPTCY RULE 2004

Squirrels Research Labs LLC ("Squirrels") and the Midwest Data Company LLC ("Midwest") (each a "Debtor" and collectively, the "Debtors"), file this objection (the "Objection") to Torea Consulting, Ltd's ("Torea") Motion for Examination of the Debtors Under Rule 2004 of the Federal Rules of Bankruptcy Procedure (Doc. #122) (the "Motion"). For the reasons set forth below, the Debtors respectfully request that the Court deny the Motion.

## BACKGROUND

1. On November 23, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Their cases were jointly administered for procedural purposes. The Debtors are operating their businesses as debtors-in-possession pursuant to Section 1184 of the Bankruptcy Code.

2. Prior to the Petition Date, Torea filed a lawsuit against Squirrels, claiming breach of contract, unjust enrichment and conversion (the "State Court Case"). *Torea Consulting, Ltd. v. Squirrels Research Labs LLC*, No. 2021-CV-1091 (Stark Cnty. Common Pleas Aug. 3, 2021).

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

Torea's claims in the State Court Case center around Torea's allegations that Squirrels rented 267 cryptocurrency mining boards (the "Cards") from Torea but failed to pay rent and failed to return the Cards to Torea. Squirrels disputes Torea's claims. Prior to the completion of discovery, litigation in the State Court Case was stayed by the Debtors' bankruptcy filings.

3. Notwithstanding the stay of the State Court Case, upon information and belief, Torea, by and through its owner Paul Billinger ("Billinger"), has continued to harass the Debtors on a Discord server. For example, Billinger has recently (i) hinted at a potential class action lawsuit and other criminal and civil litigation against the Debtors and/or the Debtors' principals, (ii) lamented the fact that recovering funds as an unsecured creditor in bankruptcy is "extremely challenging" and stated that he can set up a fund to hire a private investigator (presumably to investigate the Debtors) if there was enough interest from others, and (iii) hinted at engaging journalists to cover this "story" because it was not yet in the media.

4. Torea's Motion is a continuation of Torea's harassment of the Debtors. In the Motion, Torea asks for authority to conduct a Rule 2004 examination of the Debtors and a court order compelling the Debtors to produce documents on or before the Section 341 Meeting of Creditors scheduled for January 14, 2022. However, the overwhelming majority of Torea's requested documents and proposed matters of examination relate to the Cards, which are the subject of Torea's claims in the State Court Case. Nine out of 10 of Torea's document production requests and 11 out of 12 of Torea's proposed matters for examination specifically mention the Cards. *See* Ex. 1 to Mot., ECF No. 122.

5. Torea is an unsecured creditor in Squirrels' bankruptcy. As such, the determination of the validity and amount of Torea's claim can and should be done as part of the claims objection process.

6. The Court entered an Order granting the Motion on January 11, 2022. At the §1188 status conference held on the same date, however, the Court recognized that (i) the Debtors still have the right to object to the Motion, and (ii) the Court would not enforce the Motion to the extent it required production of documents by January 14, 2022.[2] While Debtors' counsel continues to work with movant's counsel to reach an agreement on the scope and timing of a production and examination under Rule 2004, Debtors file this Objection to the Motion.

## **LAW & ARGUMENT**

7. Although the scope of a Rule 2004 examination is exceptionally broad, *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999), the "availability of Rule 2004 as a discovery tool is not unlimited." *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D. Col. 1991). "The examination should not be so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery." *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (citing *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)); *see also In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) (explaining that "the spirit of proportionality" is relevant when determining whether to grant a Rule 2004 motion).

8. Moreover, Rule 2004 may not be used to harass, intimidate, annoy, and/or coerce a debtor into seeking unwise or forced settlements. *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991) (citing *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991)); *see also In re Strecker*, 251 B.R. 878, 882-83 (Bankr. D. Colo. 2000)

---

[2] The Order granting the Motion states that the Debtors are required to produce the requested documents on or before January 14, 2022, "or another date and time that is mutually agreeable to Torea and the Debtors." Order at 2, ECF No. 128. Counsel for Torea and Debtors are working to determine a date and time that is mutually agreeable.

(collecting cases). Nor can Rule 2004 be used for discovery of evidence related to a proceeding pending before another tribunal. *In re Washington Mutual, Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009) ("Rule 2004 examinations may be inappropriate where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee."); *see*, *e.g.*, *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 236 (Bankr. E.D.N.Y. 2019) (former minority owners of business acquired by Chapter 11 debtor could not use Rule 2004 to ask former majority owner questions relating to pending state court litigation); *Snyder v. Society Bank (In re Snyder)*, 181 B.R. 40, 42 (S.D. Tex. 1994) (holding that the use of Rule 2004 to further a party's pending case in state court "constitutes an abuse of Rule 2004."), *aff'd*, 52 F.3d 1067 (5th Cir. 1995).

9. Here, Torea's Motion is a naked attempt to obtain discovery of evidence germane to the State Court Case. The Motion repeats almost verbatim the allegations asserted in the complaint in the State Court Case and requests discovery almost exclusively related to the Cards. This is an impermissible use of Rule 2004 and merely a continuation of Torea's harassment of the Debtors. Furthermore, many of Torea's discovery requests are vague, overburdensome for the Debtors, and disproportionate to Torea's needs. For example, the first request for production of documents requests "any documents related to or referencing the Cards." This is an unbounded by time, overly-broad, unduly burdensome, and vague request that appears to be seeking a universe of documents including those that bear no relation temporally or otherwise to this bankruptcy case or any topics appropriately addressed in a 2004 examination.

10. Debtors' counsel is working with Torea's counsel to identify and narrow the requests in a way that is appropriate under Rule 2004 and to establish an appropriate timeline for the Debtors to respond. Debtors file this objection to preserve their rights in the event agreement

4

cannot be reached with Torea's counsel as to the scope and timeline for a production pursuant to Rule 2004.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully requests that the Court (i) sustain the Debtors' Objection, (ii) deny the Motion, and (iii) grant Debtors such other and further relief as is just and equitable.

Dated: January 12, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this Objection was served on January 12, 2022 via the Court's electronic mail notice list upon the following:

- **John C. Cannizzaro**  John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com
- **Christopher Paul Combest**  christopher.combest@quarles.com
- **John G. Farnan**  jfarnan@westonhurd.com
- **Robert E. Goff**  rgoff@westonhurd.com, jroberts@westonhurd.com
- **Jeannie Kim**  JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin**  mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- **David M. Neumann**  dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- **Christopher Niekamp**  cniekamp@bdblaw.com
- **Paul J. Schumacher**  pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg**  fschwieg@schwieglaw.com
- **Frederic P. Schwieg**  fschwieg@schwieglaw.com
- **United States Trustee**  (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan**  jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn**  jzurn@brouse.com, tpalcic@brouse.com
- **Kate M. Bradley ust44**  kate.m.bradley@usdoj.gov

Via regular U.S. Mail on January 12, 2022:

**Jason R. Schendel**
Sheppard, Mullin, Richter & Hampton LLP
Four Embardadero Center
Seventeenth Floor
San Francisco, CA 94111

                                                */s/ Julie K. Zurn*
                                                Julie K. Zurn (0066391)