## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| SQUIRRELS RESEARCH LABS, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |
| | ) | |

**MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS**

Carl Forsell ("Movant"), by his undersigned counsel, respectfully moves (this "Motion") the Court (defined herein) for an Order pursuant to Federal Rules of Bankruptcy Procedure (the "Rules") Rule 2004 and section 343 of title 11 of the United States Code (the "Bankruptcy Code") for the purposes of:

a. Compelling the Debtors to appear for a Rule 2004 Examination at a date, time, and manner agreed to between the Debtors and Movant or as ordered by this Court; and

b. Compelling the Debtors to produce certain documents described in Exhibit A and requested by Movant within twenty-one days of the entry of an Order granting this Motion.

In support of this Motion, Movant respectfully states:

**Relevant Facts and Background**

1. In June 2018, in an attempt to purchase dozens of units of VCU1525-Blockchain Edition computer hardware intended to accelerate algorithms used in cryptocurrency mining, Movant made several payments to the Debtors and/or its business affiliates totaling approximately $975,000.00.

2. On August 6, 2018, the Debtors and/or their business affiliates issued a press release stating that their products, including the VCU1525-Blockchain Edition computer hardware, would be significantly delayed. Movant cancelled the order and requested refund of his payment from Debtors and/or their affiliates, but never received a refund by Debtor, and only received a fractional refund from one of the Debtors' business partners.

3. On November 29, 2021, Movant filed a complaint (the "Complaint") in the United States District Court for the Northern District of Ohio against Squirrels Research Labs LLC ("SQRL") (Case No. 5:21-cv-02122-JRA).

4. The Complaint was an attempt by Movant to obtain a judgment and collect on the debt he was owed by SQRL. Further, SQRL's liability on the debt was not reasonably in question by any party in Case No. 5:21-cv-02122-JRA.

5. On November 23, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Ohio (this "Court").

6. On January 14, 2022, the president of SQRL, Mr. Stanfield, testified under oath at the Meeting of Creditors that the debt owed to Movant that formed the basis of the Complaint exists and is valid, and further admitted that there was no dispute as to the $774,373.60 amount owed to Movant.[1] Accordingly, Movant intends to promptly dismiss Case No. 5:21-cv-02122-JRA against SQRL. Movant, therefore, holds a significant portion of SQRL's unsecured debt.

7. At the Debtors' Meeting of Creditors, Mr. Stanfield admitted that SQRL has been insolvent since early 2019, though he clarified to state that SQRL has been "on and off" insolvent. Mr. Stanfield's 341 testimony also indicated that SQRL has potentially been undercapitalized since

---

[1] On January 10, 2022, Movant filed proof of claim number 19 asserted $744,373.60 owed to him, and amended the claim on January 17, 2022 to reflect Mr. Stanfill's acknowledgment of the debt at the 341 meeting.

very shortly after its formation. As such, in light of the four-year fraudulent transfer window under Ohio law, it is necessary to investigate potentially recoverable transfers going back four years, for the benefit of the bankruptcy estate and its unsecured creditors.

8. As of the filing of this motion, the Debtors have not yet submitted a chapter 11 plan.

## Jurisdiction

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

11. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

12. Movant respectfully requests this Court enter an order directing the Debtors to submit to examination for all purposes allowed under Rule 2004 and section 343 of the Bankruptcy Code, specifically relating to Debtors' finances and their financial relationships with their affiliated businesses and members.

## Authority for a Rule 2004 Examination

13. Rule 2004(a) authorizes any party in interest to move the court for an order to conduct the examination of any entity. Fed. R. Bankr.P. 2004(a). Rule 2004(b) further provides that the scope of this examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr.P. 2004(b).

14. It is well established that the scope of an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure is exceptionally broad and has often been likened to a lawful "fishing expedition." *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000). Rule 2004 is a "basic discovery device" permitting a "broad investigation into the financial affairs of debtors

to ensure the proper administration of the estate[]." *In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md. 1997). The purpose of such an examination is to aid in the discovery of assets, including potential causes of action, and if a third person can be shown to have a relationship with, or knowledge of, the debtor's affairs, the party is subject to an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. *Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994), aff'd 52 F.3d 1067 (5th Cir. 1995); *Lufkin*, 255 B.R. at 208. *See also*, *Symington*, 209 B.R. at 684 (noting that a Rule 2004 examination is "an investigatory tool, its nature is inquisitory rather than accusatory, although information discovered by its employment may presage litigation").

15. While courts have even approved Rule 2004 examinations as "fishing expeditions," this Motion is anything but a "fishing expedition." Rather, this Motion is necessary for Movant to fully ascertain the Debtors' complete financial situation and the particular financial situations relating to the Debtors' members and various business affiliates in Exhibit A attached hereto.

WHEREFORE, Movant respectfully requests that the Court enter an Order substantially in the form tendered herewith:

(B) compelling the Debtors to fully comply with the 2004 requests detailed in Exhibit A by producing all requested documents and sitting for an oral examination;

(C) instructing the Debtors to take all steps necessary before any oral examination to be fully prepared to testify as to: (i) its specific prior business conduct, projects, finances and transfers within the past four years; and (ii) the contents, nature and whereabouts of any subset of the requested documents, including any documents it could not produce for the Rule 2004 Examination; and

(E) granting Movant any other and further relief appropriate under the circumstances.

Dated: January 20, 2022                          Respectfully submitted,

/s/ *Bryan J. Sisto*
Bryan J. Sisto (OH 0088143)
**FROST BROWN TODD LLC**
400 W. Market Street, Suite 3200
Louisville, KY 40202
Phone: (502) 589-5400
Email: bsisto@fbtlaw.com

*Counsel for Carl Forsell*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 20, 2022, a true and correct copy of the foregoing was served by electronic transmission through the Court's CM/ECF system upon all parties registered to receive notices of electronic filings via CM/ECF.

/s/ *Bryan J. Sisto*
Bryan J. Sisto (OH 0088143)

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

A.  "You" and "your" as used herein refer to Debtors Squirrels Research Lab LLC and the Midwest Data Company LLC.

B.  The "Petition Date" is November 23, 2021.

C.  Each document request seeks all information available to you. You must search for and produce any responsive records in your possession, including records in the possession of your officers, directors, employees, agents, inside or outside accountants, other financial professional or any other persons acting on your behalf. You also must search for and produce any nonprivileged documents in the possession of your attorneys or your accountants.

D.  As used herein, the term "Account" is used in the broadest sense possible and includes without limitation savings, checking, depository, money market, certificate of deposit, interest-bearing, credit, debit, individual, joint, low-cost, negotiable order of withdrawal, time deposit, transactional, tax-exempt, no frill, basic, senior citizen, automatic transfer service, individual, personal, corporate, organizational, nostro, vostro, or any other type of account.

E.  The terms "relating to," "reflecting," "indicating," and "concerning," and similar phrases, seek any document, communication or other tangible item that constitutes, contains, embodies, evidences, identifies, states, relates to, refers to, deals with or is in any manner pertinent to the subject of the request.

F.  Except where otherwise indicated, the time range for these document requests is from four years before the Petition Date to the date of your response, with an ongoing obligation to supplement thereafter.

G. The term "Businesses" is used in the broadest possible sense and refers to any business listed below, including but not limited to:

    SQUIRRELS RESEARCH LABS LLC
    8050 FREEDOM AVENUE NW
    NORTH CANTON, OH 44720

    SQUIRRELS, LLC
    121 WILBUR DR. NE
    NORTH CANTON, OH 44720

    SQUIRRELS, INC.
    121 WILBUR DR. NE
    NORTH CANTON, OH 44720

    THE MIDWEST DATA COMPANY LLC
    8050 FREEDOM AVENUE NW
    CANTON, OH 44720

    BIT MINING, LTD
    UNITS 813&815, LEVEL 8, CORE F
    HONGKONG 00000

    VIKING DATA CENTERS
    428 S. SEIBERLING ST.
    AKRON, OH 44306

    ALLMINE INC
    9900 CORPORATE CAMPUS DRIVE, SUITE 300
    LOUISVILLE, KY 40223

    TULIP TECH, LLC
    5464 LAKE AVE.
    ORCHARD PARK, NY 14127

    AVNET INC.
    2211 S. 47TH ST.
    PHOENIZ, AZ 85034

    XILINX, INC.
    2100 LOGIC DRIVE
    SAN JOSE, CA 95124

8

21-61491-tnap    Doc 132    FILED 01/20/22    ENTERED 01/20/22 11:24:22    Page 8 of 11

## DOCUMENTS REQUESTED

1. All documents related to any Businesses, unexclusive of those listed above, affiliated with you or under your control from four years before the Petition Date to the date of your response, including but not limited to:

    i. all bank records, including for all Accounts (including domestic, offshore, and/or international), and records of deposits and disbursements, with copies of checks for each, and the names of all parties with whom you have sent or received wire transfers or ACH transfers and all documentation evidencing such transfers;

    ii. all documents related to transfers between you and/or your Accounts, and any of the Businesses as defined above;

    iii. all documents and invoices related to VCU1525-Blockchain Edition computer hardware;

    iv. all documents relating to your financial condition;

    v. all documents related to your financial accounting practices, including without limitation any and all balance sheets, income statements, cash flow statements, or statements of owners' equity, and any underlying documents or data used to support or prepare those documents;

    vi. all documents in the possession of any or your accountants, whether external or internal;

    vii. all tax returns and related schedules, and any underlying documents or data used to support or prepare those documents;

    viii. all general ledger documents for each month of the requested period of production (including in native format, if maintained electronically);

ix. all accounts receivable reports or related documentation; and

x. all accounts payable reports or related documentation.

2. All transactions between the Debtors, Squirrels Research Labs LLC, The Midwest Data Company, LLC, Viking Data Centers, LLC, BIT Mining, Ltd., and any other Businesses, as defined above, in the four years prior to the Petition Date to the date of your response.

3. All transactions between the Debtors and any of their insiders, including but not limited to Andrew Gould, Bill Gallagher, Bradley Conn, Brandon Osbourne, David Stanfill, Dean Givens, Elliot Boutin, Enrique Espinosa, Everett Forminyen, Gabriel Boutin, Andrew Boutin, Gail O'Connell, George Jimenez, Jason Rettburg, Jason Skender, Jessica Gritzan, Jon Bulger, Jonathan Hulecki, Justin O'Connell, Kyle Slutz, Michael Maranda, Michael Rampton, Sidney Keith, and Stephen Allison.

4. All emails, letters, and any other form of recorded communication related to or involving: (i) any of the topics requested in these Document Requests or any documents or information that are responsive to such requests; (ii) your bankruptcy petition; (iii) your financial condition; (iv) between you and any of the Businesses, as defined above, (vi) or any communications with any accountant or any other financial professional, whether internal or external.

5. This list is non-exhaustive and includes any and all documents in your possession which relate to your personal finances, or any other businesses under your ownership or control, and financial condition from at least four years prior to the Petition Date. Movant requests that you produce all such documents that are possibly relevant to those described herein or which could lead to the discovery of relevant information.

6. Concurrent with the production of the documents requested herein, identify the location – whether physical, electronic, or otherwise – of such document including the person or persons in control and/or possession of such document.

0149594.0752621   4895-0564-7370v2

11

21-61491-tnap    Doc 132    FILED 01/20/22    ENTERED 01/20/22 11:24:22    Page 11 of 11