# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## OBJECTION TO CARL FORSELL'S MOTION FOR 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

Squirrels Research Labs LLC ("SQRL") and the Midwest Data Company LLC ("Midwest") (each a "Debtor" and collectively, the "Debtors"), file this objection (the "Objection") to Carl Forsell's ("Forsell") Motion for 2004 Examination and Production of Documents (Doc. #132) (the "Motion"). Forsell's Motion is premature and fails to provide a reasonable time to comply, and the accompanying request for documents is unduly burdensome and disproportionate to the needs of the case at this time. As more fully set forth below, for these reasons, the Debtors respectfully request that the Court deny the Motion.

## BACKGROUND

1. On November 23, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Their cases were jointly administered for procedural purposes. The Debtors are operating their businesses as debtors-in-possession pursuant to Section 1184 of the Bankruptcy Code.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

2. Forsell is an unsecured creditor in SQRL's bankruptcy case who prior to the Petition Date filed suit against SQRL.

3. A status conference was held in the Debtors cases pursuant to section 1188 of the Bankruptcy Code on January 11, 2022. As stated at the conference, Debtors are working on a proposed plan in this case which will include, among other things, the Debtors' investigation and pursuit of litigation, including avoidance actions pursuant to Chapter 5 of the Bankruptcy Code, to fund their plan.

## LAW & ARGUMENT

4. Although the scope of a Rule 2004 examination is exceptionally broad, *In re Duratech Indus., Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999), the "availability of Rule 2004 as a discovery tool is not unlimited." *Intercontinental Enters., Inc. v. Keller (In re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D. Col. 1991). "The examination should not be so broad as to be more disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery." *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (citing *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)); *see also In re SunEdison, Inc.*, 562 B.R. 243, 250 (Bankr. S.D.N.Y. 2017) (explaining that "the spirit of proportionality" is relevant when determining whether to grant a Rule 2004 motion).

5. Furthermore, a court considering a Rule 2004 motion must determine whether the proposed discovery is for a proper purpose. *In re Enron Corp.*, 281 B.R. 836, 842 (Bankr. S.D.N.Y. 2002); *In re GHR Energy Corp.*, 35 B.R 534. (Bankr. D. Mass. 1983). The purpose of a Rule 2004 examination is "to show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D. N.Y. 1991)(quoting

*Cameron v. U.S.*, 231 U.S. 710, 717, 34 S.Ct.244 (1914)). Even if the moving party identifies a proper purpose, the court may exercise its discretion to decide whether or not to grant discovery. *In re Enron*, 281 B.R. at 840; *In re Bd. Of Dirs. Of Hopewell Int'l Indus., Ltd.*, 258 B.R. 580, 587(Bankr. S.D.N.Y. 2001) ("Rule 2004 provides that the Court 'may' order disclosure thereunder, giving the Court significant discretion."); *In re Thomases*, 32 B.R. 678, 679 (Bankr. S.D.N.Y.1983) ("It is within the discretion of the court to decide in each particular case what constitutes sufficient cause and whether to require examination of a party.").

6. Assuming a movant can identify a proper purpose for its inquiry, courts apply a two-pronged test to determine whether to grant Rule 2004 discovery. First, the moving party must show good cause for the requested discovery. *In re Eagle Picher*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); In re Wilcher, 56 B.R. 428, 434-35 (Bankr. N.D. Ill. 1985) ("[T]he examiner bears the burden of proving that good cause exists for taking the requested discovery."). "Good cause" requires the movant to "show some reasonable basis [for] examin[ing] the material sought to be discovered." *Id.* Second, presuming the moving party successfully shows good cause for its requested discovery, the court weighs the relevance of the discovery against the burden it will impose upon the producing party. *In re Wilcher*, 56 B.R. at 434. In making this determination, the court will "balance the compelling interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Coffee Cupboard*, 128 B.R. at 514.

7. In this instance, Forsell's document request is so broad as to be more disruptive and costly to the Debtors' estate than beneficial to Forsell as an unsecured creditor of this estate. The requests by Forsell, when taken together, essentially ask for the production of all books and records for the Debtors for the entire four-year period prior to the Petition Date.

8. For example, the requests ask for <u>all</u> bank records, for <u>all</u> accounts, with copies of checks and all documentation evidencing transfers for each deposit or disbursement for a four-year period leading up to the Petition Date. Similarly, the requests by Forsell, include a request for all accounts receivable reports or related documentation for a full four-year period leading up to the Petition Date. These requests are extremely broad and are made without consideration to the spirit of proportionality. There are no limitations on amount or any other parameters, like age of a receivable, or otherwise, and would require the production of a ridiculous volume of documents unlikely to be of any benefit to Forsell or any other entity seeking to investigate potential causes of action under chapter 5 of the Bankruptcy Code.

9. As debtors-in-possession, Debtors have the obligation, the standing, and the intent to investigate and pursue actions arising under Chapter 5 of the Bankruptcy Code and there is nothing in the record of this case or presented by Forsell to suggest otherwise. As such, Debtors respectfully suggests that Forsell's broad request for documents and on such a short time frame is premature, particularly in light of the burden responding to the request would place on the Debtors.

10. The Debtors understand and take seriously their obligation to pursue the recovery of assets of these estates for the benefit of their creditors and are presently undertaking and will continue to undertake an analysis of those assets, including causes of action arising under chapter 5, and intend to propose a plan that will be funded, in part, by the pursuit and recovery of value from these causes of action.

11. Requiring the Debtors to produce documents in response to the overly-broad, burdensome and disproportionate request of Forsell at this juncture and within the next twenty-one days will interfere with the Debtors' focus on and development of a plan of reorganization. These bankruptcy cases are not in the final stages of administration. The Debtors should be allowed

a full and complete opportunity to complete their evaluation and to negotiate and propose their plans of reorganization without the simultaneous burden of responding to an extremely broad and burdensome request for documents.

12. Given that the Debtors are undertaking the analysis of their historical records for the purpose of evaluating and investigating potentially avoidable transactions, and their announced intention to evaluate and pursue where appropriate chapter 5 avoidance actions at this early stage in these cases, it appears unnecessarily duplicative and burdensome to have to produce all of its books and records to Forsell within twenty-days. Furthermore, it underscores that the true purpose of Forsell's request is not to show the condition of these bankruptcy estates or the whereabouts of their assets, but rather to gather records and information to pursue non-debtors in other courts, which is not an appropriate use of Bankruptcy Rule 2004.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully requests that the Court (i) sustain the Debtors' Objection, (ii) deny the Motion, and (iii) grant Debtors such other and further relief as is just and equitable.

Dated: January 21, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I, Julie K. Zurn, hereby certify that on January 21, 2022, a true and correct copy of the *Objection to Carl Forsell's Motion For 2004 Examination and Production of Documents* was served via the court's Electronic Case Filing System on these entities and individual who are listed on the court's Electronic Mail Notice List:

John C. Cannizzaro on behalf of Interested Party Instantiation LLC at John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc. at christopher.combest@quarles.com

John G. Farnan on behalf of Cincinnati Insurance Company at jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company at rgoff@westonhurd.com, jroberts@westonhurd.com

Jeannie Kim on behalf of Interested Party Instantiation LLC at JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC at mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd. at dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC at cniekamp@bdblaw.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power at pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg at fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell at bsisto@fbtlaw.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation at jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC at jzurn@brouse.com, tpalcic@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee at kate.m.bradley@usdoj.gov

And by Regular U.S. Mail, postage prepaid, on January 21, 2022 on the following:

**Jason R. Schendel**
Sheppard, Mullin, Richter & Hampton LLP
Four Embardadero Center
Seventeenth Floor
San Francisco, CA 94111

      /s/ DRAFT
      Julie K. Zurn (0066391)
      BROUSE McDOWELL, LPA
      388 S. Main Street, Suite 500
      Akron, Ohio 44311
      Telephone: (330) 535-5711
      jzurn@brouse.com

      *Counsel for the Debtors*
      *and Debtors-in-Possession*