UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**APPLICATION OF DEBTORS AND DEBTORS-IN-POSSESSION
FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 327(a) AND
328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE
2014(a), AUTHORIZING DEBTORS TO EMPLOY AND RETAIN
CLIFTONLARSONALLEN AS THEIR ACCOUNTANT**

The debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), hereby submit this application (the "Application"), pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1, for entry of an order authorizing the Debtors to employ and retain CliftonLarsonAllen LLP ("CLA") as their accountant. In support of the Application, the Debtors refer to and rely upon the Declaration of Daniel Riemenschneider, a principal of CLA., attached hereto as Exhibit A (the "CLA Declaration"), filed contemporaneously herewith, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a), 327, and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2016-1.

## BACKGROUND

4. On November 23, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

5. Each of the Debtors is operating its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. Fred Schwieg has been appointed as subchapter V trustee in these cases.

## RELIEF REQUESTED

6. The Debtors request an order of this Court authorizing the Debtors to employ and retain CLA. as their accountant effective as of the date of this Application.

**I. Selection of CLA**

7. The Debtors selected CLA as their accountants because of its experience and expertise as tax advisor and accountant to businesses. Moreover, CLA is familiar with the Debtors' business and financial affairs. CLA has been serving as the Debtors' accountant since around 2018. As a result, CLA has extensive knowledge of the Debtors' history, business operations and capital structure. This allows CLA to provide efficient services during this Chapter 11 case.

8. For these reasons, the Debtors believe that CLA possesses the requisite expertise to serve as accountant to the Debtors in this Case, and can do so in an efficient and cost-effective manner.

## II. Services to be Rendered

9. The services of CLA. are necessary in order to enable the Debtors to execute their duties as debtors-in-possession. The Debtors seek the employment of CLA to render the following services to the Debtors:

   a. to prepare tax returns;

   b. to communicate with various taxing authorities; and

   c. to perform all other necessary and general tax services required throughout these Chapter 11 Cases.

10. The Debtors believe that it is in the best interest of their estates to avoid any disruption in professional services required to operate the Debtors' businesses. Therefore, it is necessary and essential that the Debtors employ an accountant to render the foregoing professional services.

11. Subject to the Court's approval of this Application, CLA has indicated a willingness to serve as the Debtors' tax accountant and to perform the services described above.

## III. Professional Fees and Expenses

12. CLA's fees for professional services are based upon its standard hourly rates, which are periodically adjusted. During the twelve month period ending December 31, 2021, the Debtors paid fees to CLA in an amount totaling $26,360.78 for its accounting and tax services.

13. Currently, Dan Riemschneider's rate for accounting and tax services is $400 per hour. In addition, the hourly rate for CLA's accounting and tax services vary by level of service and experience and are as detailed below:

| Position | Hourly Rate |
|---|---|
| Tax Staff | $135 |
| Tax Seniors | $175 |
| Tax Managers | $270 |

14. As of the Petition Date, the Debtors owed CLA approximately $15,000 for services rendered prior to the Petition Date (the "Prepetition Claim"). As set forth in the Declaration, CLA has agreed to waive the Prepetition Claim in excess of $10,000.

15. The Debtors, subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, applicable Bankruptcy Rules, and the orders and Local Bankruptcy Rules of this Court, propose to pay CLA its customary hourly rates in effect from time-to-time as set forth in the CLA Declaration, plus reimbursement of actual, necessary expenses incurred by CLA in the course of the representation. The Debtors have been advised that the hourly rates set forth are subject to periodic increases in the normal course of business, often due to increased experience of a particular professional. CLA will give prior notice to the Debtors of any such periodic increase.

16. CLA intends to apply to the Court for allowance of compensation for professional services and reimbursement of expenses incurred in these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders and Local Bankruptcy Rules of this Court.

17. CLA has agreed to accept as compensation such sums as may be allowed by the Court on the basis of (a) the professional time spent, (b) the rates charged for such services, (c) the necessity of such services to the administration of the estates, and (d) the reasonableness of the time within which the services were performed in relation to the results achieved.

IV. **Disinterestedness of Professionals**

18. To the best of Debtors' knowledge, except as set forth herein and in the CLA Declaration, CLA has no connection with the Debtors or the Debtors' creditors, equity security holders, nor the respective attorneys of the above, nor the United States Trustee for this district, nor any person employed in the Office of the United States Trustee in any matter relating to the

4

21-61491-tnap    Doc 152    FILED 01/31/22    ENTERED 01/31/22 15:50:12    Page 4 of 5

Debtors or their estates, nor any other party with an actual or personal interest in these Chapter 11 Cases, such that CLA would be unable to serve as accountant in these cases.

19. CLA provides income tax compliance for the following insiders: David Stanfill, Jessica Gritzen, Andrew Gould, and Sidney Keith. CLA also provides tax compliance and business consulting services to the following entities: Scurry Holdings Group LLC, Squirrels, Inc. and D2A Enterprises LLC.

20. Further, notwithstanding the Prepetition Claim, Debtors submit that CLA is a disinterested person because CLA has agreed to waive the Prepetition Claim in excesss of $10,000.

21. CLA. will conduct continuing inquiries into any matters which would affect its disinterested status and will promptly file a supplemental statement setting forth the results of that inquiry if additional disclosure is required.

## NOTICE

22. Notice of the Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the Northern District of Ohio, (b) Avnet; (c) Instantiation; (d) the Subchapter V Trustee; (e) the top twenty creditors for each Debtor; and (f) all parties that have filed a notice of appearance and request for service of papers in these cases under Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: January 31, 2022                     /s/David Stanfill
                                                                                        David Stanfill, President