**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**RESPONSE OF DEBTOR AND DEBTOR-IN-POSSESSION SQUIRRELS RESEARCH LABS, LLC TO MOTION FOR RELIEF FROM THE SALE ORDER FOR THE LIMITED PURPOSE OF AMENDING THE DISTRIBUTION SCHEME PENDING DISCOVERY**

Squirrels Research Labs LLC, one of the debtors and debtors-in-possession in the above-captioned case (the "Debtor"), hereby submits this response to the *Motion for Relief from the Sale Order for the Limited Purpose of Amending the Distribution Scheme Pending Discovery* (the "Motion") filed by Carl Forsell ("Forsell").

**PRELIMINARY STATEMENT**

Forsell, an unsecured creditor in this subchapter v bankruptcy case, seeks to reopen the final order of this Court entered on January 18, 2022 (the "Sale Order") authorizing and approving the sale of certain of the assets of the Debtor and the Midwest Data Company LLC, including assets subject to Avnet's security interest (the "Sale"). The Sale was conducted pursuant to the procedures adopted by this Court, following notice and a hearing, and ample opportunity was provided to all parties in interest, including Forsell, to raise objections or concerns about the procedures or the Sale itself. Although Forsell received notice of the Sale and the procedures and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

the hearings held by the Court thereon, Forsell did not file any objections to the Sale nor seek relief from the Sale Order until over a month after the Sale Order was entered by this Court.

## FACTS RELEVANT TO THIS MOTION

### NOTICE OF THE SALE

1. On the November 23, 2021 (the "Petition Date"), Debtor commenced this subchapter V case by the filing of a voluntary petition for relief under Chapter 11 of Tile 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, Debtor filed a motion, pursuant to Bankruptcy Code sections 105, 363 and 365 and rules 2002, 6004 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order: (A)(I) establishing and approving bid procedures to be used in connection with the proposed sale of certain of the Debtors' assets, including assets subject Avnet's security interest, to Instantiation LLC and/or its assigns (the "Stalking Horse Bidder") for the purchase price of $3,010,000.00, subject to higher and better offers, pursuant to 11 U.S.C. §§ 105(A), 363, and 365 and including the terms of the proposed purchase agreement substantially in the form attached thereto as Exhibit B (the "APA"); (II) approving contract/lease assumption and assignment procedures and the form and notice thereof; (III) approving Bid Protections (as defined therein) for the Stalking Horse Bidder; (IV) scheduling the auction; (V) scheduling a hearing and objection deadline with respect to the sale; (VI) approving the form and notice thereof; and (VII) granting related relief; and (B)(I) authorizing sale of certain of the Debtors' assets free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. §§ 105 and 363; and (II) approving assumption and assignment of executory contracts and unexpired leases; and (C) granting related relief (the "Sale Motion") [Docket #6].

2. The Sale Motion, along with the exhibits to the Sale Motion, which included, among other things, the proposed purchase agreement setting forth the purchase price, the proposed bidding procedures, and the proposed order establishing the procedures for conducting the sale, was served on all creditors and parties in interest, including Forsell, on November 23, 2021 as set forth in the Certificates of Service filed with the Court on November 24, 2021 [Docket ## 13 and 14].

3. The Court entered an order setting a hearing on the Sale Motion for December 1, 2021 and the Debtor served a copy of that order with notice of the hearing on all creditors and parties in interest, including Forsell, on November 24, 2021 as set forth in the Certificate of Service filed with the Court on November 29, 2021 [Docket ## 27 and 28].

4. The Court conducted a hearing on the Sale Motion on December 1, 2021 and entered an order establishing the procedures for conducting the sale, including without limitation setting the deadline for objecting to the proposed sale as set forth in the proposed purchase agreement attached to the Sale Motion as an Exhibit [Docket #40]. Notice of the December 1, 2021 order establishing procedures and deadlines was served by the Debtor on December 1, 2021 to all cm/ecf parties and on December 3, 2021 to all creditors and parties in interest, including Forsell, as set forth in the Certificate of Service filed with the Court on December 6, 2021 [Docket #60].

5. The December 1, 2021 order of the Court establishing the sale procedures set a deadline of January 10, 2022 for filing objections to the Sale and set a hearing date of January 11, 2022 (the "Sale Hearing") to consider the Sale. Forsell did not file an objection to the Sale before the January 10, 2022 deadline nor did Forsell raise an objection to the Sale at Sale Hearing.

6. No competing offers for the purchase of the assets were received by the Debtor prior to the bidding deadline set by the Court.

7. The Court entered the order approving the Sale to Instantiation on January 18, 2022 [Docket #131].

**AVNET'S CLAIM**

8. Prior to the Petition Date, SQRL executed and delivered to Avnet, Inc. ("Avnet"): (i) a promissory note in the original principal amount of $4,621,092.50 dated March 26, 2019 (the "Initial Note") and (ii) a Security Agreement dated as of March 20, 2019 granting a lien in the collateral described therein in favor of Avnet to secure payment of amounts invoiced by Avnet (the "**Security Agreement**").

9. The debt to Avnet was secured by the filing of UCC financing statement with the Ohio Secretary of State on March 29, 2019. Since its filing, the financing statement appears in the records of the Ohio Secretary of State and is available for review by the public.

10. The Initial Note was amended and restated pursuant to a promissory note executed by the Debtor and delivered to Avnet dated April 8, 2021 in the original principal amount of $7,864,779.76 plus accrued and accruing interest, fees, costs, and other charges (including attorneys' fees and costs) (the "Avnet Clam").

11. The result of negotiation over the amount of Avnet's Claim and the value of its secured claim is reflected in the Account Settlement and Sale Support Agreement through which Debtor and Avnet reached agreement on the amount of Avnet's Claim and the value of the Avnet Secured Claim. The financial accommodation provided by Avnet to the Debtor in reducing the Avnet Claim from almost $8 million to $5,751,000.00 and determining the amount of the Avnet Claim, pursuant to Bankruptcy Code section 506, to be a secured claim in the amount of $3,000,000.00 (the "Avnet Secured Claim") was made to facilitate the filing of this bankruptcy

case and the conduct of a value-maximizing sale of the Debtor's assets through a section 363 process before this Court.

12. The Debtor's schedules note that the claims of Avnet are scheduled in agreed amounts pursuant to that certain prepetition Account Settlement and Sale Support Agreement among Avnet, the Debtor, and Instantiation and make reference to the UCC financing statement filed with the Ohio Secretary of State. In addition, with respect to Schedule D, the *Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statement of Financial Affairs* filed with the Debtor's schedules, provide, in pertinent part with respect to Schedule D that

> In response to "Describe debtor's property that is subject to lien", any description of the creditor's liens or its priority herein is qualified in its entirety by reference to the operative documents, agreements, schedules, any amendments and exhibits to the preceding and any documents evidencing perfection of such lien. The Debtor is taking no position on the extent or priority of a particular creditor's lien in this document.
>
> In response to "Describe the lien", see statement above regarding property subject to lien.

13. The documents, agreements, schedules … and any documents evidencing the perfection of Avnet's lien were available upon request as a part of the sale process, and the UCC financing statement was public record with the Ohio Secretary of State.

14. With reasonable diligence, conducted in a timely fashion, Forsell could have discovered, reviewed and considered the operative documents related to the Avnet Claim during the sale process. As noted above, the UCC financing statement was public record and available for inspection and Forsell did not request any operative documents until after the sale process was concluded.

5

## RULE 60(B) – NEWLY DISCOVERED EVIDENCE

15. Relief under Rule 60(b)(2) requires a movant to show by clear and convincing evidence (1) that it exercised due diligence to obtain the evidence and (2) that the evidence is material, *i.e.,* would have clearly resulted in a different outcome. *See J.P Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 584 (6th Cir 2014), cert. denied, 135 S. Ct. 2349 (2015). Forsell cannot meet either requirement.

16. The Debtor believes, and the record before the Court reflects that Forsell was provided notice and opportunity to be heard on the Sale and the allocation of the proceeds from the Sale. In addition, the financing statement related to Avnet's lien was available in the public records of the Ohio Secretary of State. Movant waited until after the sale process concluded to request any documents, all of which were available to him at any time during that process. With reasonable diligence, Forsell would have and could have obtained the operative documents during the sale process. Given his failure to do so prior to the conclusion of the sale process, the existence of the Security Agreement, which was disclosed in the Sale Motion, does not raise to the level of newly discovered evidence that should give rise to relief from a final order of the Court.

17. In sum, Forsell had full and fair opportunity to participate in the sale process, to conduct discovery during that time frame, and to raise objections to the sale or the allocation of proceeds from the Sale. Ultimately, he did not do so in a timely fashion. The Sale Order is a final, non-appealable order and all parties have acted in reliance on the finality of that Sale Order. Forsell has not established by clear and convincing evidence grounds for granting relief from this Court's final order.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court deny the relief requested in the Motion or, alternatively, if the relief sought in the Motion is granted, the Debtor requests any such order preserve for the benefit of the debtor's bankruptcy estate the value of any reallocation of proceeds from the Sale.

Dated: April 5, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I, Julie K. Zurn, hereby certify that on April 5, 2022, a true and correct copy of the ***RESPONSE OF DEBTOR AND DEBTOR-IN-POSSESSION SQUIRRELS RESEARCH LABS, LLC TO MOTION FOR RELIEF FROM THE SALE ORDER FOR THE LIMITED PURPOSE OF AMENDING THE DISTRIBUTION SCHEME PENDING DISCOVERY*** was served via the court's Electronic Case Filing System on these entities and individual who are listed on the court's Electronic Mail Notice List:

- **John C. Cannizzaro**   John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com
- **Nicholas Paul Capotosto**   ncapotosto@brouse.com, tpalcic@brouse.com
- **Christopher Paul Combest**   christopher.combest@quarles.com
- **John G. Farnan**   jfarnan@westonhurd.com
- **Robert E. Goff**   rgoff@westonhurd.com, jroberts@westonhurd.com
- **Steven Heimberger**   sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

- **Jeannie Kim** JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin** mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- **David M. Neumann** dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- **Christopher Niekamp** cniekamp@bdblaw.com
- **Matthew T. Schaeffer** mschaeffer@baileycav.com, lpatterson@baileycav.com
- **Paul J. Schumacher** pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg** fschwieg@schwieglaw.com
- **Frederic P. Schwieg** fschwieg@schwieglaw.com
- **Bryan Sisto** bsisto@fbtlaw.com
- **Richard J. Thomas** rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- **United States Trustee** (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan** jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn** jzurn@brouse.com, tpalcic@brouse.com
- **Kate M. Bradley ust44** kate.m.bradley@usdoj.gov

*/s/ Julie K. Zurn*
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
jzurn@brouse.com