# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.,*[1] | ) | Case No. 21- 61491 |
| | ) | |
| Debtors. | ) | (*Jointly Administered*) |
| | ) | |
| | ) | Judge Russ Kendig |

### INSTANTIATION, LLC'S MEMORANDUM IN OPPOSITION TO MOTION FOR RELIEF FROM THE SALE ORDER FOR THE LIMITED PURPOSE OF AMENDING THE DISTRIBUTION SCHEME PENDING DISCOVERY

Instantiation, LLC ("Instantiation") hereby files this memorandum in opposition (the "Opposition") to Carl Forsell's ("Forsell") motion to alter or amend the Sale Order pending discovery that Forsell proposes to request from Instantiation and Avnet (the "Motion")[2]. The Motion calls into question the sale process that the Debtors conducted at the beginning of their chapter 11 bankruptcy cases and pursuant to which they sold to Instantiation certain assets[3] (as more definitively described in the Sale Order and defined therein, the "Sale"). That Sale generated $3,000,000 in cash proceeds that debtor SQRL directed Instantiation to pay to Avnet in accordance with Paragraph 7 of the Sale Order and Section 4.3 of the Second Amended and Restated Asset Purchase Agreement between Instantiation and the Debtors (as amended and restated from time to time, the "APA").

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

[2] Capitalized terms not otherwise defined in this Opposition shall have the same meanings ascribed to them in the Motion.

[3] Contrary to Forsell's representations in the Motion, this Court made a specific finding in the Sale Order that "the Sale [as defined in the Sale Order] does not amount to a sale of substantially all assets of the Debtors or a consolidation, merger, or de facto merger of the Buyer (or any other Buyer Party) and the Debtors." *See* Sale Order at ¶ Q.

The Motion seeks relief in the form of a court order: (1) authorizing Forsell to request discovery from Instantiation and Avnet in connection with Forsell's allegations in the Motion, which question the amount, validity, and priority of Avnet's lien, the propriety of the sale process, and the value of the assets the Debtors sold to Instantiation; (2) directing Avnet and Instantiation to comply with Forsell's discovery requests; and (3) setting a date for an evidentiary hearing on the Motion. Forsell attempts to base his Motion on Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), which is made applicable in the Debtors' bankruptcy cases under Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Specifically, Forsell argues that a Security Agreement (which he could have reviewed prior to entry of the Sale Order) constitutes "newly discovered evidence." Motion at ¶ 20. He further asserts, without factual basis, that further discovery could potentially give rise to a right to relief under FRCP 60(b)(3) (which provides for relief from a final order due to "fraud …, misrepresentation, or misconduct by an opposing party") and/or FRCP 60(b)(6) (the general catchall). Motion at ¶ 21. If granted, Forsell makes clear in his Motion that he intends to use each of these forms of relief to challenge and amend a Sale Order that he had ample opportunity to oppose yet chose not to.

### The Motion Is Untimely and Forsell's Efforts to Undermine the Validity of the Sale Order Are Inappropriate

Forsell's Motion, which was filed **more than 30 days** after this Court entered the Sale Order, is untimely and inappropriate. Notwithstanding how the Motion is styled, Forsell's clear goal is to amend or otherwise seek relief from the terms of the Sale Order even though the Sale Order is a **final, appealable order** that no party in interest—including Forsell—objected to, appealed, or otherwise contested. Forsell claims that he was unable to obtain information regarding the Sale Motion or related to the Sale until three weeks after the entry of the Sale Order, notwithstanding the fact that the Debtors gave him written notice of the proposed Sale on

December 9, 2021. Like all other creditors and parties in interest, Forsell had at least one month to seek more information regarding the Sale and contest entry of the Sale Order. Further, as indicated on the certificates of service filed by the Debtors, Forsell received written notice of the Debtors' case and the Sale Motion through his counsel of record. Unlike an unrepresented creditor, Forsell had the benefit of counsel to represent and advise him in connection with his rights and remedies in the Debtors' cases. Forsell neither timely reserved his rights with respect to the Sale nor timely objected to the Sale or entry of the Sale Order. In fact, he only appeared at the meeting of creditors and filed a motion for 2004 exam **two days** after the Court entered the Sale Order.

The Court should not now reward his lack of diligence and failure to reserve timely his rights or object timely to the Sale Order by blessing his efforts to take unwarranted and unnecessary discovery, which would pull Instantiation, a third-party purchaser, into potential litigation over a Sale that closed more than two months ago.

## Forsell Does Not Meet His Burden to Demonstrate That He Is Entitled to Relief Under FRCP 60(b)(2)

Rule 60(b)(2) permits a court to relieve a party from an order when there is "newly discovered evidence that, **with reasonable diligence**, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2) (emphasis added). In the Sixth Circuit, parties seeking relief from a final order under FRCP 60(b) based on "new evidence" must show "(1) that it exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.*, 993 F.2d 1195, 1200–01 (5th Cir.1993) (footnote and citation omitted)); *Wilson v. Upjohn Co.*, 808 F. Supp 1321, 1323 (S.D. Ohio 1992) (new evidence "must pertain to facts that existed at that the time of the judgment, and could not have been

discovered by due diligence.") (citing *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 135, 136 (6th Cir.1990)).

As stated above, Forsell failed to exercise appropriate due diligence with respect to the Sale Motion and the terms of the Sale Order notwithstanding that the Debtors gave him and his counsel written notice at least one month before the hearing on the Sale. Forsell could have easily "discovered" the Security Agreement if he had made even the slightest attempt to timely assert his rights. Yet he has not provided any evidence that he attempted to exercise any diligence prior to the hearing to approve the Sale. And if Forsell had a concern with the facts asserted in the Sale Motion, he could have easily requested information from the Debtors or filed something to protect his interests. But Forsell did not timely reserve his rights, did not timely object to the Sale, and by his own admission, did not even think to seek diligence until at least three days after the Court approved the Sale. That should be the end of this Court's inquiry.

Further, Forsell has not provided any colorable basis for this Court to ponder whether the "new evidence" he discovered after the Sale Order became a final, appealable order would have produced a result other than the Court's approval of the Sale Motion. Instantiation was the only bidder for the purchased assets, and as described below, Avnet and the Debtors agreed to compromise the Avnet Secured Claim under an Account Settlement and Sale Support Agreement (the "Settlement Agreement").

**The Sale Order Is a Final and Appealable Order That Forsell Did Not Timely Appeal**

The Sale Order is a "final and appealable order within the meaning of 28 U.S.C. § 148(a).[4] The Court found sufficient cause to waive the 14-day stay of order provided under Bankruptcy

---

[4] *See* Sale Order at ¶ C.

Rules 6004(h) and 6006(d) and did so waive the stay.[5] The Court entered the Sale Order on January 18, 2022. No party in interest, including Forsell, objected to the form of order as entered or otherwise gave notice of its intent to appeal the Sale Order or did actually appeal the Sale Order prior to February 21, 2022, or within fourteen days of the Court's entry of the Sale Order as required under Bankruptcy Rule 8002(a). Thus, the Sale Order is a final order and no longer subject to appeal, reconsideration, or amendment by Forsell or any other party in interest.

Further, notwithstanding that the Debtors served Forsell (along with all other creditors and parties in interest entitled to notice in the Debtors' bankruptcy cases) with notices of the Debtors' Sale Motion and the cancellation of the auction based on the lack of <u>any</u> other bids (let alone qualified bids) to purchase certain of the Debtors' assets,[6] Forsell did not object to the Sale by the January 10, 2022 objection deadline.[7] Instead, he sought discovery from the Debtors on January 20, 2022, after the Sale Motion had already been granted.

Forsell knew or should have known about the Debtors' bankruptcy cases and their intentions to sell their assets beginning at least in mid-December 2021.[8] By failing to (1) object timely to the Sale; (2) give notice of his intent to appeal the Sale or the Sale Order; or (3) appeal the Sale Order by the deadlines set forth under the notice of the Sale Motion and the Bankruptcy Rules, Forsell deprived Instantiation of any indication that the validity of the sale process, the Sale,

---

[5] *See* Sale Order at ¶¶ C and Z.
[6] *See* Certificate of Service re *Notice of Filing of Motion and an Order Related to the Auction and Sale of Certain Assets Owned by Squirrels Research Labs LC and the Midwest Data Company LLC* filed by the Debtors on December 1, 2021, as Docket No. 60; and *Certificate of Service* re *Notice of Cancellation of Auction for Sale of Assets of Squirrels Research Labs LLC and The Midwest Data Company LLC* filed by the Debtors on January 3, 2022, as Docket No. 107.
[7] *See Notice of Filing of Motion and an Order Related to the Auction and Sale of Certain Assets Owned by Squirrels Research Labs LC and the Midwest Data Company LLC,* as Docket No. 46.
[8] *See* Certificate of Notice filed on December 9, 2021, as Docket No. 72, which indicates notice given, on December 9, 2021, of the Debtors' commencement of their cases and the meeting of creditors.

and Sale Order would be called into question. In reliance on this lack of any objection to the Sale or the Sale Order and the Court's entry of the Sale Order, Instantiation fulfilled its obligations under the APA and timely closed the Sale. In accordance with the terms of the APA, Instantiation paid to the Debtors the full, negotiated purchase price for the Purchased Assets, in part, by delivering $3,000,000 to Avnet in accordance with specific instructions from the Debtors to do so.

**The Sale Process, Including the Debtors' and Avnet's Determination to Compromise the Avnet Secured Claim, Was Proper and Conducted in Good Faith**

The Debtors ran a transparent and fair marketing and sale process, which this Court specifically found to be properly noticed[9] and that ultimately resulted in the Sale of certain of the Debtors' assets (the "Purchased Assets") to Instantiation as the stalking horse (and the **only** bidder) without any collusion, in good faith, and for fair and reasonable consideration.[10] Only one party in interest timely objected to the Sale.[11] The Court overruled all objections and rights reservations with respect to the Sale not otherwise withdrawn or resolved at the hearing to approve the Sale and approved the Sale to Instantiation of the Purchased Assets.[12]

The Sale of the Purchased Assets closed on or about January 27, 2022, and thus has been fully consummated. Because the Sale was in the form of an asset sale (and not a stock sale) it would be difficult or impossible to unwind the Sale at this point because the assets sold have already been incorporated into Instantiation's other assets and properties. Forsell has had multiple opportunities to object to the Debtors' sale process, the proposed Sale of the Purchased Assets to Instantiation, and the entry of the Sale Order but did not do so until he filed the Motion on February

---

[9] *See* Sale Order at ¶ E.
[10] *See* Sale Order at ¶¶ 18-19.
[11] *See Torea Consulting, Ltd.'s Objection to Modification of Sale* filed by Torea Consulting on January 11, 2022, as Docket No. 127 (objecting, on a limited basis, to the modification of the APA; Torea did not object to the Sale in whole.)
[12] *See* Sale Order at ¶ 2.

SMRH:4895-1182-9274 -6-

21-61491-rk   Doc 204   FILED 04/05/22   ENTERED 04/05/22 21:40:18   Page 6 of 11

21, 2022. It is inappropriate for Forsell now to request, more than two months after the closing of the Sale, to take discovery and seek to question or otherwise undermine the validity of the sale process and the Sale, including this Court's separate orders approving the sale process and then the Sale.

Forsell also questions the amount, validity, and priority of the Avnet Secured Claim and the Debtors' determination, in its business judgment, to agree to compromise its rights, remedies, and affirmative defenses with respect to the Avnet Secured Claim. The Debtors, Avnet, and Instantiation are parties to the Settlement Agreement referred to above, pursuant to which the parties thereto agreed, among other things, that the Avnet Secured Claim would be limited in amount, but not in validity or priority, to facilitate the Sale of the Purchased Assets to Instantiation free and clear of all liens, claims, and encumbrances of any kind. The parties to the Settlement Agreement fully performed their respective obligations thereunder, and this Court approved the Debtors' sale process and ultimate Sale of the Purchased Assets to Instantiation by entering the Sale Order. The Sale has been consummated and Debtor Squirrels Research Labs LLC has filed its plan of liquidation, which is pending confirmation at a hearing scheduled for May 24, 2022. There is no indication that either the Settlement Agreement or the Sale approved by the Court and facilitated, in part, by the Settlement Agreement, is the result of fraud or misrepresentation by any of the Debtors, Avnet, or Instantiation. Forsell has not presented any evidence whatsoever of any such fraud or misrepresentation. Instead, he offers only speculation and untimely objections. The Court should deny the Motion with prejudice and curtail Forsell's frivolous efforts to take unnecessary and inappropriate discovery from Instantiation.

### The Sale Order Is a Final Order That Includes Findings That Instantiation Made the Highest and Best Offer for the Purchased Assets and That the Debtors and Instantiation Acted in Good Faith and Without Collusion

By the Sale Order, this Court found that "the Debtors conducted a sale process with, and have, along with the Buyer, complied in all material respects with, the Bidding Procedures Order and afforded a full, fair, and reasonable opportunity for any interested party to make a higher or otherwise better offer to purchase the Acquired Assets and assume the Assumed Liabilities."[13] The Court further found, among other things, that the Debtors engaged in a robust and extensive marketing and sale process, both pre- and postpetition, conducted a fair and open sale process, which resulted in the Debtors selecting, in "a valid and sound exercise of their business judgment" Instantiation as the successful bidder for the Purchased Assets.[14]

Based on the Court's findings in the Sale Order, Instantiation objects to Forsell's statements that discovery is necessary on the value of Purchased Assets, either as a whole or in piecemeal. It is well-known and well-accepted that the "fair market value" of assets sold under section 363 of the Bankruptcy Code is the price "a willing buyer in the debtor's business would pay a willing seller to obtain a similar property." *In re Heritage Highgate, Inc.*, 679 F.3d 132 (3d Cir. 2012) (citing *Associates Commercial Corp. v. Rash*, 520 U.S. 953 (1997)). As the only bidder for the Purchased Assets, the purchase price reflected in the APA is the fair market value of the Purchased Assets. The Court approved such purchase price and Instantiation should not be subject to discovery propounded by Forsell regarding any evaluation or analyses that Instantiation may or may not have conducted to arrive at the final, negotiated commercial terms of the Sale as reflected in the APA.

---

[13] *See* Sale Order at ¶ H.
[14] *See* Sale Order at ¶¶ I and J.

Again, the Court approved the Sale and entered the Sale Order. In response, Instantiation upheld its end of the bargain under the APA and delivered the cash consideration for the Purchased Assets to the Debtors and Avnet as directed by the Debtors on or about January 27, 2022. The Sale closed and has been fully consummated. Instantiation has moved on from the Sale and has continued to conduct its business and operate in the ordinary course. Instantiation has incorporated certain of the Purchased Assets in its other assets and properties. It would be unduly burdensome for Instantiation to be required to respond to discovery requests from Forsell in litigation it did not anticipate given the lack of any objection to the Sale Order or appeal thereof.

Instantiation takes no position regarding the amount, validity, and priority of the Avnet Secured Claim (as defined in the Sale Order) except that the Motion asserts no valid basis for calling into question the Debtors' representations regarding the amount, validity, and priority of the Avnet Secured Claim or the propriety of the Sale Order.

For all of the reasons stated in this Opposition, Instantiation respectfully requests that the Court deny the Motion with prejudice and for other such relief that the Court deems just and proper.

*(signature page follows)*

DATED: April 5, 2022                                  Respectfully submitted,

                                                */s/ John C. Cannizzaro*
John C. Cannizzaro (0085161)
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, Ohio 43215-7509
(614) 462-2700 Telephone
(614) 232-6923 Facsimile
john.cannizzaro@icemiller.com

Jason R. Schendel (CA SBN 221572)
Jeannie Kim (CA SBN 270713)
*Admitted Pro Hac Vice*
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Four Embarcadero Center, Suite 1700
San Francisco, CA 94111-4109
(415) 434-9100 Telephone
(415) 434-3947 Facsimile
jschendel@sheppardmullin.com
jekim@sheppardmullin.com

*Counsel for Instantiation LLC*

# CERTIFICATE OF SERVICE

I, John C. Cannizzaro, hereby certify that on April 5, 2022, a true and correct copy of the above was served via the Court's CM/ECF system on the following:

- **John C. Cannizzaro** John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com
- **Nicholas Paul Capotosto** ncapotosto@brouse.com, tpalcic@brouse.com
- **John G. Farnan** jfarnan@westonhurd.com
- **Robert E. Goff** rgoff@westonhurd.com, jroberts@westonhurd.com
- **Steven Heimberger** sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- **Jeannie Kim** JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin** mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- **David M. Neumann** dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- **Christopher Niekamp** cniekamp@bdblaw.com
- **Matthew T. Schaeffer** mschaeffer@baileycav.com, lpatterson@baileycav.com
- **Paul J. Schumacher** pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg** fschwieg@schwieglaw.com
- **Bryan Sisto** bsisto@fbtlaw.com
- **Richard J. Thomas** rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- **United States Trustee** (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan** jvaughan@amer-collect.com, SAllman@AMERCOLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn** jzurn@brouse.com, tpalcic@brouse.com
- **Kate M. Bradley** ust44 kate.m.bradley@usdoj.gov

                                                       */s/ John C. Cannizzaro*
                                                       John C. Cannizzaro (0085161)