# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| SQUIRRELS RESEARCH LABS, LLC, *et al.* | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

## TOREA CONSULTING, LTD'S OBJECTION TO CHAPTER 11 PLANS FILED BY SQUIRRELS RESEARCH LABS, LLC AND THE MIDWEST DATA COMPANY LLC

Torea Consulting, Ltd.("Torea"), by and through its undersigned counsel, hereby objects to the chapter 11 plans filed by Squirrels Research Labs, LLC ("Squirrels") and Midwest Data Company LLC ("MDC" and together with Squirrels, the "Debtors") on February 21, 2022 (each a "Plan").

### BACKGROUND

1. On November 23, 2021 (the "*Petition Date*"), the Debtors filed their voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*"), thereby commencing the above-captioned Chapter 11 jointly administered cases (the "*Cases*").

2. Torea is an Ontario, Canada-based business entity that is registered with the Ohio Secretary of State's Office.

3. Prior to the Petition Date, Torea commenced litigation in the Stark County Court of Common Pleas – which case is reflected in Squirrels' schedules and statement of financial affairs ("State Case"). The State Case has been stayed and did not progress beyond the September 29, 2021, submission of a joint report of the parties' Rule 26(f) conference. Torea

1

propounded discovery requests on September 16, 2021 - but no responses were received prior to the Petition Date.

4. Based upon the answer filed by Squirrels in the State Case, it is undisputed that Squirrels hosted boards used for mining cryptocurrency at the Debtors' facilities and that during this hosting relationship, representatives of the Debtors reached-out to Torea, via an instant messaging and digital distribution platform called "Discord," requesting to temporarily rent certain mining boards under their hosting control.

5. On March 3, 2022, David Stanfill, the Chief Executive Officer of Squirrels ("Mr. Stanfill") attended a Bankruptcy Rule 2004 Examination as ordered by this Court ("2004 Exam"). At the 2004 Exam, Mr. Stanfill testified that MDC was started in 2019 and never had employees – that all the work done for MDC was done by Squirrels' employees. He further testified: (i) MDC's primary business was providing hosting services to service Squirrels' customers, (ii) that MDC was "essentially" subletting space from Squirrels, and (iii) MDC and Squirrels operated shared cryptocurrency mining equipment and infrastructure.

**RELEVANT FACTS**

6. At the beginning of March 2021, Two Hundred Sixty-Seven (267) of Torea's cryptocurrency mining boards (the "Cards") were hosted by Squirrels. Torea had been a long-time customer of the Debtors amassing ownership of 267 Cards – 42 of which are water cooled Cards and are difficult and expensive to relocate.

7. On March 2, 2021, representatives of the Debtors approached Torea on Discord with a proposal to rent the Cards for one month in order to "pay for some hashrate (*sic*) to cover some customers until we ship their hardware at the end of the month". Hash rate is the amount of computational power used by miners dedicated to the mining of new cryptocurrency.

8. Representatives of Squirrels agreed to pay weekly rent, one week in advance, in Ethereum cryptocurrency. Since the payments were to be made in advance, the amount of Ethereum mined was to be estimated and then adjusted subsequently to match the actual amount mined.

9. On March 3, 2021, the Debtors took exclusive control of the Cards, allegedly for hash rate, but never made the first payment nor other subsequent weekly payments.

10. Eventually, some partial payments were received but, despite repeated requests, the Cards were not returned to Torea and have never been returned.

11. After it refused to return the Cards, representatives of the Debtors offered on Discord what it described in its answer in the State Case as an "Accord and Satisfaction" to buy the Cards for 160.2 Ethereum. After failing to pay this amount and after refusing to return the Cards, representatives of the Debtors allegedly attempted an accord and satisfaction upon its previous asserted "Accord and Satisfaction". Finally, representatives of the Debtors advised that Torea was in violation of its hosting agreement for not paying hosting charges since March 2021 and that in the event Torea did not accept this second accord and satisfaction for even less money – the Cards would be confiscated by the Debtors.

12. Upon information and belief, and based upon the 2004 Exam, Squirrels transferred ownership of these Cards first to themselves and then to an insider - Michael Maranda or his company MM, LLC ("Maranda") – all outside the ordinary course of the Debtors' businesses. The Cards, twenty-one (21) carriers for the water cooled Cards, and the cases and power supply units for 45 air cooled Cards, all under Squirrels' dominion and control under a hosting relationship, were transformed into a non-bonafide purchase and defalcation by the Debtors and its insider Maranda.

## OBJECTION TO PLANS

13. Torea's objection to the Plan filed by MDC solely relates to the allocation of insurance proceeds under the Debtors' $10,000,0000 policy with Cincinnati Insurance. It is unclear from either Plan how the proceeds are to be allocated between the two Debtors. Due to the small number of creditors of MDC and thus the opportunity for a windfall for MDC shareholders – the Plans must address this allocation or otherwise merge the Plans to channel the insurance proceeds to creditors of Squirrels.

14. While there are two Debtors here – MDC was never operated on a stand-alone basis as indicated in paragraph 5 above. A single integrated plan as opposed to two plans with contrary purposes is one way of addressing the insurance allocation issue.

15. Torea objects to the Plan filed by Squirrels as it contains the following statement:

> Debtor is evaluating various sales, including without limitation sales to MM LLC and TorEA Consulting, where it appears transactions may have taken place outside of the ordinary course of business and the price paid for hardware purchased may have been significantly less than fair market value for the hardware resulting, potentially, in a constructively fraudulent transfer.

16. This statement is not substantiated by any schedule filed by the Debtors, is ambiguous, and is detrimental to the Debtors' estate in the absence of a showing of what was ordinary in the Debtors' businesses. By this threat – one can only imagine that Squirrels intends to target Torea as part of Squirrels' defense to the outside ordinary course of business nature of the transaction between Squirrels and Maranda.

WHEREFORE, Torea hereby objects to these Plans as they fail to properly address two critical issues: (i) the allocation of insurance proceeds between the Debtors and (ii) the

identification and treatment of the "cause of action" ambiguously mentioned under Squirrel's Plan.

Dated: April 6, 2022

Respectfully submitted,

*/s/ David M. Neumann*
David M. Neumann (OBR #0068747)
R. Scott Heasley (OBR #0087235)
MEYERS ROMAN FRIEDBERG & LEWIS LPA
28601 Chagrin Boulevard, Suite 600
Cleveland, OH 44122
Phone: (216) 831-0042
Fax: (216) 831-0542
e-mail: dneumann@meyersroman.com
sheasley@meyersroman.com

*Attorney for Torea Consulting, Ltd.*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 6, 2022, a true and correct copy of *Torea Consulting, LTD's Objection to Chapter 11 Plans Filed by Squirrels Research Labs, LLC and The Midwest Data Company LLC* was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- John C. Cannizzaro    John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com
- Nicholas Paul Capotosto    ncapotosto@brouse.com, tpalcic@brouse.com
- Christopher Paul Combest    christopher.combest@quarles.com
- John G. Farnan    jfarnan@westonhurd.com
- Robert E. Goff    rgoff@westonhurd.com, jroberts@westonhurd.com
- Steven Heimberger    sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- Jeannie Kim    JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- Marc Merklin    mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com
- Christopher Niekamp    cniekamp@bdblaw.com
- Matthew T. Schaeffer    mschaeffer@baileycav.com, lpatterson@baileycav.com
- Paul J. Schumacher    pschumacher@dmclaw.com, tgross@dmclaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Bryan Sisto    bsisto@fbtlaw.com
- Richard J. Thomas    rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- United States Trustee    (Registered address)@usdoj.gov
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- Julie K. Zurn    jzurn@brouse.com, tpalcic@brouse.com
- Kate M. Bradley ust44    kate.m.bradley@usdoj.gov

Via Regular U.S. Mail:

Brouse McDowell
388 South Main Street
Suite 500
Akron, OH 44311-4407

Jason R. Schendel
Sheppard, Mullin, Richter & Hampton LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111

Respectfully Submitted,

*/s/ David M. Neumann*
David M. Neumann (OBR #0068747)
*Attorney for Torea Consulting, Ltd.*