# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.*[1] <br> *Debtors* | CASE NO. 21-61491-RK <br> (JOINTLY ADMINISTERED) <br> CHAPTER 11 <br> SUBCHAPTER V <br> JUDGE KENDIG |

### REPORT OF SUBCHAPTER V TRUSTEE AND STATEMENT CONCERNING CONFIRMATION OF MIDWEST DATA CENTER PLAN

Frederic P. Schwieg, Subchapter V Trustee (the "Trustee"), submits this report to the Court in anticipation of the upcoming hearing on confirmation of the proposed The Midwest Data Company's Plan of Reorganization Dated February 21, 2022 [Doc. 170] ("MWDC" and the "Plan") based on the Trustee's review of the Plan, his investigation concerning same, the requirements for confirmation, and the overall posture of this case.

## I. BACKGROUND

1. MDWC filed its petition on November 23, 2021. The Debtor made the election upon filing to have this case heard and considered under the chapter 11 subchapter V provisions added by the Small Business Restructuring Act of 2019.

2. On November 30, 2021, the Office of the United States Trustee appointed Mr. Schwieg as the Trustee for this case [Doc 28].

3. During this case Squirrels Research Labs LLC ("SQRL") sold most of its physical assets to Instantiation LLC for $3.0 million which was paid to Avnet LLC pursuant to a court order approving the sale [Doc. 131]. As a part of the sale MWDC sold approximately $10,000 worth of assets to Instantiation. Instantiation also provided debtor-in-possession financing to the debtor during the pendency of the sale process.

4. The Trustee has analyzed the Plan and has considered both the technical requirements for

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

confirmation and the goals of the subchapter V provisions of the Code. The Trustee submits this report to assist the Court in its evaluation of the Plan. *See* 11 U.S.C. § 1183(b) (setting out theduties of the Trustee to include being heard at any hearing that concerns confirmation of a plan).

II. ANALYSIS

The Plan proposes to pay creditors from its income to be generated by assuming certain hosting agreements and from recoveries on an insurance claim. The Plan notes that the only significant creditors are Instantiation for $250,000 in debtor-in-possession financing at approximately $20,000 in unsecured claims. The Plan proposes to pay all claims in full.

A. **The Plan's Distribution: Fair and Equitable as to Unsecured Claims**

5. For unsecured claims under Subchapter V, for a plan to be "fair and equitable," it must, *inter alia*, satisfy the provisions of 11 U.S.C. § 1191(c)(2)(A):

> the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; …

6. The Bankruptcy Code does not provide a definition of the term "projected disposable income." It does define the term "disposable income." Does this section require the payment of the projected disposable income regardless of what the actual disposable income turns out to be, or does it only require the payment of the actual disposable income earned by the Debtor? If the Code requires only payment of the actual disposable income, then creditors "get what they get." If the Code requires payment of the *projected* disposable income, the Debtor must make the projected payments to creditors or suffer the consequences set forth in the Plan. However, in that case any additional income earned in excess of the projected disposable income would belong to the Debtor. The limited available case law has not resolved this issue, with plans drafted both ways having been confirmed by courts. The Trustee's position is that a proposed plan may specify either option. The Plan proposes to pay the projected disposable income over 3 years regardless of MWDC's actual income and therefore the Plan complies with the

requirements of the Code in this respect.

7. The projected disposable income in the Debtor's projection attached as Exhibit B to the Plan is projected on estimates made by the Debtor. The Bankruptcy Code requires that confirmation of the Plan "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). The feasibility standard is whether the plan offers a reasonable assurance of success; success need not be guaranteed. *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988); *Prudential Insurance Co., v Monnier (In re Monnier Brothers),* 755 F.2d 1336, 1341 (8th Cir. 1985).

### B. Liquidation Analysis and the Best Interests of the Creditors

8. Section 1129(a)(7) requires creditors to receive, under the Plan, property of a value not less than the amount that the creditor would receive or retain if the Debtor were liquidated under chapter 7. 11 U.S.C. § 1129(a)(7). This is the "best interest of the creditors test." The Plan's Liquidation Analysis shows a Chapter 7 liquidation creditors will still receive 100% payment. See Exhibit A of the Plan.

### C. Summary of the Plan and the Code Provisions Relating to Confirmation

9. To assist the Court, the Trustee has reviewed the confirmation requirements and provides the following summary. The Trustee believes that the Debtor has proposed a Plan that is in the best interest of the creditors and should be confirmed. The Trustee's analysis of the Plan is set forth below:

| Code Section | Description of Requirement | Comment |
|---|---|---|
| 1190(1) | The Plan must include a background history, a liquidation analysis, and projections | Included in pages 1-7 and Exhibits A and B of the Plan |
| 1190(2) | A portion of Future earnings must be committed to execute the Plan. | Exhibit B shows the estimated future earnings to be committed to the Plan. |
| 1191(b) | The Plan must be fair and equitable. | See discussion in Part A and B above . |
| 1191(c)(1) & | To be fair and equitable, the | NA, see discussion in Part A above. |

| | | |
|---|---|---|
| 1129(b)(2)(A) | Plan must provide for certain recovery to secured creditors. | |
| 1191(c)(2) | To be fair and equitable, the Plan must commit the Debtor's projected disposable income for between three and five years | *See* discussion in part B above. |
| 1191(c)(3)(A) | The Debtor must be able to make all plan payments. | See discussion in paragraph 7 above |
| 1191(c)(3)(B) | The Plan must provide appropriate remedies to protect claimants in the event of a default by the Debtor | Article 9 of the Plan permits parties in interest to move to enforce the Plan, place the Trustee in control of the Debtor's assets or to dismiss the case after a default. |
| 1129(a)(1) | The Plan must comply with all applicable provisions of Title 11 | The Plan appropriately classifies claims and interests pursuant to § 1122 without discrimination, and it further meets the basic requirements of § 1123. It appears to comply with all provisions of Title 11. |
| 1129(a)(2) | The Plan proponent must comply with all applicable provisions of Title 11 | The Debtor appears to have complied with the applicable provisions of Title 11. The Debtor is current with its monthly operating reports. |
| 1129(a)(3) | The Plan must be proposed in good faith and not by any means forbidden by law | The Trustee, working with Debtor's counsel in this case, believes that the Plan has been proposed in good faith and not by means forbidden by law. |
| 1129(a)(4) | The Court has approved or will likely approve all applicable costs and expenses as reasonable | Article 4 appropriately deals with administrative expenses. The Plan does not absolve professionals or the Trustee from seeking Court approval of compensation. The Trustee is not aware of any extraordinary costs. |
| 1129(a)(5) | The Debtor must identify certain individuals and their affiliations | Article 8 provides that the Debtor's current management team will stay in place and while the compensation is in the projection it is not specifically identified, and this will be addressed by the confirmation order or an amendment. |
| 1129(a)(6) | Governmental regulatory commissions with jurisdiction have approved rate changes proposed under the Plan | Not applicable. |
| 1129(a)(7) | The Plan must satisfy the best interests of the creditors test | See discussion in part A and B above. |
| 1129(a)(9) | The plan must provide the requisite treatment for | Article 4 of the Plan provides for the treatment required for administrative |

|  |  |  |
|---|---|---|
|  | certain priority claims | and priority claims. |
| 1129(a)(11) | The Plan is feasible | See Paragraph 12 above. |
| 1129(a)(12) | All fees under 28 U.S.C. § 1930 have been paid or are provided for under the Plan | It appears that the Debtor has paid all fees to the Court and there are no UST fees in subchapter V cases. |
| 1129(a)(13) | The Plan ensures the continuation of all retiree benefits | Not applicable. |
| 1129(a)(14) | Treatment of domestic support obligations by individual debtors | Not applicable. |
| 1129(a)(16) | Transfers under the plan comply with applicable non-bankruptcy law | Not applicable. |

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd. # 239
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Subchapter V Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Report electronically transmitted on or about the date filed via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list
Electronic Mail Notice List
**21-51022-amk Notice will be electronically mailed to the U.S. Trustee, and:**

John C. Cannizzaro on behalf of Interested Party Instantiation LLC
John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com

Nicholas Paul Capotosto on behalf of Plaintiff Squirrels Research Labs LLC
ncapotosto@brouse.com, tpalcic@brouse.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc.
christopher.combest@quarles.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company
jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company
rgoff@westonhurd.com, jroberts@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC
sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC
JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd.
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC
cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power
pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell
bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank
rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC
jzurn@brouse.com, tpalcic@brouse.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC
jzurn@brouse.com, tpalcic@brouse.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC
jzurn@brouse.com, tpalcic@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee
kate.m.bradley@usdoj.gov

/s/ Frederic P. Schwieg
Frederic P. Schwieg