**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

**THE MIDWEST DATA COMPANY LLC'S REPLY TO**
**TOREA CONSULTING, LTD'S OBJECTION TO PLAN**

The Midwest Data Company LLC ("MWDC"), one of the above-captioned debtors and debtors in possession, files this reply (the "Reply") to Torea Consulting, Ltd.'s ("Torea") *Objection to Chapter 11 Plans Filed by Squirrels Research Labs, LLC and the Midwest Data Company LLC* (Doc. #209) (the "Objection"), filed April 6, 2022. In support of this Reply, MWDC respectfully represents as follows:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

3. On November 23, 2021 (the "Petition Date"), MWDC and Squirrels Research Labs LLC ("SQRL", and collectively with MWDC, the "Debtors") each filed a voluntary petition for

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

relief under Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors' cases were jointly administered for procedural purposes. *See* Fed. R. Bankr. P. 1015(b).

4. Prior to the Petition Date, Torea filed a lawsuit against SQRL in the Stark County Court of Common Pleas (the "State Court Case"). MWDC is not a party to the State Court Case and Torea is not one of MWDC's creditors.

5. MWDC filed its *Plan of Reorganization* (Doc. #170) (the "Plan") on February 21, 2022. Article 1.02 of the Plan explains that the Debtors are each pursuing insurance claims (the "Insurance Claims") against their mutual insurance company, Cincinnati Insurance. The Insurance Claims relate to property damage and business interruptions the Debtors suffered prepetition as a result of a fire at the 8050 Freedom Avenue location. Article 8 of the Plan explains that MWDC's Plan will be implemented and funded through, *inter alia*, MWDC's recovery on the Insurance Claims.

6. In the Objection, Torea states that "[i]t is unclear from either Plan how the proceeds are to be allocated between the two Debtors." (Torea Obj. at 4.) Torea argues that "[d]ue to the small number of creditors of [MWDC] and thus the opportunity for a windfall for [MWDC] shareholders – the Plans must address this allocation or otherwise merge the Plans to channel the insurance proceeds to creditors of Squirrels." (*Id.*) The Court should overrule the Objection.

## LAW & ARGUMENT

7. The allocation issue does not need to be - nor can it be - decided prior to confirmation. The insurance recovery process is ongoing and will be resolved in due course. At this point, however, it is not clear exactly how much insurance proceeds MWDC will recover. The Plan's liquidation analysis estimates that MWDC's recovery will be approximately $500,000.00. This estimate is "based on a business judgment utilizing direct losses to client equipment in MWDC's

possession, as well as the policy limit of business interruption." (Ex. A to Plan, n.1.) For purposes of confirmation, MWDC's estimate is sufficient.[2]

8. Torea argues that the Court should "merge" the Debtors' plans and "channel" the insurance proceeds to SQRL's creditors in order to prevent MWDC's shareholders from receiving a "windfall." (Torea Obj. at 4.) But MWDC and SQRL are separate legal entities with separate assets and liabilities, and Torea is not even a creditor of MWDC. As such, Torea has no right or claim to any of the insurance proceeds that MWDC ultimately recovers.[3]

9. Torea is effectively asking the Court to substantively consolidate the Debtors' bankruptcy estates. *See In re Genesis Health Ventures, Inc.*, 402 F.3d 416, 423 (3d Cir. 2005) (explaining that "[s]ubstantive consolidation treats separate legal entities as if they were merged into a single survivor left with all the cumulative assets and liabilities (save for inter-entity liabilities, which are erased)."). But Torea has not cited any authority or alleged any facts that would support this extraordinary request for relief. *See*, *e.g.*, *In re Howland*, 674 F. App'x 482, 488 (6th Cir. 2017) (setting forth the elements of substantive consolidation); *see also In re Colfor, Inc.*, Nos. 96-60306, 96-60307, 1997 WL 605100, at *3 (Bankr. N.D. Ohio Sept. 4, 1997) (describing substantive consolidation as an "extreme" measure). Indeed, Torea has not provided any authority at all in support of its Objection.

---

[2] Torea does not argue that MWDC's Plan is not feasible. Nor does Torea challenge the accuracy of MWDC's estimates with respect to the Insurance Claims.

[3] To that end, confirmation of MWDC's Plan will not have any effect on Torea's rights. Consequently, Torea (i) is not a "party in interest" for purposes of §§ 1109(b) and 1128(b) – and therefore does not have statutory authority to object to MWDC's Plan – and (ii) likely does not even have Article III standing to object to MWDC's Plan. *See*, *e.g.*, *In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (Bankr. D. Del. 2019) (discussing statutory authority under § 1128(b) and Article III standing in the context of objections to confirmation); *see also In re SII Liquidation Co.*, No. 14-6024, 2015 WL 5561347, at *8 (Bankr. N.D. Ohio Sept. 21, 2015) (Kendig, J.) (dismissing bankruptcy adversary proceeding based on Article III standing principles). In the event *SQRL* files a Rule 9019 motion to settle or compromise its portion of the Insurance Claims, Torea may be able to object to same.

## CONCLUSION

WHEREFORE, for the reasons set forth in this Reply and in MWDC's Brief in Support of Confirmation, MWDC respectfully requests that this Court (i) overrule Torea's Objection, and (ii) confirm MWDC's Plan.

Dated: April 19, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*

Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE MCDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for The Midwest Data Company LLC, the Debtor and Debtor-in-Possession*