UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| | ) | |

**THE MIDWEST DATA COMPANY LLC'S BRIEF IN SUPPORT OF
CONFIRMATION OF PLAN OF REORGANIZATION DATED FEBRUARY 21, 2022**

The Midwest Data Company LLC (the "Debtor"), one of the above-captioned debtors and debtors in possession, files this brief in support of the confirmation of its Plan of Reorganization dated February 21, 2022 [Doc. #170] (the "Plan") and seeks the entry of an order confirming the Plan, substantially in the form attached hereto as Exhibit A (the "Confirmation Order").[2]

Torea Consulting, Ltd. filed an objection to the Plan [Doc. #209] (the "Objection") on April 6, 2022. Debtor replied to the objection on April 19, 2022 [Doc. #212] (the "Reply"). The Court should overrule the Objection for the reasons set forth in the Reply.

**I.     CONFIRMATION CRITERIA**

This brief has been submitted to demonstrate that the Plan complies with all relevant requirements for confirmation pursuant to Section 1191 of title 11 of the United States Code (the

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

[2] Although no formal objection has been filed by the United States Trustee to date, the United States Trustee has requested the inclusion of language in the Confirmation Order addressing post-confirmation reporting and a mechanism for the assumption of the hosting agreements. The Debtor and the United States Trustee are drafting the requested language and will submit a revised Confirmation Order to the Court when complete.

1

"Bankruptcy Code"). Each of the pertinent requirements for confirmation of the Plan is briefly reviewed below.

A. INTRODUCTION

Section 1191 of the Bankruptcy Code[3] contains the standards for confirmation of a subchapter V plan. Section 1191(a) states that a plan shall be confirmed if all the 16 provisions of Section 1129(a) (other than paragraph 15) are met. However, under Section 1191(b), the court shall still confirm a plan even where paragraphs (8) and (10) of Section 1129(a) are not met. Here, as all the requirements of Section 1129(a) (other than paragraph 15) are met, the Court may confirm the Plan under the "consensual confirmation" provisions in Section 1191(a) without resorting to the "cramdown" provisions in Section 1191(b).

B. COMPLIANCE WITH APPLICABLE PROVISIONS OF THE BANKRUPTCY CODE (11 U.S.C. § 1129(A)(1)).

Section 1129(a)(1) requires the court to confirm a plan only if the plan complies with the applicable provisions of the Bankruptcy Code. *See Kane v. Johns-Manville Corp.*, 843 F.2d 636, 648-49 (2d Cir. 1988). Sections 1122 and 1123 are the substantive provisions that are most relevant in satisfying Section 1129(a)(1). *Id.*; 7 Collier on Bankruptcy, P 1129.02 (Matthew Bender 15th Ed. Revised). Section 1122 governs classification of claims and interests and Section 1123 sets forth the provisions that are required to be included, and those that may be included, in a plan of reorganization. As shown below, the Plan satisfies the requirements of Section 1129(a)(1).

  1. *Classification of Claims and Interests (11 U.S.C. §§ 1122 and 1123(a)(1))*.

Section 1123(a)(1) requires that a plan designate, subject to Section 1122, classes of claims, other than claims of the kind specified in Sections 507(a)(1) (administrative expenses), 507(a)(2)

---

[3] Hereinafter, each reference to a "Section" or a "Chapter" is to a section or chapter of the Bankruptcy Code.

(involuntary case gap claims), or 507(a)(8) (unsecured priority tax claims) and classes of interests. In designating classes of claims and interests in Article 3 of the Plan, the Debtor has satisfied the requirement of Section 1123(a)(1).

Under Section 1122(a), a claim or interest may be placed in a particular class under a plan only if such claim or interest is substantially similar to the other claims or interests of such class. The Sixth Circuit interprets this provision to allow broad, though not unbounded, freedom in classifying claims. *Teamsters Nat'l Freight Indus. Negotiating Comm. v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.).*, 800 F.2d 581, 586 (6th Cir. 1986). Article 3 of the Plan places only claims or interests in each class that are substantially similar to the other claims or interests in the class. Therefore, the Plan complies with Section 1122(a).

2. *Identification of Unimpaired Claims and Interests (11 U.S.C. § 1123(a)(2)).*

Section 1123(a)(2) requires that a plan specify any class of claims or interests that is not impaired under the plan. As set forth in Article 5 of the Plan, each class of claims or interests is unimpaired. Therefore, the Plan complies with Section 1123(a)(2).

3. *Specification of Treatment of Impaired Claims (11 U.S.C. § 1123(a)(3)).*

Section 1123(a)(3) requires that a plan specify the treatment of any class of claims or interests that is impaired under the plan. In this case, Section 1123(a)(3) is inapplicable because the Plan provides that each class of claims or interests is unimpaired.

4. *Same Treatment for Class Members (11 U.S.C. § 1123(a)(4)).*

Section 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment. The Plan provides for the same treatment of each claim or interest of a particular class and complies with Section 1123(a)(4).

5. *Adequate Means for Implementation (11 U.S.C. § 1123(a)(5)).*

Section 1123(a)(5) requires that a plan provide adequate means for the plan's implementation and provides a number of examples of methods for doing so. The alternatives set forth in Section 1123(a)(5) may be proposed by a plan proponent notwithstanding non-bankruptcy law or agreements. 7 Collier on Bankruptcy, P 1123.01[5] (Matthew Bender 15th Ed. Rev.). The examples of adequate means for implementation of a plan provided in Section 1123(a)(5) are illustrative and the section does not exclude or limit any other means. Article 8 of the Plan provides adequate means for the Plan's implementation.

6. *Corporate Charter Provision Prohibiting Issuance of Nonvoting Equity Securities (11 U.S.C. § 1123(a)(6)).*

Section 1123(a)(6) requires that a plan provide for the inclusion in the charter of the debtor, if the debtor is a corporation, of a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default and the payment of such dividends. The Plan does not provide for the issuance of equity securities, but if applicable, its operating agreement or other legal document shall prohibit the issuance of nonvoting securities. Accordingly, Section 1123(a)(6) is not applicable.

7. *Selection of Directors and Officers (11 U.S.C. § 1123(a)(7)).*

Section 1123(a)(7) states that a plan shall contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director or trustee under the plan and any successor to such officer, director or trustee.

Section 1129(a)(5), which is discussed below, augments Section 1123(a)(7) and requires, as a condition of confirmation, that the proponents of the plan disclose the identity and affiliation of any individuals proposed to serve, after confirmation of the plan, as directors, officers, or voting trustees of the debtor, or of any affiliate of the debtor participating in a joint plan with the debtor, or of a successor to the debtor under the plan. In addition, Section 1129(a)(5)(A)(ii) requires that the appointment or continuance of any director, officer or voting trustee be consistent with the interests of creditors and equity security holders and with public policy. The Plan discloses these relationships in Article 8.

8. *Discretionary Plan Provisions (11 U.S.C. § 1123(b)(6)).*

Section 1123(b)(6) also permits a plan to contain any other appropriate provision not inconsistent with the applicable provisions of the Bankruptcy Code. The Plan does not contain any provision that is inconsistent with the applicable provisions of the Bankruptcy Code. The Plan therefore complies with both Section 1122 and with the mandatory and permissive provisions of Section 1123. Thus, the Plan satisfies the requirements of Section 1129(a)(1).

C. **PROPONENT COMPLIANCE (11 U.S.C. § 1129(A)(2)).**

Section 1129(a)(2) states that the court shall confirm a plan only if the proponent of the plan complies with the applicable provisions of the Bankruptcy Code. Under that subsection, the court must determine whether the proponent of the plan has complied with the requirements of Section 1125 in the solicitation of acceptances of the plan, but, unless the court orders otherwise, Section 1125 does not apply in a case filed under subchapter V. 11 U.S.C. § 1181(b).

In the Order on Motion for Establishment of Applicable Hearing Dates and Deadlines for Plan of Reorganization [Doc. #184] (the "Procedures Order"), the Court established procedures related to the Debtor's Plan. On March 15, 2022, the Debtor served the Plan, the Procedures Order,

5

and the confirmation hearing notice on all creditors and parties in interest. As set forth in the Procedures Order, no ballots were required to be circulated because no class is impaired by the Plan. *See* 11 U.S.C. § 1126(f) (providing that an unimpaired class is conclusively presumed to accept the plan and solicitation of acceptances with respect to such class is not required).

### D. PROPOSED IN GOOD FAITH AND NOT BY ANY MEANS FORBIDDEN BY LAW (11 U.S.C. § 1129(A)(3)).

Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. The term "good faith" is not specifically defined in the Code. However, in the context of Section 1129(a)(3), some courts have stated that a plan is proposed in good faith if "'the plan was proposed with 'honesty and good intentions' and with 'a basis for expecting that a reorganization can be effected.'" *In re Klosterman Development, Inc.*, No. 11-5180, 2013 WL 4605451, at *6 (Bankr. N.D. Ohio Aug. 29, 2013) (quoting *Kane,* 843 F.2d at 649). Other courts have stated that "[g]ood faith generally means that the debtor seeks to achieve results consistent with the objectives and purposes of the Bankruptcy Code." *In re Wahlie*, 417 B.R. 8, 12 (Bankr. N.D. Ohio 2009) (citing *In re PWS Holding Corp*., 228 F.3d 224, 242 (3rd Cir. 2000)); *see also In re View Cleveland LLC*, No. 09–55035, 2010 WL 5240043, at *5 (Bankr. N.D. Ohio Oct. 4, 2010) (explaining that "[a] plan lacks good faith if it does not have a reasonable likelihood of achieving a result that comports with the spirit of the Bankruptcy Code." (collecting cases)). The court's determination of good faith under Section 1129(a)(3) must be made in light of "the totality of the circumstances surrounding" the plan. *In re Jasik,* 727 F.2d 1379, 1383 (5th Cir. 1984).

The Plan is consistent with the objectives and purposes of the Bankruptcy Code and was made with honesty and good intentions and with a basis for expecting that, under the circumstances, it was the best means for maximizing any recovery by creditors of the Debtor.

Therefore, the Plan has been proposed in good faith, not by any means forbidden by law, and complies with Section 1129(a)(3).

E.   **DISCLOSURE OF PAYMENTS (11 U.S.C. § 1129(A)(4)).**

Section 1129(a)(4) requires that any payment made or to be made by the proponent, the debtor, or by a person issuing securities, or acquiring property under the plan, for services or for costs and expenses in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of the court, as reasonable.

The Plan provides that counsel for the Debtor is employed at the expense of the estate, and any entities which may be entitled to an allowance of fees and expenses from the estate shall receive cash in the amount awarded to such professionals and entities as soon as practicable after an order is entered by the Court approving such award pursuant to Section 330 of the Bankruptcy Code. The procedures provided by the Plan for review and ultimate determination by the Court of the professional fees and expenses to be paid by the Debtor satisfy the requirement of Section 1129(a)(4). *See In re Future Energy Corp.,* 83 B.R. 470, 488 (Bankr. S.D. Ohio 1988) ("Court approval of payments for services and expenses is governed by various Code provisions – e.g., § § 328, 329, 330, 331 and 503(b) - - and need not be explicitly provided for in a Chapter 11 plan."). The Plan complies with Section 1129(a)(4).

F.   **IDENTIFICATION OF OFFICERS, DIRECTORS AND INSIDERS (11 U.S.C. § 1129(A)(5)).**

Section 1129(a)(5)(A) requires the proponents of a plan to disclose the identity and affiliation of any individual proposed to serve after confirmation as a director, officer or voting trustee of the debtor, or a successor of the debtor under the plan, and requires the appointment or continuance of such individual to be consistent with the interests of creditors and equity security holders and with public policy. Section 1129(a)(5)(B) requires the proponent of the plan to

disclose the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider. The term insider is defined in Section 101(31).

Article 8 of the Plan discloses that the current officers and directors of the Debtor will continue to serve in their respective capacities for the Debtor after confirmation of the Plan. Each director and officer will serve in accordance with applicable non-bankruptcy law and the Debtor's articles of incorporation and bylaws, as each of the same may be amended from time to time. In addition, no insiders will receive wages or salary from the Debtor at any time before payments due under the Plan are complete. Therefore, the requirements of Section 1129(a)(5), to the extent applicable, have been satisfied.

### G.  REGULATORY APPROVAL OF RATE CHANGE (11 U.S.C. § 1129(A)(6)).

Section 1129(a)(6) requires as a condition precedent to confirmation that any governmental regulatory entity with jurisdiction, after confirmation of the plan, over the rates of the debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval. The Plan does not provide for any rate change nor is there any governmental entity with jurisdiction over the Debtor's rates. Thus, Section 1129(a)(6) does not apply to the Plan.

### H.  BEST INTEREST OF CREDITORS TEST (11 U.S.C. § 1129(A)(7)).

Section 1129(a)(7) sets forth the "best interest of creditors" test. *See Kane,* 843 F.2d at 649. That section provides that with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan or will receive or retain under the plan property of a value, as of the effective date, not less than the amount that such holder would receive or retain if the debtor were liquidated under Chapter 7 on such date.

In this case, as explained in Article 5 of the Plan, there are no impaired classes of claims or interests. Consequently, each class of claims and interests is conclusively presumed to accept the plan pursuant to Section 1126(f), and the best interest of creditors test in Section 1129(a)(7) is satisfied. In any event, the Debtor submits that the value of the Debtor's assets and the ability to maximize that value for distribution to creditors is greater in a Chapter 11 reorganization than in a Chapter 7 liquidation. *See* Plan, Article 1.04 and Exhibit A.

I. ACCEPTANCE BY EACH CLASS (11 U.S.C. § 1129(A)(8)).

Section 1129(a)(8) states that, with respect to each class of claims or interests, either (i) such class has accepted the plan, or (ii) such class is not impaired under the plan. Here, no class is impaired under the Plan. Thus, each class is conclusively presumed to accept the Plan, and Section 1129(A)(8) is satisfied.

J. ADMINISTRATIVE AND PRIORITY CLAIMS (11 U.S.C. § 1129(A)(9)).

Section 1129(a)(9) states the rules applicable to payment of those unsecured claims entitled to priority distribution in Chapter 11 cases. Section 1129(a)(9)(A) requires that holders of Section 507(a)(2) claims receive, as of the effective date of the plan, cash equal to the allowed amount of such claims, unless the holders agree to a different treatment.

Article 4.02 of the Plan provides that the holders of administrative expenses entitled to priority under Section 507(a)(2) and allowed under Section 503(b) of the Bankruptcy Code will be paid in full on the later date of the effective date of the Plan or when such claim arises, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Thus, the treatment of Section 507(a)(2) claims under the Plan complies with Section 1129(a)(9)(A).

Next, Section 1129(a)(9)(C) requires that holders of Section 507(a)(8) priority claims receive on account of such claims deferred cash payments, over a period not exceeding five years

after the date of commencement of the Chapter 11 case, of a value, as of the effective date of the plan, equal to the allowed amount of such claims.

Article 4.03 of the Plan provides that the portion of the IRS tax claim entitled to priority under Section 507(a)(8) will be paid upon the earlier of 36 months from the effective date of the Plan or within 5 years after the Petition Date.[4] Thus, the treatment of Section 507(a)(8) claims under the Plan complies with Section 1129(a)(9)(C).

### K. AT LEAST ONE ACCEPTING CLASS (11 U.S.C. § 1129(A)(10)).

Section 1129(a)(10) requires that there be at least one accepting class if there is an impaired class of claims under the Plan. Here, there are no impaired classes and therefore each class is deemed to accept the Plan. Thus, Section 1129(a)(10) is satisfied.

### L. FEASIBILITY (11 U.S.C. § 1129(A)(11)).

Section 1129(a)(11) requires as a condition of confirmation that the court find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of a debtor or any successor to a debtor under the plan, unless such liquidation or reorganization is proposed in the plan. The feasibility standard is whether the plan offers a reasonable assurance of success. Success need not be guaranteed. *Kane,* 843F.2d at 649; *Prudential Insurance Co., v Monnier (In re Monnier Brothers),* 755 F.2d 1336, 1341 (8th Cir. 1985). The Plan projections were carefully prepared by the Debtor and testimony at the confirmation hearing will demonstrate that the Plan is feasible.

---

[4] The Debtor disputes certain of the amounts of the IRS tax claim.

M.   **PAYMENT OF FEES (11 U.S.C. § 1129(A)(12)).**

Section 1129(a)(12) mandates the payment of all fees required under 28 U.S.C. § 1930, including filing fees and United States Trustee Quarterly Fees.  Under subchapter V the Debtor does not incur such fees.  Thus, the requirement of Section 1129(a)(12) is satisfied.

N.   **RETIREE BENEFITS (11 U.S.C. § 1129(A)(13)).**

Section 1129(a)(13) requires that the Plan provide for the continued payment of certain retiree benefits.  In this case, the Debtor is not required to comply with Section 1129(a)(13) as there are no "retiree benefits" within the meaning of 11 U.S.C. § 1114 to be paid directly by the Debtor.  Accordingly, Section 1129(a)(13) is inapplicable.

O.   **PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS (11 U.S.C. § 1129(A)(14)).**

The Debtor does not owe any domestic support obligations.  Thus, Section 1129(a)(14) is inapplicable.

P.   **TRANSFERS OF PROPERTY UNDER THE PLAN (11 U.S.C. § 1129(A)(16)).**

Section 1129(a)(16) states that all transfers of property to be distributed under the plan shall be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.  Here, the Debtor is not a nonprofit corporation or trust.  Thus, Section 1129(a)(16) is inapplicable.

II.   **CONSENSUAL CONFIRMATION**

Because all classes of claims and interests are unimpaired and thus conclusively presumed to accept the Plan under Section 1126(f), the Debtor seeks confirmation of the Plan pursuant to the consensual confirmation provisions in Section 1191(a).  Section 1191(a) states that "[t]he court *shall* confirm a plan under this subchapter only if all of the requirements of section 1129(a), other

than paragraph (15) of that section, of this title are met." 11 U.S.C. § 1191(a) (emphasis added); *see, e.g.*, *In re Robinson*, 632 B.R. 208, 216-21 (Bankr. D. Kans. 2021) (discussing consensual confirmation under subchapter V). As discussed above, the Plan complies with all the requirements of Section 1129(a) (other than paragraph 15), and thus the Court can confirm the Plan under Section 1191(a) without resorting to the cramdown provisions in Section 1191(b).

### III. CONCLUSION

The Debtor's Plan complies with all applicable provisions of 11 U.S.C. §§ 1129 and 1191. Therefore, the Debtor is entitled to an order of the Court confirming the Plan.

Dated: April 19, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE MCDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for The Midwest Data Company LLC, the Debtor and Debtor-in-Possession*