IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.*[1]<br><br>*Debtors* | CASE NO. 21-61491-RK<br>(JOINTLY ADMINISTERED)<br>CHAPTER 11<br>SUBCHAPTER V<br>JUDGE KENDIG |

**REPORT OF SUBCHAPTER V TRUSTEE AND STATEMENT CONCERNING CONFIRMATION OF SQUIRRELS RESEARCH LABS LLC PLAN**

Frederic P Subchapter V. Schwieg, Subchapter V Trustee (the "Trustee"), submits this report to the Court in anticipation of the upcoming hearing on confirmation of the proposed The Squirrels Research Labs LLC's Plan of Liquidation Dated February 21, 2022 [Doc. 169] ("SQRL" and the "Plan") based on the Trustee's review of the Plan, his investigation concerning same, the requirements for confirmation, and the overall posture of this case.

I.  BACKGROUND

1. SQRL filed its petition on November 23, 2021. The Debtor made the election upon filing to have this case heard and considered under the Chapter 11 subchapter V provisions added by the Small Business Restructuring Act of 2019.

2. On November 30, 2021, the Office of the United States Trustee appointed Mr. Schwieg as the Trustee for this case [Doc 28].

3. During this case SQRL sold most of its physical assets to Instantiation LLC for $3.0 million which was paid to Avnet LLC pursuant to a court order approving the sale [Doc. 131]. As a part of the sale The Midwest Data Company LLC ("MWDC") sold approximately $10,000 worth of assets to Instantiation. Instantiation also provided debtor-in-possession financing to the debtor during the pendency of the sale process.

4. The Trustee has analyzed the Plan and has considered both the technical requirements for

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

confirmation and the goals of the subchapter V provisions of the Code. The Trustee submits this report to assist the Court in its evaluation of the Plan. *See* 11 U.S.C. § 1183(b) (setting out theduties of the Trustee to include being heard at any hearing that concerns confirmation of a plan).

## II. ANALYSIS
### A. Is a Liquidation Plan Permissible under Subchapter V?

5. The Plan proposes to pay creditors from the further liquidation of its assets and the collection of certain avoidance actions provided in Chapter 5 of the Bankruptcy Code. Subchapter V seems to have at least an implicit expectation that a Subchapter V debtor will continue to operate into the future. 11 U.S.C. § 1190 provides in pertinent part:

> A plan filed under this subchapter-
>
> (1) shall include-
>
> (A) a brief history of the business operations of the debtor;
>
> (B) a liquidation analysis; and
>
> (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization;
>
> (2) shall provide for the submission of all or such portion of the future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan; …

6. This section states that a plan "*shall provide* for the submission of all or such portion of the future earnings…" of a debtor to the payment of creditors. This section can therefore be read to mean that in Subchapter V liquidating plans are not permitted.

7. The primary change in Subchapter V is elimination of the requirement that there be at least one consenting class of creditors who are entitled to vote to confirm a plan of reorganization and the redefinition of the so-called "fair and equitable" standard as applicable to nonconsenting creditors.

8. For unsecured claims under Subchapter V, for a plan to be "fair and equitable," it must, *inter alia*, satisfy the provisions of 11 U.S.C. § 1191(c)(2)(A):

> (c) RULE OF CONSTRUCTION.-For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements: …

(2) As of the effective date of the plan-(A) the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; … the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or

(B) the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date on which the first distribution is due under the plan is not less than the projected disposable income of the debtor.

9. Implicit in this definition is the assumption that a Subchapter V debtor will have *some* future disposable income. Disposable income is defined in 11 U.S.C. § 1191(c):

(d) DISPOSABLE INCOME.-For purposes of this section, the term "disposable income" means the income that is received by the debtor and that is not reasonably necessary to be expended -…

(2) for the payment of expenditures necessary for the continuation, preservation, or operation of the business of the debtor.

10. This section therefore also presents conceptual difficulties regarding the confirmation of the Plan. As SQRL will have no future income, one possible interpretation is that it is impossible meet the requirements of Section 1191(c). Alternatively, the projected disposable income can be presumed to be zero and therefore any Subchapter V liquidating plan is fair and equitable to nonconsenting classes as by definition it will exceed the debtor's projected disposable income.

11. Finally, nothing in Subchapter V explicitly abrogates Section 1123(a)(5)(D) permitting the sale of all or any part of the property of the estate, or Section 1129(a)(11) which requires that confirmation of the Plan "is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor under the plan, unless such liquidation or reorganization is proposed in the plan."

### B. Liquidation Analysis and the Best Interests of the Creditors

12. Section 1129(a)(7) requires creditors to receive, under the Plan, property of a value not less than the amount that the creditor would receive or retain if the Debtor were liquidated under chapter 7. 11 U.S.C. § 1129(a)(7). This is the "best interest of the creditors test." The Plan's

Liquidation Analysis projects that in a Chapter 7 liquidation creditors will receive 11.23 % payment whereas under the Plan, they will receive 12.24%, a difference of 1.01%. See Exhibit A of the Plan. Most of the difference between the two projected distribution percentages appears to be the result of the Chapter 7 trustee fee, and assumption that if the case was converted to Chapter 7 new counsel will have to be retained for certain litigation and that would lead to increased costs, and an assumption that some $40,950 in insider deferred compensation would not be subordinated. The Trustee does not see why a Chapter 7 trustee would have to retain new counsel as opposed to prosecuting the case with existing counsel, and there is no explanation as to why the insider deferred compensation would not remain subordinated Chapter 7. Finally, because there is no explicit calculation or projection of the future expenses of SQRL in liquidating the estate, there is no way for creditors to evaluate the accuracy of the assumptions that the return under the Plan would be greater than under Chapter 7 liquidation.[2]

### C. Provisions regarding role of Subchapter V trustee

13. The Plan proposes to vest all assets of the debtor in the liquidating debtor on upon the effective date, except for certain potential claims against the SQRL's president. These are assigned to the Subchapter V trustee.

14. 11 USC §1183 provides that the Subchapter V trustee may be appointed to investigate the financial affairs of the debtor. It does not state that the Subchapter V trustee may be appointed for a specific purpose like an examiner appointed under Section 1104.

15. The proposed split administration of the debtor's remaining assets between the liquidating debtor and its existing management or the Trustee is unduly complicated. At least one creditor has

---

[2] Furthermore, the projected distribution in Exhibit A is calculated on a stated dollar amount of $14,716,704.39 in general unsecured claims. The Trustee does not see how SQRL arrived at this figure, and it does not appear to be explained in the Plan. There is $18,067,670.10 in filed proofs of claim of which $14,691,047.89 appear to be claims likely to be disputed by the debtor, and at least one of which appears to be filed as an offset against the litigation claim against Fleur-De-Lys that is one of the major assets being liquidated by the debtor under the Plan. The debtor's schedules only list $2,156,153.57 in nonpriority unsecured claims, albeit several creditors have claims that are identified as "unknown" on Schedule E/F.

raised issues regarding the validity of the security interest that was satisfied from the sale proceeds, as well as raise the number of issues regarding a related entity Squirrels LLC. The projected 1.1% difference in the return to creditors over liquidation under Chapter 7 is therefore minimal given the restrictions on the ability of a third party to investigate the prepetition affairs of the debtor. The Trustee also believes that the potential increased return to creditors may not be realized given the potentially complex interaction between the SQRL and the Trustee. For example, the Plan states that the SQRL's president was involved in several transactions with the SQRL's assets and its creditors. Some of these claims might not be directly against the SQRL's president and therefore whether SQRL or the Trustee would oversee administering this asset would have to be resolved in some fashion which does not appear to be addressed by the Plan.

D.  Summary of the Plan and the Code Provisions Relating to Confirmation

16. To assist the Court, the Trustee has reviewed the confirmation requirements and provides the following summary:

| Code Section | Description of Requirement | Comment |
| --- | --- | --- |
| 1190(1) | The Plan must include a background history, a liquidation analysis, and projections | Included in pages 1-6 and Exhibit A. However the Plan does not appear to include a projection of the future income and expenses of the debtor even though it is liquidating. |
| 1190(2) | A portion of Future earnings must be committed to execute the Plan. | Not contained in the Plan; see discussion in Part II A above. |
| 1191(b) | The Plan must be fair and equitable. | See discussion in Part II A and B above . |
| 1191(c)(1) & 1129(b)(2)(A) | To be fair and equitable, the Plan must provide for certain recovery to secured creditors. | NA. |
| 1191(c)(2) | To be fair and equitable, the Plan must commit the Debtor's projected disposable income for between three and five years | *See* discussion in Part II B above. |
| 1191(c)(3)(A) | The Debtor must be able to make all plan payments. | *See* discussion in Part II B above. |
| 1191(c)(3)(B) | The Plan must provide appropriate remedies to protect claimants in the | Article 9 of the Plan permits parties in interest to move to enforce the Plan, place the Trustee in control of the |

| | | |
|---|---|---|
| | event of a default by the Debtor | Debtor's assets or to dismiss the case after a default. |
| 1129(a)(1) | The Plan must comply with all applicable provisions of Title 11 | The Plan appropriately classifies claims and interests pursuant to § 1122 without discrimination, and it further meets the basic requirements of § 1123. It appears to comply with all provisions of Title 11. |
| 1129(a)(2) | The Plan proponent must comply with all applicable provisions of Title 11 | The Debtor appears to have complied with the applicable provisions of Title 11. The Debtor is current with its monthly operating reports. |
| 1129(a)(3) | The Plan must be proposed in good faith and not by any means forbidden by law | See discussion in Part II A and B above. |
| 1129(a)(4) | The Court has approved or will likely approve all applicable costs and expenses as reasonable | Article 4 appropriately deals with administrative expenses. The Plan does not absolve professionals or the Trustee from seeking Court approval of compensation. The Trustee is not aware of any extraordinary costs. |
| 1129(a)(5) | The Debtor must identify certain individuals and their affiliations | Article 8 provides that the Debtor's current management team will stay in place without compensation unless SQRL's president is replaced. |
| 1129(a)(6) | Governmental regulatory commissions with jurisdiction have approved rate changes proposed under the Plan | Not applicable. |
| 1129(a)(7) | The Plan must satisfy the best interests of the creditors test | See discussion in Part II A and B above |
| 1129(a)(9) | The plan must provide the requisite treatment for certain priority claims | Article 4 of the Plan provides for the treatment required for administrative and priority claims. |
| 1129(a)(11) | The Plan is feasible | See discussion in Part II A and B above. |
| 1129(a)(12) | All fees under 28 U.S.C. § 1930 have been paid or are provided for under the Plan | It appears that the Debtor has paid all fees to the Court and there are no UST fees in subchapter V cases. |
| 1129(a)(13) | The Plan ensures the continuation of all retiree benefits | Not applicable. |
| 1129(a)(14) | Treatment of domestic support obligations by individual debtors | Not applicable. |
| 1129(a)(16) | Transfers under the plan comply with applicable | Not applicable. |

| | non-bankruptcy law | |
|---|---|---|

Respectfully submitted,<br>
/s/ Frederic P. Schwieg, Esq.<br>
Frederic P. Schwieg, Esq. (0030418)<br>
Attorney at Law<br>
19885 Detroit Rd. # 239<br>
Rocky River, OH 44116<br>
(440) 499-4506<br>
Fax: (440) 398-0490<br>
fschwieg@schwieglaw.com<br>
Subchapter V Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Report electronically transmitted on or about the date filed via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list
Electronic Mail Notice List
**21-51022-amk Notice will be electronically mailed to the U.S. Trustee, and:**

John C. Cannizzaro on behalf of Interested Party Instantiation LLC
John.Cannizzaro@icemiller.com, lauren.prohaska@icemiller.com

Nicholas Paul Capotosto on behalf of Plaintiff Squirrels Research Labs LLC
ncapotosto@brouse.com, tpalcic@brouse.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc.
christopher.combest@quarles.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company
jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company
rgoff@westonhurd.com, jroberts@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC
sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC
JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd.
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC
cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC

mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power
pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell
bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank
rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC
jzurn@brouse.com, tpalcic@brouse.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC
jzurn@brouse.com, tpalcic@brouse.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC
jzurn@brouse.com, tpalcic@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee
kate.m.bradley@usdoj.gov

/s/ Frederic P. Schwieg
Frederic P. Schwieg