The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 09:12 AM June 30, 2022

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

### ORDER APPROVING DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 327(a) AND 381(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014(a) AUTHORIZING DEBTORS TO EMPLOY AND RETAIN CLIFTONLARSONALLEN LLP

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ CliftonLarsonAllen LLP ("CLA.") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and the Midwest Data Company LLC (1213), case no. 21-61492.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2016-1; the Court having reviewed the Application and the Declarations of Daniel Riemenschneider, a principal of CLA; no objections to the Application having been filed; and the Court having found and concluded that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Application was sufficient under the circumstances, (iv) CLA has agreed to waive the amount of its Prepetition Claim in excess of $9,999.99 so that the amount of its Prepetition Claim is less than $10,000.00; (v) CLA does not hold or represent any other interest adverse to the Debtors' estates, (v) CLA is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, (vi) the employment of CLA is necessary and in the best interests of the Debtors and their estates, and (vii) the legal and factual bases set forth in the Application and the CLA Declarations establish just cause for the relief granted herein; and this Court having determined that granting the relief requested in the Application is in the best interest of the Debtors, their estates and its creditors; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014 and 2016, and Local Rule 2016-1, the Debtors are authorized to employ and retain CLA as their accountant, under the terms described in the Application.

3. CLA shall be, and hereby is, authorized to provide the Debtors with the professional services as described in the Application and the CLA Declaration.

4. CLA's employment and retention shall be effective as of the date of the Application.

5. CLA. shall be compensated for such services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, applicable orders of this Court, and the Engagement Letter.

6. CLA shall file applications and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the required U.S. Trustee Guidelines and such other procedures as may be fixed by order of this Court.

7. CLA will not provide any advice, services, or representation to the officers, directors or employees of the Debtors in their individual capacity without first filing a supplemental declaration stating the nature of the advice, services or representation contemplated.

8. The Court shall retain jurisdiction over any matters arising from or relating to the implementation and interpretation of this Order.

### 

SUBMITTED BY:

/s/ *Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors*
*and Debtors-in-Possession*