UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| Squirrels Research Labs LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Kendig |

## OBJECTION OF FLEUR-DE-LIS DEVELOPMENT, LLC, TO THE AMENDED PLAN OF LIQUIDATION FILED BY DEBTOR SQUIRRELS RESEARCH LABS, LLC (DOC. 237)

Fleur-de-Lis Development, LLC ("FDL"), a creditor herein, hereby submits this objection to *Squirrels Research Labs LLC's Amended Plan of Liquidation dated June 2, 2022* (Doc. 237) ("Amended Plan").[1] FDL objects to the Amended Plan because Article 13 of the Amended Plan could be interpreted to permit the Liquidating Debtor to make distributions to holders of Allowed Claims before the resolution of Disputed Claims, without reserving sufficient funds to ensure that all claimholders of the same class receive an equal pro rata distribution in the event that a Disputed Claim becomes an Allowed Claim. Article 13 of the Amended Plan provides:

> [T]he Liquidating Debtor, *may in its discretion*, reserve from distributions to holders of Allowed Claims amounts equal to the distributions to which the holders of Disputed Claims would be entitled if such Disputed Claims become Allowed Claims.

---

[1] As noted in the Amended Plan, the Debtor is asserting disputed claims against FDL, and FDL is asserting counterclaims against the Debtor. FDL also rejects the Amended Plan.

Article 13, p. 23 (emphasis added). FDL believes that the Debtor does not intend to make distributions without accounting for and reserving appropriate amounts for Disputed Claims; however, FDL seeks clarification on the record to avoid potential future disputes.

If the cited provision is interpreted in a way to permit the Liquidating Debtor to pay monies to Allowed Claims without reserving sufficient funds for Disputed Claims in the same class, the Amended Plan would be inherently unfair and not confirmable under 11 U.S.C. § 1123(a)(4) because members of the same class would receive unequal treatment. Accordingly, funds should not be distributed to a class while Disputed Claims within that class are unresolved; or, if a distribution is made, sufficient funds should be reserved so that each member of the class will receive its full entitlement if its claim is allowed. *See In re Motors Liquidation Co.*, 447 B.R. 198, 216 (Bankr. S.D.N.Y. 2011).

Respectfully submitted,

*/s/ Matthew T. Schaeffer*
Matthew T. Schaeffer (0066750)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
Phone: 614-229-3289 / Fax: 614-221-0479
E-Mail: mschaeffer@baileycav.com
Counsel for Fleur-De-Lis Development, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Objection Of Fleur-De-Lis Development, LLC, To The Amended Plan Of Liquidation Filed By Debtor Squirrels Research Labs, LLC (Doc. 237)* was served electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court.

                                                 */s/ Matthew T. Schaeffer*
                                                 Matthew T. Schaeffer (0066750)