**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 12:38 PM July 28, 2022**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |
| _____ | ) | |

## ORDER CONFIRMING SQUIRRELS RESEARCH LABS LLC'S
## AMENDED PLAN OF LIQUIDATION

Upon the Plan of Liquidation [Doc. #169] filed on February 21, 2022, and amended on June 2, 2022 [Doc. #237] (the "Plan") by Squirrels Research Labs LLC (the "Debtor"); and (a) upon the Certification of Ballots [Doc. #233] filed by the Debtor on May 2, 2022; and (b) it appearing from the certificates of service filed with this Court [Docs. # 197, 198, 199, 242, and 247] and the Certification of Ballots that a copy of the Plan, notice of Confirmation Hearing, this

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

Court's Procedures Order [Doc. #183] and ballots for acceptances or rejections of the Plan were transmitted to the holders of Claims and Equity Interests in the Debtor and other parties in interest, and such transmissions at such time being due and adequate notice under the circumstances; (c) the notice having fixed April 25, 2022, as the deadline for filing of objections to confirmation of the Plan and July 5, 2022, as the deadline for filing of objections to confirmation of the Plan, as amended; (d) upon the Affidavit of Theresa M. Palcic in support of confirmation [Doc. #239]; (e) upon the Debtor's Brief in Support of Confirmation [Doc. #241]; and (f) upon all matters and proceedings that are part of the record of these cases; and (g) after due deliberation and sufficient cause appearing therefore, and together with any findings and conclusions stated in this Confirmation Order;

## FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Definitions**. All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

B. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. **Venue**. Venue before the Court is proper under 28 U.S.C. §§ 1408 and 1409.

D. **Notice**. Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the notice of the hearing to consider confirmation of the Plan and notices of all other deadlines or requirements relating thereto were in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3020(b), were adequate and reasonable under

the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

E. **Objections to Confirmation**. Torea Consulting, Ltd filed an objection to the Plan [Doc. #209] (the "Torea Objection") on April 6, 2022. Debtor replied to the objection on June 2, 2022 [Doc. #240] (the "Reply"). Torea's Objection is overruled for the reasons stated by the Court at the Confirmation Hearing. Fleur-de-Lis Development, LLC filed an objection the Plan [Doc. #257] (the "FDL Objection") on July 5, 2022. No other parties objected to the Plan. The Subchapter V Trustee raised several issues with the Plan in his Report and Statement Concerning Confirmation of the Debtor's Plan [Doc. #219] dated April 25, 2022 (the "Trustee Report"). The United States Trustee requested clarification with respect to the Debtor's intent to seek a final decree. The Ohio Bureau of Workers' Compensation requested clarification with respect to Tax Claims in Article 4.03.

F. Based on the Debtor's Brief in Support of Confirmation, the amendments to the Plan to address the issues raised in the Trustee Report, and (1) for the purposes of clarification meant to resolve the FDL Objection, the Debtor's acknowledgment that notwithstanding any provision in the Plan, a distribution shall not be made to a class while any Disputed Claims within that class are unresolved unless sufficient funds are reserved so that each member of the class will receive its full entitlement if the Disputed Claims are allowed, (2) for the purposes of clarification meant to address the issue raised by the United States Trustee, the Debtor's acknowledgment of an intent to seek a final decree, (3) for the purposes of clarification meant to address the issue raised by the Ohio Bureau of Workers' Compensation, Debtor's acknowledgment that any reference to tax claims in Article 4.03 of the Plan includes not only the IRS Priority Tax Claim, but also Claim No. 43 filed by the Ohio Bureau of Workers' Compensation, and (4) for the

3

21-61491-tnap    Doc 269    FILED 07/28/22    ENTERED 07/28/22 15:22:14    Page 3 of 13

purposes of clarification meant to address an issue raised about the scope of the current Subchapter V Trustee's authority to prosecute Avoidance Actions against Insiders and the language in Article 1.04(B)(3)(d), the Debtor's acknowledgment that to the extent MMLLC was an insider at the time of the transactions referred to in Article 1.04(B)(3)(d), any resultant avoidance actions would be an Avoidance Actions against Insiders within the authority granted to the Subchapter V Trustee under the Plan, and the Debtor is not asserting potential recoveries against MM LLC against Torea; the Court is satisfied that confirmation of the Plan is proper and, for the reasons set forth at the hearing on confirmation, overrules the Torea Objection.

G. **Proper Classification of Claims – 11 U.S.C. §§ 1122 & 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

H. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes of claims or interests that are not impaired under the Plan.

I. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. Article 5 of the Plan specifies treatment of impaired classes.

J. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

K. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Article 8 of the Plan provides adequate means for the Plan's implementation.

L.      **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**.  The Plan does not provide for the issuance of equity securities, but if applicable, its operating agreement or other legal document shall prohibit the issuance of nonvoting securities. Accordingly, 11 U.S.C. § 1123(a)(6) is not applicable.

M.      **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**.  The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

N.      **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 7 of the Plan, pursuant to section 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

O.      **Retention, Enforcement and Settlement of Claims Held by Representative of the Estate – 11 U.S.C. § 1123(b)(3)**.  The Plan provides that the Liquidating Debtor shall be appointed as a representative of the estate within the meaning of section 1123(b)(3)(B) of the Bankruptcy Code and shall have all the duties, powers, standing and authority necessary to implement the Plan.  Furthermore, the Plan also vests the Subchapter V Trustee with the power and authority to prosecute and enforce Avoidance Actions against the Debtor's insiders. Accordingly, the Plan satisfies the permissible section 1123(b)(3)(B) of the Bankruptcy Code and the requirements of applicable Sixth Circuit law relating thereto.

P.      **Other Provisions not Inconsistent with Applicable Provisions of the Bankruptcy Code – 11 U.S.C. § 1123(b)(6)**.  The Plan includes additional appropriate provisions

that are not inconsistent with applicable provisions of the Bankruptcy Code, including the liquidating plan provisions.

Q. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

R. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

S. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with 11 U.S.C. § 1190, the Plan includes: (a) a brief history of the business operations of the Debtor, (b) a liquidation analysis, and (c) projections with respect to the ability of the Liquidating Debtor to make payments under the Plan.

T. **Cramdown – 11 U.S.C. § 1191(b)**. Because the Plan does not satisfy section 1129(a)(8) of the Bankruptcy Code, the requirements of section 1191(a) are not satisfied. However, the Plan may be confirmed under section 1191(b), which does not require that the Plan satisfy paragraphs (8), (10), or (15) of section 1129(a) if the Plan does not discriminate, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the Plan. With respect to the relevant provisions of section 1129(a), the Court finds and concludes as follows:

    1. **11 U.S.C. § 1129(a)(1) & (2)**. The Plan and the plan proponent comply with the sections 1129(a)(1) and (2) of the Bankruptcy Code, including without limitation, sections 1122 (as the Plan classifies similarly situated claims and equity interests in the same class) and 1123 (as the Plan contains the mandatory requirements of section 1123(a)

of the Bankruptcy Code and does not violate any of the permissive provisions of subsection 1123(b) of the Bankruptcy Code).

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Liquidating Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Liquidating Debtor; and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the Liquidating Debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(6)**. Section 1129(a)(6) of the Bankruptcy Code is not applicable as no governmental regulatory commission has jurisdiction over the rates of the Debtor, and no rate changes are proposed in the Plan.

6. **11 U.S.C. § 1129(a)(7)**. Each class of claims or interests will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of an Allowed Claim has agreed or will agree to a different treatment of such Claim, the Plan provides that Allowed Administrative Expense Claims, and Priority Tax Claims, respectively, will be treated in accordance with section 1129(a)(9) of the Bankruptcy Code. For the avoidance of doubt, any reference to "Tax Claims" in Article 4.03 includes not only the IRS Priority Tax Claim, but also Claim No. 43 filed by the Ohio Bureau of Workers' Compensation.

8. **11 U.S.C. § 1129(a)(11)**. Feasibility need not be established because the Plan is a liquidating Plan. Even if it did, the liquidation itself, as proposed in the Plan, is feasible.

9. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

10. **11 U.S.C. § 1129(a)(13), (14) & (16)**. There are no "retiree benefits" within the meaning of 11 U.S.C. § 1114 to be paid directly by the Debtor, the Debtor is also not required by a judicial or administrative order, or by statute, to pay domestic support obligations, and the Debtor is not a nonprofit corporation or trust. Accordingly, sections 1129(a)(13), (14) and (16) of the Bankruptcy Code are inapplicable.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. **Confirmation**. The Plan is confirmed under 11 U.S.C. § 1191(b) and is amended or modified as set forth herein.

2. **Objections to Article 8, Amended Plan Provision**. All creditors and parties in interest shall have fourteen (14) days from the date of entry of this order to object to the amended

Plan provision in Article 8 that states: "Upon completion of all payments under this Plan, the Debtor may dissolve and is authorized to execute, deliver, file or record such documents and take any and all such actions as may be necessary or appropriate to dissolve." Am. Plan, Art. 8, at 18. Notwithstanding this amendment, the Debtor intends to seek a final decree after the estate is fully administered.

3. **Article 13: Reporting, Payments and Trustee Obligations.** As set forth more fully in the Plan, as the Plan is confirmed pursuant to section 1191(b) of the Bankruptcy Code, the Subchapter V Trustee shall not be discharged of his duties until after completion of all payments due under the Plan, at which point the Subchapter V Trustee shall file a final report and account seeking, *inter alia*, to be discharged of his duties. In addition, as set forth more fully in the Plan, the length of the plan shall be five (5) years, unless the Court extends the length of the Plan for cause, and distributions under the Plan shall be made by Liquidating Debtor through the Disbursing Agent, who shall make distributions on the Effective Date or on such dates as the Disbursing Agent deems appropriate, which will not be more often than once per quarter, or as soon as reasonably practicable after all Fund Assets have been liquidated on account of all Allowed Claims that are entitled to receive distributions under the Plan.

4. **Binding Effect of Plan**. Pursuant to 11 U.S.C. § 1141(a), the provisions of the Plan as of the Effective Date, bind the Liquidating Debtor, and any creditor or equity security holder, whether or not the claim or interest of such creditor or equity security holder is impaired under the Plan and whether or not such creditor or equity security holder has accepted the Plan.

5. **Revesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the Debtor's estate vests in the Liquidating Debtor. Except as provided in §§ 1141(d)(2) and (3)

and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests.

6. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, (a) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d) as set forth in 11 U.S.C. § 1192; and (b) holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

7. **United States Trustee Guidelines**. The Liquidating Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree (if such issuance is necessary) by the Bankruptcy Court. In addition, as set forth in Article 13 of the Plan, the Liquidating Debtor shall file with the Court no later than 21 days after the end of each quarter after the Effective Date, the Quarterly Reports and upon completion of all payments under the Plan, the Liquidating Debtor will submit a notice of completion of all payments due under the Plan to the United States Trustee.

8. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. **Executory Contracts and Leases**. Except as otherwise provided herein or in the Plan or in a separate order of the Court, all executory contracts and unexpired leases not otherwise

assumed are deemed rejected as of the Effective Date. A proof of claim arising from such rejection must be filed no later than 45 days after the Effective Date.

10. **Post-Confirmation Professionals' Fees and Final Fee Applications**. Professionals shall apply for final approval of fees on or before sixty (60) days after the Effective Date of the Plan.

11. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

12. **Retention of Jurisdiction**. This Court shall, after the Effective Date, retain such jurisdiction over the Chapter 11 Case, as is legally permissible, including, but not limited to, jurisdiction to:

    A. Allow, disallow, determine, liquidate, reduce, classify, re-classify, estimate or establish the priority or secured or unsecured status of any Claim or Interest including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the amount, allowance, priority or classification of Claims or Interests;

    B. Either grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan;

    C. Resolve any matters related to the assumption, assumption and assignment or rejection of any Executory Contract to which a Debtor is a party or with respect to which the Debtor or Liquidating Debtor may be liable and to hear, determine and, if necessary, liquidate any Claims or cure amounts arising therefrom;

    D. Ensure that distributions to holders of Allowed Claims and Allowed Interests are accomplished pursuant to the provisions of the Plan;

11

21-61491-tnap    Doc 269    FILED 07/28/22    ENTERED 07/28/22 15:22:14    Page 11 of 13

E. Decide or resolve any motions, adversary proceedings, contested or litigated matters and any other matters and either grant or deny any applications involving the Debtor or the Liquidating Debtor that may be pending on the Effective Date or brought thereafter;

F. Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents entered into or delivered in connection with the Plan or this Order;

G. Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any contract, instrument, release or other agreement or document that is entered into or delivered pursuant to the Plan or any entity's rights arising from or obligations incurred in connection with the Plan and such documents;

H. Modify the Plan before or after the Effective Date pursuant to section 1193 of the Bankruptcy Code; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, this Order or any contract, instrument, release or other agreement or document entered into, delivered or created in connection with the Plan or this Order, in such manner as may be necessary or appropriate to consummate the Plan;

I. Enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation or enforcement of the Plan or this Order;

21-61491-tnap    Doc 269    FILED 07/28/22    ENTERED 07/28/22 15:22:14    Page 12 of 13

J. Determine any other matters that may arise in connection with or relate to the Plan or this Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan or this Order;

K. Enforce or clarify any orders previously entered by the Bankruptcy Court in the Chapter 11 Case; and

L. Determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, including any Disputed Claims for taxes.

13. <u>Notice of Entry of this Order</u>. The Debtor shall serve a notice of entry of this Order, as provided in Bankruptcy Rule 2002(f)(7), to all creditors and equity security holders of the Debtor previously served with notice of the confirmation hearing within two (2) business days after the date of entry of this Confirmation Order. Such notice satisfies the requirements of Bankruptcy Rules 2002 and 3020(c).

# # #

SUBMITTED BY:

/s/ *Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE MCDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtor
and Debtor-in-Possession*