# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**SUMMARY OF SECOND AND FINAL APPLICATION OF BROUSE MCDOWELL, LPA, COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED TO DEBTOR, SQUIRRELS RESEARCH LABS LLC, AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 23, 2021, THROUGH AUGUST 26, 2022**

| | |
|---|---|
| Name of Applicant: | Brouse McDowell, LPA |
| Authorized to Provide Professional Services to: | Counsel for the Debtors |
| Petition Date: | November 23, 2021 |
| Date of Retention: | December 21, 2021 (effective as of November 23, 2021) |

**Second Interim Period**:

| | |
|---|---|
| Period for which Compensation and Reimbursement is sought: | June 1, 2022 – August 26, 2022 |
| Amount of Compensation sought as Actual, Reasonable and Necessary: | $17,300.50 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $   117.87 |
| Total Amount of Compensation and Expenses Sought to be Reimbursed as Actual, Reasonable and Necessary: | $17,418.37 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

1

**Final Application Period**:

| | |
|---|---|
| Period for which Compensation and Reimbursement is sought: | November 23, 2021 – August 26, 2022 |
| Amount of Compensation sought as Actual, Reasonable and Necessary: | $165,644.00 |
| Amount of Expense Reimbursement sought as Actual, Reasonable and Necessary: | $    6,433.46 |
| Total Amount of Compensation and Expenses Sought to be Reimbursed as Actual, Reasonable and Necessary: | $172,077.46 |

This application for services rendered to Squirrels Research Labs LLC is: ___ interim _X__ final. If this is not the first application filed, please state the following for each other application.

| Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees/ Expenses & Date |
|---|---|---|---|
| 6/30/2022 | 11/23/21 – 05/31/22 | $148,343.50; $6,315.59 | $154,659.09; 07/28/22 |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC *et al.*,[1] | ) | Case No. 21-61491 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

**SECOND AND FINAL APPLICATION OF BROUSE MCDOWELL, LPA, COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED TO DEBTOR, SQUIRRELS RESEARCH LABS LLC, AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD NOVEMBER 23, 2021, THROUGH AUGUST 26, 2022**

Now comes Brouse McDowell L.P.A. ("Applicant"), counsel for the above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors") and hereby submits its Second and Final Application for Allowance of Compensation For Professional Services Rendered to Debtor, Squirrels Research Labs LLC, and Reimbursement of Expenses for the Period November 23, 2021 through August 26, 2022 (the "Application"), including the period June 1, 2022 through August 26, 2022 for which no application has been submitted (the "Second Compensation Period"). In support of the Application, the Applicant respectfully states as follows:

## Jurisdiction

1.  The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

21-61491-tnap    Doc 282    FILED 09/08/22    ENTERED 09/08/22 15:01:15    Page 3 of 10

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1.

### BACKGROUND

4. On November 23, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the Bankruptcy Code.

5. On December 3, 2021, the Debtors filed an Application to Employ Brouse McDowell, LPA as bankruptcy counsel.

6. On December 21, 2021, this Court granted the Debtors' Application to Employ Brouse McDowell, effective as of the Petition Date [Docket No. 85].

### RELIEF REQUESTED

7. Applicant is a legal professional association engaged in the practice of law and is counsel for the Debtors. By this Application, the Applicant seeks compensation for the professional services it has rendered to Debtor, Squirrels Research Labs LLC, in the administration of its estate.

I. **Summary of Compensation Requested.**

8. Except as set forth in Paragraph 9 below, no payments have heretofore been made or promised to Applicant for services rendered or to be rendered in any capacity whatsoever in connection with these bankruptcy proceedings. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered or to be rendered in connection with these bankruptcy proceedings, except for

4

the sharing of compensation among members and employed associates of the Applicant, as permitted by law.

9. On June 30, 2022, Applicant filed its first interim fee application (the "First Interim Fee Application") asking for approval of fees and expenses on an interim basis for the period of November 23, 2021, through May 31, 2022 (the "First Compensation Period"). On July 28, 2022, an order was entered granting Applicant's First Interim Fee Application and approving fees incurred in the First Compensation Period in the amount of $148,343.50 and expenses in the amount of $6,315.59. Applicant has received payment of all fees and expenses awarded under the Order.

10. This Application requests an order of this Court approving compensation to Applicant on a final basis for the First Compensation Period, in the sum of $148,343.50 plus allowable expenses for the same period in the sum of $6,315.59.

11. This Application also seeks final approval of unpaid fees and expenses for the Second Compensation Period, in the sum of $17,300.50 plus allowable expenses for the same period in the sum of $117.87.

**II.  Summary of Services Rendered**.

12. The Applicant expended a total of 510.10 hours in providing services at a composite hourly rate of $290.81 for the First Compensation Period. The amount of time expended by each of the attorneys and paralegals together with the applicable billing rates for each of them in respect of services rendered during this period is set forth in **Exhibit A**.

13. Attached hereto and made a part hereof, as **Exhibit B** is the day-to-day detailed description of legal services rendered by Applicant acting as counsel for Debtor in connection with these bankruptcy proceedings during the Second Compensation Period. The attached

5

21-61491-tnap    Doc 282    FILED 09/08/22    ENTERED 09/08/22 15:01:15    Page 5 of 10

itemization sets forth in detail the nature of services rendered, the initials of the individuals by whom the services were rendered, the time expended by such individuals in performing such services, the date such services were rendered and the general categories of work performed by the Applicant. The Applicant expended a total of 66.70 hours in providing services at a composite hourly rate of $259.38. The breakdown of the hours expended by each attorney and their hourly rates are as follows:

**SUMMARY FOR THE APPLICATION PERIOD**

| TIMEKEEPER | INITIALS | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Nicholas P. Capotosto (Partner) | NPC | 0.80 | 395.00 | 316.00 |
| Patrick J. Egan (Partner) | PJE | 0.40 | 360.00 | 144.00 |
| Marc B. Merklin (Partner) | MBM | 4.40 | 525.00 | 2,310.00 |
| Julie K. Zurn (Partner) | JKZ | 18.60 | 325.00 | 6,045.00 |
| Jack M. D'Andrea (Associate) | JMD | 6.60 | 225.00 | 1,485.00 |
| J. Michele Banner (Paralegal) | JMB | 0.20 | 195.00 | 39.00 |
| Theresa M. Palcic (Paralegal) | TMP | 35.70 | 195.00 | 6,961.50 |
| **TOTALS** | | **66.70** | | **$17,300.50** |

14. While the attached itemization provides a day-to-day summary of services performed by Applicant in its capacity as Debtor's counsel, the Applicant submits the following brief narrative description and summary of services rendered during the Second Compensation Period, to assist the Court in its review of this Application in accordance with the Guidelines of the United States Trustee and the United States Bankruptcy Court for the Northern District of

Ohio, (collectively the "Guidelines"). The narrative in the Applicant's First Interim Fee Application describes the work performed by the Applicant from November 23, 2021, through May 31, 2022 [Docket No. 252].

In addition, in support of the Applications attached hereto as **Exhibit C** is the Certification of Julie K. Zurn.

15. During the period of time covered by the Second Compensation Period, Applicant's efforts in major categories include the following:

### Business Operations

(Fees: $1,567.50; Hours: 5.10)

16. During the Second Compensation Period, Applicant provided services to the Debtor related to the completion and filing required monthly operating process. In addition, Applicant spent time assisting debtor with the collection of a certain note receivable and the transition into the post-confirmation phase of this case in anticipation of the upcoming effective date of the confirmed plan.

### Employment/Fee Applications of Brouse McDowell

(Fees: $4,784.00; Hours: 22.00)

17. During the Second Compensation Period, Applicant expended time preparing the first interim fee application of Applicant.

### Other Employment/Fee Applications

(Fees: $1,222.00; Hours: 5.60)

18. During the Second Compensation Period, Applicant expended time preparing the first interim fee applications of CliftonLarsonAllen.

## Plan of Reorganization

(Fees: $8,046.50; Hours: 27.70)

19. During the Compensation Period, Applicant expended most of its time primarily in connection with the plan process for the Debtor, including the development, solicitation, balloting, and confirmation of a plan of liquidation. Time spent also included work performed to address objections and concerns raised to the proposed amended plan, which plan was confirmed by the order of the Court.

### III. Allowance of Compensation.

20. The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> A trustee, an examiner, a debtor's attorney, or any professional person…may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

21. With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered . . . ." Section 330(a)(3) of the Bankruptcy Code, in turn, provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). The clear intent expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent bankruptcy practitioners to bankruptcy cases.

22. Throughout this case the Applicant has coordinated the work involved, and thus the time expended was assigned in light of the experience and expertise required for a particular task. As shown by this Application and supporting documents, the firm spent its time economically and without unnecessary duplication.

**IV.    Conclusion.**

23. As previously stated, no agreement or understanding exists between the Applicant and any other person for the sharing of any compensation to be received for professional services rendered or to be rendered in connection with this case.

24. No prior application has been made in this or in any other Court for the relief requested herein for the Second Compensation Period.

**WHEREFORE**, the Applicant prays this Court for an Order substantially in the form attached hereto as **Exhibit D**:

9

1. Awarding and approving fees on a final basis for the period November 23, 2021 through May 31, 2022, in the amount of $148,343.50; and

2. Approving and authorizing the Debtor to pay, on a final basis, unpaid fees incurred during the Second Interim Period in the amount of $17,300.50.

3. Awarding and approving, on a final basis, reimbursement for actual and necessary expenses advanced for the period November 23, 2021 through May 31, 2022, in the amount of $6,315.59.

4. Approving and authorizing the Debtor to pay, on a final basis, unpaid expenses incurred during the Second Interim Period in the amount of $117.87.

5. Authorizing and ordering the Debtor to pay, on a final basis, such compensation and reimbursement of expenses in the total amount of $17,418.37.

DATED: September 8, 2022

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc B. Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com

*Counsel for the Debtors
and Debtors-in-Possession*

1501685