DocuSign Envelope ID: CA9FE646-70A0-42E1-ABD4-EDC3553EFE

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), dated October 24, 2022, is made and entered into by and between Squirrels Research Labs LLC ("Squirrels"), Fleur-de-Lis Development, LLC ("Fleur-de-Lis"), Rocco Piacentino ("Piacentino"), and Cynthia Heinz ("Heinz"). Fleur-de-Lis, Piacentino, and Heinz are collectively referred to herein as "Defendants" and along with Squirrels as the "Parties," and each as a "Party".

## RECITALS

A. **WHEREAS**, on or around November 17, 2020, Squirrels and Fleur-de-Lis entered into a certain Letter of Intent ("Letter of Intent");

B. **WHEREAS**, on or around December 31, 2020, Squirrels and Fleur-de-Lis entered into a certain Membership Interest Purchase Agreement ("Purchase Agreement");

C. **WHEREAS**, on or about March 1, 2021, Squirrels sued Defendants in the Stark County Court of Common Pleas Case Number 2021CV00251 asserting counts for: (1) Breach of Contract, (2) Defamation, (3) Fraud, (4) Trade Secrets Act, (5) Intentional Interference, (6) Punitive Damages, and (7) Injunctive relief (the "Litigation"). On April 6, 2021, Fleur-de-Lis asserted counterclaims in the Litigation for: (1) Breach of Fiduciary Duty, (2) Breach of Contract, (3) Fraudulent Misrepresentation, (4) Fraudulent Concealment, and (5) Defamation;

D. **WHEREAS**, on or about November 23, 2021, Squirrels filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing Bankruptcy Case Number 21-61491 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "Bankruptcy Court");

E. **WHEREAS**, on or about February 17, 2022, Squirrels filed a Notice of Removal, removing the Litigation to the Bankruptcy Court commencing Adversary Proceeding Case Number 22-06003-rk (the "Adversary");

F. **WHEREAS**, on or about March 10, 2022, Fleur-de-Lis filed a proof of claim in the Bankruptcy Case against Squirrels asserting a general unsecured claim, Claim No. 42 (the "Claim") based on its counterclaim asserted in the Litigation;

G. **WHEREAS**, on or about July 28, 2022, the Bankruptcy Court entered an Order Confirming Squirrels' Amended Plan of Liquidation, pursuant to which Squirrels, as the Liquidating Debtor (as defined in the Amended Plan of Liquidation), has the authority to resolve disputed claims or causes of action with court approval and compliance with the Federal Rule of Bankruptcy Procedure 9019;

DocuSign Envelope ID: CA9FE646-70A0-42E1-ABD4-EDC3553EFE77

H.  **WHEREAS**, the Parties agree, subject to Bankruptcy Court approval, to fully and finally resolve the Litigation, the Adversary, the Claim in the Bankruptcy Case, and any and all other disputes, controversies, or causes of action related to the Letter of Intent, the Purchase Agreement, the Litigation, the Adversary, the Claim, or the Bankruptcy Case pursuant to the terms and conditions set forth herein; and

**NOW THEREFORE**, in consideration of the covenants and agreements herein contained, and for other good and valid consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1.  <u>Incorporation of Recitals.</u>  The recitals set forth above are hereby incorporated into and made a part of this Agreement.

2.  <u>Consideration.</u>  Based on the respective likelihoods of success in the Adversary on Squirrel's claims, Fleur-de-Lis's counterclaims, and taking into account the costs and expenses of the litigation, and the likelihood of recovery of a judgment obtained by any Party, the Parties agree to mutually dismiss all claims and counterclaims in the Adversary with prejudice, and to the withdrawal of the Claim with prejudice.

3.  <u>Rights to Enforce Obligations</u>. Notwithstanding any other provision of this Agreement, the Parties do not waive or release the right to enforce the terms of this Agreement.

4.  <u>Dismissal of Adversary and Withdrawal of Claim</u>.  Defendants agree to withdraw and release with prejudice any claim, including without limitation the Claim as defined above, in the Bankruptcy Case.  In the event Defendants do not withdraw the Claim as filed, the Claim is hereby disallowed as of the Effective Date of this Agreement.  Plaintiff and Defendants agree to a mutual dismissal with prejudice of the Adversary.

5.  <u>Effectiveness and Effective Date</u>.  This Agreement shall become effective only upon Court approval of this Agreement and the running of all objection and appeal periods, and the order approving this settlement becoming a final order.

6.  <u>Dismissal of the Adversary</u>.  The Parties shall voluntarily dismiss, with prejudice, all claims and counterclaims in the Adversary, with each party to bear their own court costs and fees, including, but not limited to attorney fees, thereby disposing of the Adversary in its entirety.  A copy of a form Stipulated Dismissal Entry to be executed and filed by the Parties is attached hereto and incorporated herein as **<u>Exhibit A</u>**.

7.  <u>Authority and Indemnification</u>. Each Party represents and warrants that it has full and complete authority to enter into this Agreement without any approval of any predecessor, successor, parent, subsidiary, assignee, affiliate, guarantor, member, manager, principal, shareholder, partner, officer, director, subject only to the approval of the Bankruptcy Court as set forth in paragraph 6 above.  Each Party indemnifies and holds the

DocuSign Envelope ID: CA9FE646-70A0-42E1-ABD4-EDC3553EFE77

other harmless for any and all loss or damage that the other may incur directly or indirectly from any challenges to the foregoing representation and warranty.

      8.    <u>Governing Law and Forum to Resolve Further Disputes.</u>  The validity, effect and construction of this Agreement and any obligation undertaken pursuant hereto shall be determined in accordance with the laws of the State of Ohio without regard to conflict of law principles.  Any dispute relating to or arising from this Agreement shall be determined under Ohio law and adjudicated exclusively in the state and federal courts of the state of Ohio.

      9.    <u>No Admission.</u>  This Agreement and the settlement of the claims asserted in the Litigation, the Adversary, the Claim and the Bankruptcy Case are not to be construed as an admission of fault or liability on the part of any Party, and each Party specifically denies any liability or fault.

      10.    <u>Advice of Counsel.</u>  The Parties represent and acknowledge that in executing this Agreement, they have sought and obtained the advice of legal counsel.  This Agreement shall not be construed against either Party regardless of which Party drafted any provision hereof.

      11.    <u>Entire Agreement Between the Parties</u>.  This Agreement sets forth the entire understanding between the Parties concerning the subject matter of this Agreement and supersedes all prior negotiations and understandings.  No representation or warranty has been made by or on behalf of any Party to this Agreement (or any officer, director, employee or agent thereof) to induce any other Party to enter into this Agreement or to abide by or consummate any transactions contemplated by any terms of this Agreement, except representations and warranties expressly set forth herein.  If any portion of this Agreement is found to be unenforceable, then the Parties desire that all other portions that can be separated from it or appropriately limited in scope shall remain fully valid and enforceable.

      12.    <u>Binding Nature of Agreement; Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their respective predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, employees, general partners, limited partners, managers, members, heirs and administrators.  This Agreement and the duties, obligations and rights granted hereunder or imposed hereby may not be assigned by either Party except with the prior written consent of the other, which consent may be withheld for any reason or no reason.  Nothing in this Agreement is intended to confer upon any person or entity, other than the Parties hereto, any right or benefit, except as expressly set forth herein.

      13.    <u>Execution of Agreement</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.  In addition, for purposes of executing this Agreement, a document signed and transmitted electronically shall be treated as an original document.

21-61491-tnap    Doc 297-1    FILED 11/21/22    ENTERED 11/21/22 13:26:57    Page 3 of 4

14. <u>No Modification Except in Writing</u>. This Agreement shall not be altered, changed, modified or amended except by a writing signed by the Party to be charged, and this Agreement may not be discharged except by performance in accordance with its terms.

15. <u>Headings.</u> The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation hereof.

16. <u>Attorneys' Fees, Costs, and Mediation Expenses.</u> Except as provided herein, each Party hereto shall bear its own attorneys' fees and costs in connection with this Agreement and the matters resolved pursuant to this Agreement.

17. <u>Survival of Agreement.</u> The provisions of this Agreement shall survive the execution and delivery hereof, and the consummation of the transactions contemplated hereby, and shall not be deemed to merge therein.

**IN WITNESS WHEREOF**, the Parties, having declared their intentions to be bound contractually by all such terms and conditions, do hereby execute and deliver this Agreement on the dates indicated by their signatures below.

**SQUIRRELS RESEARCH LABS, LLC**

By: _(signature)_

Printed Name: David Stanfill

Its: CEO

Date: 11/17/2022

**FLEUR-DE-LIS DEVELOPMENT, LLC**

By: _(DocuSigned: 9137944366FC4D1...)_

Printed Name: Rocco Piacentino

Its: Managing Member

Date: 10/25/2022

**ROCCO PIACENTINO**

_(DocuSigned: 9137944366FC4D1...)_

Date: 10/25/2022

**CYNTHIA HEINZ**

_(DocuSigned: Cynthia Heinz, 9062D59654AE4F7...)_

Date: 10/25/2022

Page 4 of 4

21-61491-tnap    Doc 297-1    FILED 11/21/22    ENTERED 11/21/22 13:26:57    Page 4 of 4