# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.*<br><br>*Debtors* | CASE NO. 21-61491-TNAP<br>(JOINTLY ADMINISTERED)<br>CHAPTER 11<br>SUBCHAPTER V<br>JUDGE PATTON |
| FREDERIC P. SCHWIEG, TRUSTEE<br>*Plaintiff*<br>V.<br>SIDNEY KEITH<br>*Defendant* | ADVERSARY NO.<br><br>ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY **BOTH** ADVERSARY AND BANKRUPTCY CASE NUMBERS AND NAME OF JUDGE |

**ADVERSARY COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY; TO RECOVER PREFERENTIAL TRANSFERS, TO RECOVER FRAUDULENT TRANSFERS, TO OBTAIN A DECLARATORY JUDGMENT RELATING TO THE FOREGOING AND OTHER RELIEF.**

## JURISDICTION

1. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (d).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (K) and (O).

3. To the extent that the matters herein are determined not to be core proceedings, they are related to the bankruptcy case referenced above and Plaintiff consents and alleges that each Defendant also consents to the referral of this adversary proceeding to the bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158.

## PARTIES

4. Plaintiff Frederic P. Schwieg is the duly appointed Subchapter V Trustee ("Trustee") for the bankruptcy case in which this adversary proceeding is commenced.

5. Defendant Sidney Keith, 8127 Larkspur Ave NW, North Canton, OH 44720 ("Defendant").Defendant is the recipient of certain transfers from the Debtor as identified below and may be served with the summons and complaint at such address. At all times relevant to this complaint the Defendant was a member of the Debtor and Defendant is an insider of the Debtor as defined in 11 USC §101(31).

## BACKGROUND

6. The allegations of the preceding paragraphs are incorporated by reference here.

7. On November 23, 2021 (the "Petition Date"), Squirrels Research Labs LLC ("Debtor") filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

8. On November 30, 2021, the Office of the United States Trustee appointed the Trustee [Case Doc. 35].

9. The Debtor's amended plan of reorganization [Case Doc. 237] ("Plan") was confirmed by the court on July 28, 2022 [Case Doc. 269].

10. Under the Plan the Trustee was given the power to investigate certain transfers to insiders of the Debtor, including Defendant.

11. At all times material to this complaint the Debtor was insolvent and unable to pay its obligations when due.

12. From time to time the Defendant either advanced funds or credit to the Debtor and received repayment of such advances of funds or credit from the Debtor. The dates of the extension of funds and the transfers received from the Debtor are accurately set forth on Exhibit A ("Transfers").

## COUNT I – RECHARACTERIZATION

13. The allegations of the preceding paragraphs are incorporated by reference here.

14. The advances of funds and credit from the Defendant to Debtor were not debt obligations but rather repurchases of stock of the Debtor.

15. The Transfers were therefore on account of equity investments and not debts.

## COUNT II IMPLIED FRAUDULENT TRANSFER FEDERAL LAW

16. The allegations of the preceding paragraphs are incorporated by reference here.

17. The Debtor received less than a reasonably equivalent value in exchange for the Transfers to Defendant.

18. On the date(s) of the Transfers to Defendant, the sum of the Debtor's debts was greater than all of the Debtor's property, at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay, or defraud his creditors; or it became insolvent as a result of the Transfers to Defendant.

19. At the time of the Transfers to Defendant, the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

20. At the time of the Transfers to Defendant, the Debtor intended to incur, or believed that the Debtor would incur, debts beyond the Debtor's ability to pay as such debts matured.

21. Therefore, the Transfers to Defendant may be avoided pursuant to 11 U.S.C. §548 and are recoverable from the Defendant pursuant to section 550(a).

## COUNT III– IMPLIED FRAUDULENT TRANSFER—STATE LAW

22. The allegations of the preceding paragraphs are incorporated by reference here.

23. The Debtor owed money to creditors holding allowable unsecured claims against this bankruptcy estate before the time of the Transfers to Defendant.

24. The Debtor did not receive a reasonably equivalent value in exchange for the Transfers to Defendant.

25. The sum of the Debtor's debts were greater than all of the assets of the Debtor at fair valuation at the time of the Transfers to Defendant.

26. The Debtor was generally not paying its debts as they became due at the time of the Transfers to Defendant.

27. The Debtor was insolvent or was rendered insolvent as a result of the Transfers to Defendant.

28. At the time of the Transfers to Defendant the Debtor was engaged or about to engage in a business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction.

29. At the time of the Transfers to Defendant the Debtor intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they came due.

30. Therefore the Transfers to Defendant may be avoided pursuant to O.R.C. §§ 1336.04 and 1336.05, and 11 U.S.C. §544 and are recoverable from the Ibex pursuant to section 550(a).

## COUNT IV – PREFERENCE

31. The allegations of the preceding paragraphs are incorporated by reference here.

32. To the extent the Transfers were for payment of a debts the Transfers in the one-year period prior to the Petition Date were made to or for the benefit of Defendant.

33. The t Transfers in the one-year period prior to the Petition Date were for or on account of an antecedent debt owed by the Debtor before such Transfers were made.

34. The Transfers in the one-year period prior to the Petition Date enabled the Defendant to receive more than such creditor would receive in the Debtor's case under Chapter 7 of

4

Title 11 of the United States Code, and if the Defendant received payment of such debt to the extent provided by Chapter 7 of Title 11 of the United States Code.

35. Therefore, pursuant to 11 U.S.C. § 547, Plaintiff may avoid the transfer of the Transfers in the one-year period prior to the Petition Date to Defendant, and are recoverable from the Defendant pursuant to section 550(a).

## COUNT V- RECOVERY

36. The allegations of the preceding paragraphs are incorporated by reference here..

37. Therefore, Pursuant to 11 U.S.C. §§544, 548 and 550 the Debtor may recover the value of the Transfers to Defendant from Ibex.

## COUNT VI- DECLARATORY JUDGMENT

38. The allegations of the preceding paragraphs are incorporated by reference here..

39. The should declare that Ibex's remaining Claims, if any are unsecured against any assets of the estate.

WHEREFORE, the Plaintiff, Frederic P. Schwieg, Trustee, requests Judgment as follows:

1. That this Court enter an order that the extensions of money or credit to the Debtor by Defendant were contributions to capital and not debts of the Debtor;

2. That this Court enter an order avoiding the Transfers to Defendant as they were fraudulent transfers under Federal and Ohio state law; and

3. That this Court enter an order avoiding the Transfers to Defendant in the one year period prior to the Petition Date as they were preferential transfers under Federal law;

4. That the Court award the Trustee judgment in the amount of the Transfers, to wit $132,132.80; and

5

such further relief and such further equities as this Court deems just.

Respectfully Submitted,
/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd #239
Rocky River, Ohio 44116
(440) 499-4506
Fax (440) 398-0490
fschwieg@schwieglaw.com
Subchapter V Trustee

**Squirrels Research Labs LLC**
**Transactions: Sidney Keith**
All Dates

| Account # | Date | Transaction Type | Num | Memo/Description | Amount | A/P Paid | Comments from D Stanfill report |
|---|---|---|---|---|---|---|---|
| 1010 Checking x6063 | 10/12/2018 | Expense | | QuickPay with Zelle payment to S idney Keith 7570115753 | 2,404.74 | Paid | Not listed in report provided by D Stanfill |
| 1010 Checking x6063 | 10/18/2018 | Expense | | QuickPay with Zelle payment to S idney Keith 7586490181 | 528.06 | Paid | Not listed in report provided by D Stanfill |
| 1010 Checking x6063 | 05/06/2020 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 40,000.00 | Paid | Sidney Keith Shares Buyout |
| 1010 Checking x6063 | 06/03/2020 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 22,400.00 | Paid | Sidney Keith Shares Buyout |
| 1010 Checking x6063 | 08/13/2020 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 10,000.00 | Paid | Sidney Keith Shares Buyout |
| 1010 Checking x6063 | 11/04/2020 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 12,400.00 | Paid | Not listed in report provided by D Stanfill |
| 1010 Checking x6063 | 11/04/2020 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 21,600.00 | Paid | Not listed in report provided by D Stanfill |
| 1010 Checking x6063 | 02/24/2021 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 800.00 | Paid | Not listed in report provided by D Stanfill |
| 1010 Checking x6063 | 02/24/2021 | Bill Payment (Check) | | No Description provided - pymt through Accounts Payable #2001 | 22,000.00 | Paid | Not listed in report provided by D Stanfill |
| | | | | | **132,132.80** | | |

**EXHIBIT A**