## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made and entered into by and between Midwest Data Company LLC, and Squirrels Research Labs LLC (collectively the "Plaintiffs"), on the one hand, and Cincinnati Insurance Company (the "Defendant"), on the other hand, as of the ___ day of _____, 2024 (the "Effective Date"). Plaintiff and Defendant are collectively referred to herein as "Parties."

### RECITALS

WHEREAS, on or about July 14, 2023, Plaintiffs filed a civil action styled *Midwest Data Co., et al. v. Cincinnati Insurance Co.*, Case No. 2023 CV 01239 (the "Lawsuit"), in Stark County Court of Common Pleas (the "Court") relating to a fire that occurred on or about July 14, 2021, and the resulting claims (the "Lawsuit");

WHEREAS, a mediation conference took place on March 7, 2024;

WHEREAS, the Parties reached an agreement to settle the Lawsuit on the terms contained herein, subject to approval of the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") in cases 21-61491 and 21-61492;

WHEREAS, the Parties are desirous of resolving the Lawsuit.

NOW, THEREFORE, in consideration of the mutual promises and undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby agreed by and between the parties as follows:

### TERMS OF THE AGREEMENT

1. <u>Recitals.</u> The recitals set forth above are incorporated herein as a material term of this Agreement.

2. The Settlement Payment. Plaintiff will seek approval of the Agreement and authority from the Bankruptcy Court in Cases Nos. 21-61491 and 21-61492, in which Plaintiffs are Debtors, to enter into the Agreement. If the Court approves the Agreement set forth herein under Federal Rule of Bankruptcy Procedure 9019, then within 3 business days of the entry of the Bankruptcy Court Order approving this Agreement, Defendant agrees to wire to Plaintiffs' counsel's law firm the $232,500 ("Settlement Payment") for further disbursement in accordance with the Bankruptcy Court Order.

3. The wiring instructions for the Settlement Payment shall come from Plaintiffs' counsel before the execution of the Agreement. The terms of this Agreement shall be null and void if the Bankruptcy Court does not approve it.

4. Dismissal of Lawsuit. Within three (3) business days of the Settlement Payment being completed and disbursed as set forth in paragraph 2 above, if not sooner, Plaintiffs shall submit to the Court an agreed notice dismissing the Lawsuit with prejudice with all Parties to pay their own attorneys' fees, costs, and expenses. Defendant shall be responsible for the payment of Court costs.

5. Release by Plaintiff of Defendant. Plaintiffs, Midwest Data Company LLC, and Squirrel Research Labs LLC, do hereby release, acquit, and forever discharge Defendant and its past, present, and future affiliates, subsidiaries, parents, predecessors, successors, executives, administrators, divisions, transferees, assigns, officers, directors, representatives, investors, shareholders, employees, principals, members, managers, agents, lawyers, insurers, reinsurers, any trustees, executors, and fiduciaries (collectively "Defendant Released Persons") from any and all claims and causes of action of any nature whatsoever, whether in tort, contract, extra-contractual, statutory violation, regulatory violation, punitive damages, all other theories of recovery, losses,

obligations, debts, damages and all claims of every name and nature, whether known or unknown, claimed or unclaimed, pecuniary or non-pecuniary, suspected or unsuspected, anticipated or unanticipated, expenses, attorneys' fees, and costs of whatsoever kind or nature, that are on account of, as a result of or in any way arising out of or related to the matters at issue in the Lawsuit, including, but not limited to, the claims alleged in, or which could have been alleged in, the Lawsuit.

6. <u>Release by Defendant of Plaintiff.</u> Defendant does hereby release, acquit, and forever discharge Plaintiffs, Midwest Data Company LLC and Squirrels Research Labs LLC, and their past, present, and future affiliates, subsidiaries, parents, predecessors, successors, executives, administrators, divisions, transferees, assigns, officers, directors, representatives, investors, shareholders, employees, principals, members, managers, agents, lawyers, insurers, reinsurers, any trustees, executors, and fiduciaries (collectively "Plaintiff Released Persons") from any and all claims and causes of action of any nature whatsoever, whether in tort, contract, extra-contractual, statutory violation, regulatory violation, punitive damages, all other theories of recovery, losses, obligations, debts, damages and all claims of every name and nature, whether known or unknown, claimed or unclaimed, pecuniary or non-pecuniary, suspected or unsuspected, anticipated or unanticipated, expenses, attorneys' fees, and costs of whatsoever kind or nature, that are on account of, as a result of or in any way arising out of or related to the matters at issue in the Lawsuit, including, but not limited to, the claims alleged in, or which could have been alleged in, the Lawsuit.

7. <u>Nature of Releases.</u> The releases set forth in Paragraphs 5-6 of this Agreement do not release any Party from any obligation created by this Agreement. Nor do the releases contained in Paragraphs 5-6 preclude any Party from bringing an action to enforce this Agreement. The

releases set forth in Paragraphs 5-6 shall be effective upon dismissal of the Lawsuit in accordance with Paragraph 4.

**WARRANTIES**

8. All Parties to this Agreement agree that all aspects of this Agreement have been thoroughly discussed with such Party's attorney, and that such Party has carefully read and fully understands all of the provisions of this Agreement, and that such party is voluntarily entering into this Agreement. By signing this Agreement, the Parties hereto state that they have read this Agreement, understand it and know that they are giving up important rights and further that they fully understand and agree with everything in it, are aware of their right to consult an attorney before signing it, and have done so, and have signed it knowingly and voluntarily. The Parties represent and acknowledge that in executing this Agreement they have not relied upon any representation or statement not set forth herein made by any other Party or by any other Party's agents, representatives, or attorneys with regard to the subject matter of this Agreement.

9. Each individual signing this Agreement on behalf of any Party represents and warrants that they have full corporate authority to do so.

10. The Parties represent and warrant that they have full power and corporate authority to execute and deliver this Agreement and to perform its obligations hereunder; and the execution, delivery and performance of this Agreement by the Parties hereto have been duly authorized by all necessary corporate action.

11. The parties agree and warrant that the funds to be paid by the Defendant are in full settlement, accord, and satisfaction of all obligations of the Defendant under the insurance Policy issued to the Plaintiffs, with respect to the referenced claim for fire loss. To the fullest extent permitted by the law and by the Bankruptcy Court, the Plaintiffs agree and warrant that the

4

Settlement Payment shall be deemed to settle, resolve, and extinguish all insurance claims arising out of the fire loss referenced in Plaintiffs' Complaint, including not only the Plaintiffs' insurance claims for their own loss, but also Plaintiffs' insurance claims for fire damage loss to the business personal property of Plaintiffs' clientele or transferees, for whom Plaintiffs have sought insurance recovery in their Complaint, including, but not limited to, JS Mining and/or Alignment Engine. In any event, to the fullest extent permitted by the law and by the Bankruptcy Court, the parties agree and warrant that the payment by Defendant constitutes a full compromise settlement, accord and satisfaction of a disputed insurance claim, shall fully extinguish the Defendant's obligations under the Policy arising out of the referenced fire loss, and no further payment shall be due from Defendant to the Plaintiffs, or to any of the Plaintiffs' clientele or transferees, arising out of the referenced fire loss.

## OTHER PROVISIONS

12. This Agreement may not be modified or amended except by a writing executed by all Parties hereto. This Agreement constitutes the entire Agreement between the Parties relating to or in any way arising from the matters that form the basis of the Lawsuit, including, but not limited to, the claims alleged in, or which could have been alleged in, the Lawsuit. With the exception of the representations or inducements set forth herein, no Party has relied on any representation or inducement in connection with its execution of this Agreement.

13. The Parties agree that this and all previous agreements or promises relating to the Lawsuit between them are superseded by this Agreement. The Parties understand and agree that this is a full and final agreement applying not only to all claims as described in this Agreement that

they know of, anticipate, or have been told about, but also to all claims that are unknown, unanticipated, unsuspected, and undisclosed to them relating to the subject matter of the Lawsuit. The Parties and each of them assume the risk that the facts or law that are related to or in any way arising out of the claims that form the basis for the Lawsuit may be other than the Parties believe and each of them further assume the risk that latent conditions may exist. By signing this Agreement, the Parties acknowledge that they are doing so voluntarily. The Parties also acknowledge that they are not relying on any representations by the other concerning the meaning of any aspect of this Agreement. In the event of any dispute, this Agreement shall be construed as a whole, and shall be interpreted in accordance with its fair meaning

14. In the event that legal action is instituted between the Parties to enforce this Agreement, including, without limitation, an action for breach of a representation or warranty, the losing Party shall pay to the prevailing Party all actual expenses incurred by the prevailing Party, including court costs, expert witness fees, attorney's fees, and transcript and stenographer's fees. The prevailing Party is the Party who receives substantially the relief sought, whether by judgment, summary judgment, dismissal or otherwise.

15. The Parties acknowledge that each and every covenant and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, affiliated corporations and successors in interest of the Parties.

16. The failure of any Party to exercise its rights under this Agreement or to insist upon strict performance of the terms hereof shall not operate as a waiver or preclude such Party from later exercising its rights hereunder The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement.

17. The judicial rule of construction requiring or allowing an instrument to be construed to the detriment of, or against the interest of, the maker or drafter of an instrument shall not apply to this Agreement, and shall be construed as if it were jointly prepared by the Parties.

18. If any provision or portion of a provision of this Agreement or the application thereof is adjudicated to be invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision or portion of a provision or the application of this Agreement which can be given effect without the invalid or unenforceable provision or portion of a provision or the application thereof

19. This Agreement is a compromise of disputed claims and the Parties' decision to enter into this Agreement shall not be construed as an admission of liability on the part of any Party.

**THE REMAINDER OF THIS PAGE IS LEFT INTENTIONALLY BLANK.**

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND IT AND HAVE CONSULTED WITH THEIR ATTORNEYS REGARDING THE TERMS RECITED THEREIN.**

**Squirrels Research Labs LLC**

By: *[signature]*

Its: __CEO__

Dated: __4/4/2024__

**Midwest Data Co., LLC**

By: *[signature]*

Its: __CEO__

Dated: __4/4/2024__

**Cincinnati Insurance Company**

By: _____

Its: _____

Dated: _____

**THE UNDERSIGNED HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND MUTUAL RELEASE AND FULLY UNDERSTAND IT AND HAVE CONSULTED WITH THEIR ATTORNEYS REGARDING THE TERMS RECITED THEREIN.**

Squirrels Research Labs LLC

By: _____

Its: _____

Dated: _____

Midwest Data Co., LLC

By: _____

Its: _____

Dated: _____

Cincinnati Insurance Company

By: /s/ Hope Van Dyne (signature)

Its: Representative

Dated: March 26, 2024

8