# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21- 61491 |
| | ) | |
| Debtors. | ) | (*Jointly Administered*) |
| | ) | |
| | ) | Judge Tiiara N.A. Patton |
| | ) | |

## REPLY IN SUPPORT OF MOTION OF SQUIRRELS RESEARCH LABS LLC AND THE MIDWEST DATA COMPANY LLC FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH CINCINNATI INSURANCE COMPANY

Squirrels Research Labs LLC ("SQRL") and The Midwest Data Company LLC ("MWDC", collectively with SQRL, the "Debtors"), by and through undersigned counsel, hereby submit this reply in support of the motion (the "Motion to Compromise") for the entry of an order, pursuant to Section 105 of Title 11 of the United States Bankruptcy Code ("Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure, to approve the settlement of a controversy (the "Compromise") between Debtors and Cincinnati Insurance Company. In support of the Motion to Compromise and in opposition to the Objection of Second Foundation Mining LLC ("SF Mining") to the Settlement Agreement and Mutual Release Filed by Debtor Squirrels Research Labs, LLC (the "Objection"), Debtors respectfully state the following:

1. The Objection should be overruled because (1) SF Mining lacks standing to raise these concerns as it is not a creditor of the entity who requires Court approval to enter into the Compromise, to wit, SQRL; (2) SF Mining's conjecture that the Compromise creates a windfall

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

to the owners of MWDC is unfounded and incorrect; (3) similarly, SF Mining's suggestion that the third parties whose property was damaged in the fire are not listed in these bankruptcy cases is simply incorrect, and (4) as more fully stated below and in the Motion to Compromise, the Compromise reflects the complexity of the claims alleged, the parties, and the context in which the claims and the settlement arose.

    A.    **Second Foundation Mining, LLC lacks standing to object to the Motion to Compromise**

2. SQRL's bankruptcy case was jointly administered for procedural purposes with the bankruptcy case of The Midwest Data Company LLC under Case No. 21-61491 pursuant to a prior order of this Court entered on December 1, 2021.

3. There are confirmed plans in each case. See Docket Nos. 223 and 269.

4. In the MWDC bankruptcy case, pursuant to the confirmed plan [Docket #170 and 223], MWDC, as reorganized debtor, has the authority to resolve disputed claims without Court approval. MWDC has determined, in its business judgment, that this settlement represents an appropriate recovery on the business interruption claim and damage to property in its care but owned by third parties. Pursuant to the compromise with Cincinnati, MWDC will receive on its business interruption claim the sum of $25,000 and the third parties, JS Mining and Alignment (a dba of Alignment Engine) whose property was damaged in the fire will receive $175,000 paid pro rata on the basis of the replacement value of the damaged property.

5. SQRL, as the Liquidating Debtor (as defined in the Amended Plan of Liquidation), has the authority to resolve disputed claims or causes of action with Court approval and compliance with the Federal Rule of Bankruptcy Procedure 9019. As set forth in the Motion, SQRL has determined, in its business judgment, that this settlement represents an appropriate recovery on the business interruption claim and the damage to its property. Pursuant to the

compromise with Cincinnati, SQRL will receive $15,000 for its business interruption claim and $17,500 for damage to its property.

6. SF Mining is not a creditor of SQRL; SF Mining was a customer of MWDC prior to the Petition Date, as listed in MWDC's schedules, statement of financial affairs, and plan of reorganization. MWDC has returned, at SF Mining's request, all of SF Mining's equipment that had been in its possession on the Petition Date.

7. Thus, SF Mining lacks standing to object to the Motion to Compromise.

**B.     There is No Windfall**

8. Under the Compromise, there is not a substantial sum to be paid to MWDC for its benefit. MWDC will receive $25,000 on account of its business interruption claim. This amount does not represent a windfall, particularly not in comparison to borrowing obligation MWDC undertook as a part of these bankruptcy cases, as reflected in the docket of this case, and summarized in the confirmed plan [Docket #170] and the legal and professional fees incurred and are ongoing in the bankruptcy proceeding and the Litigation. There will be no windfall to the owners of MWDC.

**C.     Complete and Transparent Disclosure**

9. On its statement of financial affairs filed on December 9, 2021, MWDC listed several entities and individuals whose property was held or in the possession of MWDC on the petition date, including SF Mining. Among those listed are the entities/individuals whose property sustained damage in the fire, Alignment Engine as Instantiation and JS Mining as Jeff Schugart.

10. JS Mining, listed on SOFA #21 as Jeff Schugart, had property under MWDC's control that was damaged on the date of the fire. A bailment reflecting as much, as described in SOFA #21, is of record with the Ohio Secretary of State.

11. For purpose of clarity, Instantiation is a subsidiary of Alignment Engine dba Aligned. Instantiation is listed on the SOFA #21, having acquired ownership, from customers of SQRL or MWDC, of certain computer modules, including some that had been damaged in the fire.

12. As is evident by the Docket in the case, Instantiation was the valid and authorized purchaser in the section 363 sale approved by Order of the Court. At that time, Mr. Stanfill was neither owner nor employee with Alignment Engine or its subsidiary, Instantiation. Thereafter, it acquired a leasehold interest in the physical facilities previously occupied by the Debtors, and separately employed Mr. Stanfill due to his expertise and knowledge of the equipment purchased by Instantiation.

13. The parties whose property was damaged in the fire are the proper parties to receive the funds attributable to property damage. In an attempt to avoid accusation of unfair shareholder enrichments, as a part of the Compromise, the Debtors specifically set forth in the Motion to Compromise an intent to pay the affected third parties by distribution as described in the Motion to Compromise following transfer of funds from Cincinnati Insurance Company to Debtors' counsel.

14. There is no basis for the unsecured creditors of SQRL to lay claim to the funds attributable to the physical damage to property owned by non-debtors, Instantiation/Alignment Engine and JS Mining.

### D. The Compromise is an Appropriate Exercise of the Debtors' Business Judgment, and is Within the Range of Reasonableness Taking into Account the Complexity of the Claims, the Parties, and the Context of These Cases

15. In determining whether to approve settlements, Courts look at whether the settlement is reasonable. *Newman v. Stein*, 464 F.2d 689, 692 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972); *see also In re Int'l Distribution Ctrs. Inc.*, 103 B.R. 420, 423 (S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991) (hereinafter "*Drexel I*"). In so doing, this Court may consider the settlement in the context of its familiarity with the history of the case, the complexity of the claims alleged, the parties, and the context in which the claims and the settlement arose. *See Anderson*, 390 U.S. at 444; *Purofied Down Prods.*, 150 B.R. at 524; *Int'l Distribution Ctrs.*, 103 B.R. at 423.

16. The proposed settlement need not be ideal, but merely above the lowest in the range of reasonableness under the circumstances. *See W.T. Grant*, 699 F.2d at 613-14; *Newman*, 464 F.2d at 693; *Purofied Down Prods.*, 150 B.R. at 523-24 (district court affirmed approval of a settlement that although not ideal, "did not fall below the lowest point in the range of reasonableness"). This concept of "range of reasonableness" recognizes "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent to taking any litigation to completion." *Newman*, 464 F.2d at 693.

17. The Debtors incorporate herein the Motion to Compromise and the statements therein about the complexity and the cost of the Litigation.

18. To further support its Motion to Compromise, the Debtors note that at the outset of the bankruptcy cases, and at the time of plan confirmation, the Debtors were hopeful that they would make a significant recovery on the insurance claim for the benefit of creditors of their

respective estates and believed they had a valid basis to argue that the business interruption cap under the policy would apply individually to each named insured.

19. As Litigation was commenced and prosecuted, however, it became apparent that the expense of proving a substantial business interruption claim would be costly and protracted. In addition, Cincinnati Insurance Company vigorously maintained that there were applicable contractual limitations to the policy that would prevent both named insureds from each recovering up to the business interruption cap.

20. Thus, the Debtors faced the risk of no-recovery on the insurance claim given the potential difficulties of proof under the facts and circumstances of this case, which include by way of example, the non-operating state of SQRL, followed by the filing of these bankruptcy cases, and the lack of available staff and resources of MWDC or SQRL to test and assist in the prosecution of the litigation, and the ambiguity and hypothetical nature of any projections of future revenue, along with the certain contractual limitations stated in the applicable policy that could limit the business interruption claim to one recovery of at most $150,000.

21. Notwithstanding these difficulties of proof and the expense of litigation, the Debtors were able to negotiate effectively and obtain a resolution that reflects an almost 50% recovery on the replacement cost of the damaged third party owned property and provides some recovery on the business interruption claim.

22. Thus, the Debtors believe the Compromise is fair, reasonable, and in the best interest of the estate, and falls well within the range of reasonableness that should be approved by the Court.

WHEREFORE, SQRL respectfully requests this Court overrule the Objection, grant the Motion to Compromise, and grant such other and further relief as the Court deems appropriate.

Dated: May 3, 2024                              Respectfully submitted,

                                                */s/ Julie K. Zurn*
                                                Marc Merklin (0018195)
                                                Julie K. Zurn (0066391)
                                                BROUSE McDOWELL, LPA
                                                388 S. Main Street, Suite 500
                                                Akron, Ohio 44311
                                                Telephone: (330) 535-5711
                                                Facsimile: (330) 253-8601
                                                mmerklin@brouse.com
                                                jzurn@brouse.com
                                                *Counsel for Squirrels Research Labs LLC*
                                                *and The Midwest Data Company LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, a true and correct copy of the **REPLY IN SUPPORT OF MOTION OF SQUIRRELS RESEARCH LABS LLC AND THE MIDWEST DATA COMPANY LLC FOR ENTRY OF AN ORDER APPROVING COMPROMISE AND SETTLEMENT WITH CINCINNATI INSURANCE COMPANY** was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

John C. Cannizzaro on behalf of Interested Party Instantiation LLC at John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com

Nicholas Paul Capotosto on behalf of Debtor Squirrels Research Labs LLC at ncapotosto@brouse.com, tpalcic@brouse.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc. at christopher.combest@quarles.com

Jack B. Cooper on behalf of Defendant Squirrels LLC at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Andrew Gould at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant David Stanfill at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Jessica Gritzan at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Kyle Slutz at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Sidney Keith at jcooper@milliganpusateri.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company at jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company at rgoff@westonhurd.com, cvadino@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC at sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC at JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC at
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC at
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA at
dneumann@meyersroman.com, docket@meyersroman.com; mnowak@meyersroman.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd. at
dneumann@meyersroman.com, docket@meyersroman.com; mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC at cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power at pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Plaintiff Frederic P Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Bryan Sisto on behalf of Creditor Carl Forsell at bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank at rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation at
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee at
kate.m.bradley@usdoj.gov

And by email to sfmining@protonmail.com

/s/ Julie K. Zurn
Julie K. Zurn (0066391)
*Counsel for Squirrels Research Labs LLC and the Midwest Data Company LLC*

1824825.3