UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
OHIO EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| Squirrels Research Labs LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Tiiara N.A. Patton |

## OBJECTION OF PAUL BILLINGER, TO THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE FILED BY DEBTOR SQUIRRELS RESEARCH LABS, LLC (DOC. 323)

Paul Billinger, a party in interest herein, hereby submits this objection to *Squirrels Research Labs LLC's Settlement Agreement and Mutual Release dated April 9, 2024* (Doc. 323) ("Agreement").

### BACKGROUND

1. On November 23, 2021 (the "**Petition Date**"), Squirrels Research Labs, LLC ("**SQRL**") and Midwest Data Company LLC ("**MWDC**" and together with SQRL, the "**Debtors**") filed their voluntary petitions under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing Chapter 11 jointly administered cases (the "**Cases**").

### OBJECTION TO AGREEMENT

2. This objection is in response to *Reply dated May 3, 2024* (Doc. 329), which contains previously undisclosed information.

3. The nebulous relationship between Instantiations / Alignment Engine / Aligned / MWDC has now been partially disclosed. Given Mr. Stanfill's relationship to these parties and their

interrelationship, these entities must be considered related parties ("**related parties**").

4. The related parties must not be allowed to usurp the rights of the SQRL creditors. Insurance proceeds must be redirected from the related parties to SQRL creditors.

5. From paragraph 8: "This amount does not represent a windfall, particularly not in comparison to borrowing obligation MWDC undertook as a part of these bankruptcy cases"

6. The amount of borrowing by MWDC is not relevant. What is relevant, but was not addressed, is that MWDC is a façade and a product of financial engineering, as indicated in paragraph 1, as well as in section Background. All insurance proceeds must be redirected from MWDC to SQRL creditors.

7. From paragraph 11: "Instantiation is listed on the SOFA #21, having acquired ownership, from customers of SQRL or MWDC, of certain computer modules, including some that had been damaged in the fire."

8. Instantiations / Alignment Engine / Aligned did not own the modules at the time the damage occurred. No evidence has been presented that any insurance rights passed to Instantiations / Alignment Engine / Aligned. The settlement proceeds should default to SQRL creditors in the absence of any valid contrary claim being asserted.

9. From paragraph 11: "Instantiation was the valid and authorized purchaser"

10. Instantiations purchased the assets of SQRL, but had no ownership of these assets at the time of damage. The settlement proceeds derived from SQRL assets should default to SQRL creditors in the absence of any valid contrary claim being asserted.

Respectfully submitted,

Paul Billinger
E-Mail:
paul.billinger@toreaconsulting.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Objection Of Paul Billinger, To The Settlement Agreement and Mutual Release By Debtor Squirrels Research Labs, LLC (Doc. 323)* was served by mail as per the instructions provided in Notice of Hearing *(Doc. 326)*.

_____
Paul Billinger