**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Squirrels Research Labs LLC, *et al.*[1] | ) | Case No. 21- 61491 |
| | ) | |
| Debtors. | ) | (*Jointly Administered*) |
| | ) | |
| | ) | Judge Tiiara N.A. Patton |
| | ) | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF ALLOCATION OF INSURANCE PROCEEDS**

Squirrels Research Labs LLC ("SQRL") and The Midwest Data Company LLC ("MWDC", collectively with SQRL, the "Debtors"), by and through undersigned counsel, hereby submit this supplemental brief in support of the allocation of insurance proceeds. In support of the allocation of the insurance proceeds as proposed in the Motion to Compromise [Docket #323] and set forth in the Settlement Agreement and Mutual Release between SQRL, MWDC and The Cincinnati Insurance Company attached to the Motion to Compromise, Debtors respectfully state the following:

**Summary**

1. The only issue before the Court is the appropriate allocation of the insurance proceeds paid by The Cincinnati Insurance Company in settlement of the claims made by SQRL and the claims made by MWDC against The Cincinnati Insurance Company. SQRL and MWDC are separate entities. Each entity had claims against The Cincinnati Insurance Company pending on November 23, 2021 (the "Petition Date"), the date each entity filed its own voluntary petition

---

[1] The "Debtors" in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

for relief under Chapter 11 of the Bankruptcy Code. Upon the filing of the voluntary petitions for relief, separate bankruptcy estates were created by operation of law for each entity, and pursuant to section 541 of the Bankruptcy, each estate is comprised only of its own property – that is "all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541. The allocation of the proceeds of the settlement of the insurance claims with The Cincinnati Insurance Company set forth in the Motion to Compromise, and as stated in the Report of Mediation, attached hereto as Exhibit A, is merely reflective of the settlement of each entity's claims and is based on each entity's legal or equitable interests in that property on the Petition Date. Though their bankruptcy cases were jointly administered for procedural purposes, the estates were not substantively consolidated, nor should or can they be now.

**Background[2]**

2.  Prior to the Petition Date, MWDC and SQRL were each a named insured under an insurance policy with The Cincinnati Insurance Company. Each entity had coverage under this policy for business interruption and for property damage. *See* Exhibit 1 to Declaration of David Stanfill, attached hereto as Exhibit B.

3.  This insurance policy was in effect on July 15, 2021, when there was an industrial fire at the Debtors' Facility.[3] *See* Declaration of David Stanfill, attached hereto as Exhibit B.

**Damage to MWDC and Property in Its Possession**

4.  At the time of the fire, MWDC was operating a hosting business at the Facility providing hosting services for cryptocurrency mining machines. *See* Declaration of David Stanfill in Support of First Day Filings [Docket #8]. MWDC had in its possession various

---

[2] The background recited herein is supported by the Declaration of David Stanfill attached hereto as Exhibit B.
[3] Capitalized terms not otherwise defined herein have the meaning given to them in the Motion to Compromise.

2

computer modules/carriers, equipment used for cryptocurrency mining, owned by third parties. MWDC did not create, manufacture, or build any of these modules/carriers. *See* Declaration of David Stanfill, attached hereto as Exhibit B.

5. As a result of the fire, certain customer owned property in the care and custody of MWDC was damaged. See Fire Details, Exhibit 2 to Declaration of David Stanfill, attached hereto as Exhibit B. Shortly after the fire, a customer of MWDC asserted a direct claim against Cincinnati Insurance Company for damage to its property and business interruption. Cincinnati declined to entertain the direct claim and indicated the coverage flowed to MWDC, the named insured and the entity in the custody and control of the property at the time of the fire. *See* Declaration of David Stanfill, attached hereto as Exhibit B.

6. Based on the records of MWDC, its customers who had property damaged in the fire include Jeff Schugart (dba JS Mining), NJEB, and Michael Maranda. *See Hosting Agreements*, example attached as Exhibit 3, JS Mining Property listing, attached as Exhibit 4, NJEB property listing attached as Exhibit 5, to the Declaration of David Stanfill, attached hereto as Exhibit B. After the fire, but before the filing of the above-captioned bankruptcy cases, Maranda, through his entities known as MMLLC or RPNY Holdings LLC, and NJEB LLC sold their property to Instantiation LLC, a subsidiary of Alignment Engine, Inc.). A specific listing of the property and copies of the purchase agreements can be provided to the Court under seal if necessary. See Declaration of David Stanfill, attached hereto as Exhibit B.

7. Based on the records of MWDC, the estimated replacement value of the damaged property owned by these third parties, but in the care and custody of MWDC at the time of the fire totals over $355,000. See Declaration of David Stanfill, attached hereto as Exhibit B. This property remained in the possession of MWDC at the time of its bankruptcy filing and is listed in

MWDC's Statement of Financial Affairs, part 11, Question 21 – Property held for another[4], and remained covered under MWDC's insurance policy with The Cincinnati Insurance Company. See Declaration of David Stanfill, attached hereto as Exhibit B.

8. As a result of the fire, the business operations of MWDC were interrupted. *See* Declaration of David Stanfill in Support of First Day Filings [Docket #8].

9. After the fire, MWDC, as reflected in the documents filed in this case, was able to resume operations, file this bankruptcy case, propose and confirm a plan of reorganization and emerge as a reorganized debtor under its confirmed plan of reorganization. *See* Stanfill Declaration [Docket #8], Balance Sheet, Profit and Loss, Statement of Cash Flows, [Docket #24 in Case No. 21-61492] Plan of Reorganization [Docket #170], and the various Operating Reports filed with the Court during the pendency of the MWDC bankruptcy case.

10. In its lawsuit against Cincinnati, MWDC asserted claims for business interruption and damage to property owned by its customers, but in its care and control. See Declaration of David Stanfill, attached hereto as Exhibit B.

11. As the result of negotiations and mediation with Cincinnati, and as supported by Exhibits A and B hereto, MWDC and Cincinnati agreed to resolve MWDC's insurance claims as follows:

    a. $175,000 for damage to property in the care and custody of MWDC on the date of the fire

    b. $25,000 for business interruption.

---

[4] Schugart is also listed as the owner of specific property, not carriers/modules or property damaged in the fire in SQRL's SOFA, Part 11-Q.21 – property held for another. [See Docket 62, pp. 75-81]. This property is distinct and different from the property described in MWDC's SOFA, part 11-Q.21 [See Docket 36 filed in Case No. 21-61492, p.21].

12. The property damage resolution represents an approximately 50% recovery in comparison to the replacement value of the damaged property.

13. The business interruption claim is reflective of MWDC's lost revenue, supported by the pre-fire monthly revenue received by MWDC for the hosting of customer equipment. For instance, prior to the fire, MWDC was receiving revenue of $18,389.60 per month from hosting of MMLLC/Maranda's property. *See* Hosting Agreement attached as Exhibit 3 and the Invoice from MWDC to Maranda, attached as Exhibit 6, to the Declaration of David Stanfill attached as Exhibit B. As a result of the fire, MMLLC/Maranda discontinued hosting operations with MWDC resulting in a substantial loss of revenue and, thus, profit. See Declaration of David Stanfill, attached hereto as Exhibit B. The resolution of MWDC's business interruption claim is further reflective of the insurance policy's limits and the risk and costs associated with continued litigation. See Declaration of David Stanfill, attached hereto as Exhibit B.

14. MWDC, as a reorganized debtor and pursuant to MWDC's confirmed plan of reorganization, did not need this Court's authority to enter into this resolution with Cincinnati, but in the interest of transparency, joined in the Motion and articulated its intentions with respect to the disposition of the settlement proceeds attributable to its claims against Cincinnati. See Declaration of David Stanfill, attached hereto as Exhibit B.

**Damage to SQRL and its Property**

15. At the time of the fire, SQRL was operating a business that manufactured, sold, and repaired hardware, including Datacenter Accelerator Boards used in cryptocurrency mining machines. *See* Declaration of David Stanfill in Support of First Day Filings [Docket #8]. SQRL did not provide hosting services for any third party owned property. Some of SQRL's customers would choose to have the hardware they purchased from SQRL hosted by MWDC, rather than

have SQRL ship the purchased hardware to a hosting company other than MWDC. *See* Declaration of David Stanfill, attached hereto as Exhibit B.

16. As a result of the fire, some of SQRL's property was damaged. *See* Fire Details Regarding SQRL attached as Exhibit 7 to the Declaration of David Stanfill attached hereto as Exhibit B. Based on the records of SQRL, the replacement value of its property damaged in the fire totals $35,324.99. See Declaration of David Stanfill, attached hereto as Exhibit B.

17. As a result of the fire, the business operations of SQRL were interrupted. *See* Declaration of David Stanfill in Support of First Day Filings, paragraph 17 [Docket #8].

18. After the fire, SQRL was never able to fully resume operations due not only to the fire but also as the result of liquidity constraints and supply chain disruptions that prevented SQRL from being able to obtain sufficient component parts to satisfy order in a timely matter. See Declaration of David Stanfill, attached hereto as Exhibit B.

19. SQRL listed in its bankruptcy schedules the property it owned, none of which includes Modules/Carriers. [Docket #62, Schedule B-parts 5 and 8 and related exhibit].

20. Ultimately, SQRL filed its bankruptcy case, and was able to confirm a proposed plan of liquidation following a sale process approved by this Court.

21. As the result of negotiations and mediation with Cincinnati, as supported by Exhibits A and B hereto, SQRL and Cincinnati agreed to resolve SQRL's insurance claims as follows:

   a. $17,500 for damage to SQRL's property
   b. $15,000 for business interruption

22. The property damage resolution represents an approximately 50% recovery in comparison to the replacement value of the damaged property.

23. The business interruption claim is reflective of the difficulty of proving lost profits or revenue directly attributable to the fire, and the speculative nature of any such proof of damages. See Declaration of David Stanfill, attached hereto as Exhibit B.

LAW AND ARGUMENT

24. Upon the filing of a bankruptcy case, a bankruptcy estate is created, and it is comprised of all legal and equitable interests of a debtor in property. *See* 11 U.S.C. § 541. Upon the filing of SQRL's voluntary petition for relief, SQRL's bankruptcy estate was created and was comprised, *inter alia*, of SQRL's insurance claims against Cincinnati for property damage and business interruption. Similarly, a separate bankruptcy estate of MWDC was created upon the filing of MWDC's voluntary petition for relief, comprised of MWDC's legal and equitable interests in property., including MWDC's insurance claims against Cincinnati. The allocation proposed in the compromise of those insurance claims is reflective of just that – resolution of the claims belonging to SQRL and resolution of the claims belonging to MWDC. This is appropriate and just and should be approved by the Court.

25. The most recent objection of Billinger suggests that somehow SQRL should receive the benefit of MWDC's property damage claim against under the insurance policy. There is simply no basis for that allocation. The proceeds for the claim for damages to modules/carriers squarely belongs to MWDC, as it was the entity in the possession of these hosted pieces of equipment. In the interest of transparency, and although it was not required to obtain court approval of the resolution of its insurance claims against The Cincinnati Insurance Company, MWDC articulated its business decision on how to disburse the proceeds of its claim in the Motion to Compromise.

26. In addition, Billinger's Objection should be overruled because Billinger lacks standing to raise these concerns as he is not a creditor of the entity who requires Court approval to enter into the Compromise, to wit, SQRL.

27. For all of the reasons set forth herein and in the Motion to Compromise and in the first and second reply in support of the Motion to Compromise, the Debtors believe the allocation proposed in its Motion to Compromise and the attached Settlement Agreement is appropriate, fair, reasonable, and falls well within the range of reasonableness that should be approved by the Court.

WHEREFORE, SQRL respectfully requests this Court approve the allocation as proposed in the Motion to Compromise and grant such other and further relief as the Court deems appropriate.

Dated: June 21, 2024

Respectfully submitted,

*/s/ Julie K. Zurn*
Marc Merklin (0018195)
Julie K. Zurn (0066391)
BROUSE McDOWELL, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
jzurn@brouse.com
*Counsel for Squirrels Research Labs LLC and The Midwest Data Company LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2024, a true and correct copy of the **SUPPLEMENTAL BRIEF IN SUPPORT OF ALLOCATION OF INSURANCE PROCEEDS** was served via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

John C. Cannizzaro on behalf of Interested Party Instantiation LLC at John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com

Nicholas Paul Capotosto on behalf of Debtor Squirrels Research Labs LLC at ncapotosto@brouse.com, tpalcic@brouse.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc. at christopher.combest@quarles.com

Jack B. Cooper on behalf of Defendant Squirrels LLC at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Andrew Gould at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant David Stanfill at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Jessica Gritzan at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Kyle Slutz at jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Sidney Keith at jcooper@milliganpusateri.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company at jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company at rgoff@westonhurd.com, cvadino@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC at sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC at JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC at mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC at
mmerklin@brouse.com, tpalcic@brouse.com;mmiller@brouse.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA at
dneumann@meyersroman.com, docket@meyersroman.com; mnowak@meyersroman.com

David M. Neumann on behalf of Creditor Torea Consulting Ltd. at
dneumann@meyersroman.com, docket@meyersroman.com; mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC at cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino at
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power at pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Plaintiff Frederic P Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg at fschwieg@schwieglaw.com, OH84@ecfcbis.com

Bryan Sisto on behalf of Creditor Carl Forsell at bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank at rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation at
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC at
jzurn@brouse.com, tpalcic@brouse.com;ckeblesh@brouse.com

Kate M. Bradley ust44 on behalf of U.S. Trustee United States Trustee at
kate.m.bradley@usdoj.gov

And by email to: paul.billinger@toreaconsulting.com

*/s/ Julie K. Zurn*
Julie K. Zurn (0066391)
*Counsel for Squirrels Research Labs LLC
and the Midwest Data Company LLC*

1824825.3