The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 24, 2024, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 24, 2024**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

### UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Squirrels Research Labs LLC and The Midwest Data Company LLC** | **Case No. 21-61491 (TNAP)** |
| **Debtors.** | **Judge Tiiara N.A. Patton** |

### ORDER APPROVING ALLOCATION OF PROCEEDS OF COMPROMISE
### AND SETTLEMENT BETWEEN DEBTORS AND
### <u>CINCINNATI INSURANCE COMPANY</u>

On April 9, 2024, Squirrels Research Labs LLC and The Midwest Data Company LLC ("<u>Debtors</u>") filed the *Motion of Squirrels Research Labs LLC and The Midwest Data Company LLC for Entry of an Order Approving Compromise and Settlement with Cincinnati Insurance Company* (ECF Docket No. 323) (the "Motion"). On May 23, 2024, the Court entered the *Order Approving Compromise and Settlement Between the Debtors and Cincinnati Insurance Company* (ECF Docket No. 341) (the "<u>Order</u>"). The Order approved the settlement agreement but not yet the allocation of the proceeds. The Order directed supplemental briefing from Debtors;

allowed for the filing of objections until June 28, 2024; and scheduled a hearing for July 16, 2024 to determine the allocation of the settlement payment.

On June 21, 2024, Debtors filed the *Supplemental Brief in Support of Allocation of Insurance Proceeds* (ECF Docket No. 347) (the "Brief"). Paul Billinger filed the *Objection of Paul Billinger to the Settlement Agreement and Mutual Release Filed by Debtor Squirrels Research Labs, LLC (Doc. 323)* (ECF Docket No. 349) on June 27, 2024, and an amended version on July 1, 2024 (ECF Docket No. 354) (the "Objection"). Paul Billinger also filed supporting documents at ECF Docket Nos. 350, 351, 352, and 353.

Debtors argue in their Brief that Paul Billinger's "Objection should be overruled because Billinger lacks standing to raise these concerns as he is not a creditor of the entity who requires Court approval to enter into the Compromise, to wit, SQRL." Brief at ¶ 26. A review of the record in this case shows that Paul Billinger is not a creditor in this case. While claim no. 25-1 has been filed by TorEA Consulting LTD as creditor, and Paul Billinger signed the Proof of Claim for TorEA Consulting LTD, he has not filed any proof of claim in his individual capacity. There is no indication that Paul Billinger is a licensed attorney, or that he has been admitted to practice before this Court. Accordingly, he cannot represent TorEA Consulting LTD's interest in this matter. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). Because Paul Billinger is not a creditor in this case and does not appear otherwise to be a party in interest, Debtors are correct that he lacks standing to object. E.g., In re Bicoastal Corp., 164 B.R. 1009, 1015 (Bankr. M.D. Fla. 1993) (general partners were not creditors in their individual capacities and thus had "no standing to assert an objection to the Compromise and Sale.").

The Court, having reviewed the Motion, the Brief, the Objection and supporting documents, and the record in this case, and having determined that further hearing is unnecessary,

**HEREBY ORDERS THAT:**

1. The Motion is granted and the Objection is overruled.

2. The Settlement is approved in its entirety, and the Debtors are authorized to perform in accordance with the terms thereof and to distribute the proceeds of the Settlement as set forth in the Motion, as well as with the terms of this Order.

3. The Court shall retain jurisdiction over any and all disputes arising under or otherwise relating to the terms of this Order or the Settlement.

# # #