FILED

2024 JUL 26 AM 10: 16

UNITED STATES BANKRUPTCY
COURT NORTHERN DISTRICT OF
OHIO EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| Squirrels Research Labs LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Tiiara N.A. Patton |

## MOTION FOR RECONSIDERATON OF PAUL BILLINGER, TO THE ORDER APPROVING ALLOCATION OF PROCEEDS OF COMPROMISE AND SETTLEMENT BETWEEN DEBTORS AND CINCINNATI INSURANCE COMPANY (DOC. 359)

Paul Billinger, a party in interest herein, hereby submits this Motion for Reconsideration to *Order Approving Allocation of Proceeds of Compromise and Settlement Between Debtors and Cincinnati Insurance Company* (Doc. 359) ("Order").

1. I respectfully submit that Paul Billinger does have standing in this matter as a Party in Interest.

2. Section 1109(b) provides that a "party in interest ... may raise and may appear and be heard on any issue[1]" in a chapter 11 case.

3. While the Bankruptcy Code does not officially define what a Party of Interest is, courts have consistently interpreted it broadly to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings[2].

---

[1] 11 U.S.C. § 1109(b)
[2] See In re River Bend-Oxford Assoc., 114 B.R. 111 (Bankr. D. Md. 1990). As the court explained: The phrase "party in interest" can be found in 46 separate sections of the Bankruptcy Code, [yet is undefined in Section 101]. Th[e] lack of... definition was intentional. Congress'[s] failure to define party in interest specifically was discussed by both Senator DeConcini and Representative Edwards during the proceedings preceding the enactment of the Bankruptcy Code .... Senator"

4. From an article on a recent US Supreme Court decision on the matter[3]: '*The Supreme Court interpreted section 1109(b) broadly based on the plain meaning of its text and the context and history of the text and bankruptcy law. It found that by using the words "party" and "interest," the statute was intended to cover entities that are "potentially concerned with, or affected by, a proceeding." The historical context and purpose of both section 1109 and federal bankruptcy law supported greater participation in reorganization proceedings and a broad interpretation of section 1109(b).[4]*"

5. Professor Nathalie D. Martin at Ohio State University provides arguments for an even broader interpretation of *party in interest*[5]. The article is included here to draw attention to the relevant case law cited by this article and thereby reducing the number of cases cited in this motion. Professor Martin states[6]:

*"Section 1109 provides a list of parties who qualify as parties in interest, but the list does not purport to be exclusive. In other words, the concept of "party in interest" is defined by example. If one needed to be a creditor (or an equity holder) to have standing, the word "including" would be superfluous in the statute, which would violate a primary canon of statutory interpretation. Thus, on its face, section 1109 permits parties other than debtors, creditors, and equity holders to assert rights in a bankruptcy case."*

6. Paul Billinger is a representative of Torea Consulting, LTD. ("Torea"), an entity listed on SQRL's schedules and who filed a proof of claim against SQRL[7].

7. Paul Billinger is the sole shareholder of Torea, and so has a clear substantial

---

[3] See In re Truck Insurance Exchange v. Kaiser Gypsum Company, Inc. No. 22–1079
[4] U.S. Supreme Court Ruling Gives Insurers with Financial Responsibility "Party in Interest" Standing in Chapter 11 Cases Filed by Insured Entities, Pillsburylaw.com http://alturl.com/nxuur
[5] Ohio State Law Journal, Noneconomic Interests in Bankruptcy: Standing on the Outside Looking In https://shorturl.at/bxIzC
[6] Ibid., Page 451
[7] Acknowledged by Debtor's counsel in Second Reply (Doc. 338) Paragraph 5

pecuniary interest[8].

8.  Issues brought forward in the Objections are matters of broad public interest and should therefore be heard[9]. The Objections raise deep and troubling issues far-reaching beyond the scope of the insurance settlement that must be dragged into the light and resolved, otherwise the entire Bankruptcy process will be impugned.

9.  Spoilation continued after the filing of the Objections with the Whistleblower leak being the subject of a fraudulent takedown[10], rendering time of the essence.

I request that the Order be withdrawn and the Objections filed by Paul Billinger be evaluated on the merits.

Dated: July 25th, 2024
Respectfully submitted,

Paul Billinger
E-Mail:
paul.billinger@toreaconsulting.com

---

[8] See In re Amatex Corp., 755 F.2d 1034 (3d Cir. 1985): The Third Circuit Court of Appeals held that a party in interest is anyone who has a sufficient stake in the outcome of the proceeding, which includes those with a pecuniary interest.
See In re Alpex Computer Corp., 71 F.3d 353, 356 (10th Cir. 1995). Although 11 U.S.C. § 1109(b) broadly defines a "party in interest," the phrase "is generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson), 5 F.3d 750, 756 (4th Cir. 1993) (quoting White County Bank v. Leavell (In re Leavell), 141 B.R. 393, 394 (Bankr. S.D. Il. 1992)).
[9] See In re Citizens Loan & Thrift Co., 7 B.R. 88, 90 (Bankr. N.D. Iowa 1980). The State of Iowa was recognized as a party in interest. The court relied on the official comment to section 1109, which stated that this section "continues the broad concept of the absolute right to be heard in order to ensure fair representation in the case."
[10] A duplicate of this file is available at https://dub.sh/wstlblow

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Reconsideration to Order Approving Allocation of Proceeds of Compromise and Settlement Between Debtors and Cincinnati Insurance Company (Doc. 359) was served by fax on July 25th, 2024, as permitted by the Court.

With an emailed copy to Julie K. Zurn on July 25th, 2024:
Julie K. Zurn
Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
jzurn@brouse.com

_____
Paul Billinger