UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 |
| | ) | |
| Squirrels Research Labs LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Tiiara N.A. Patton |

**REPLY TO OBJECTION TO MOTION FOR RECONSIDERATION OF PAUL BILLINGER TO THE ORDER APPROVING ALLOCATION OF PROCEEDS OF COMPROMISE AND SETTLEMENT BETWEEN DEBTORS AND CINCINNATI INSURANCE COMPANY (DOC. 376)**

Paul Billinger, Movant, respectfully submits this reply to the objection filed by Squirrels Research Labs LLC and The Midwest Data Company LLC (collectively, the "Debtors") regarding the Motion for Reconsideration of the Order Approving Allocation of Proceeds of Compromise and Settlement Between Debtors and Cincinnati Insurance Company.

1. The Movant seeks reconsideration of the Court's order based on the necessity to address substantive issues overlooked in the initial proceedings. The Debtors' objection fails to acknowledge key arguments and evidence that warrant reconsideration.

2. In paragraph 3, Debtors' Counsel ("Counsel") notes an avenue of relief available under rule 59 of the Federal Rules of Civil Procedure.

3. Counsel notes "clear error of law". This is satisfied as per the numerous cases cited regarding the longstanding precedent of parties with pecuniary interest being granted standing as Party of Interest, as well as the clarification provided by the recent Supreme Court decision, as cited.

4. Counsel notes "an intervening change in controlling law". A key case cited in the

Motion for Reconsideration was just decided by the U.S. Supreme Court on June 6, 2024, so meets this criterion.

5. Counsel also notes "a need to prevent manifest injustice". This is also applicable: if the Order prevails then $215,000 will be lost to the Unsecured Creditors (substantial evidence indicates they are the victims of Racketeering perpetrated by the Debtor-in-Possession) and is shown to unjustly enrich wrongdoers.

6. Finality of Judgments: While finality is important, it should not come at the expense of justice. The Movant's request aims to ensure a fair outcome without undermining the judicial process.

7. The Movant is not merely rehashing previous arguments but is presenting legal interpretations that were not considered. Movant had researched Party of Interest criteria prior to commencing with the initial Motion and was convinced of solid standing. Standing was challenged by Ms. Zurn at the initial hearing and the challenge was believed to have been dismissed by the Court; Movant was then allowed to speak before the Court at that hearing. A subsequent hearing was cancelled on the scheduled date and the Order was issued without the opportunity to present prepared arguments, leaving this Motion for Reconsideration as the only available avenue to confront the issue.

8. For the sake of Justice, the allocation of insurance proceeds cannot stand. The Objection serves to draw attention to relevant evidence, within a broader context of wrongdoing. All parties, including the Court, have access to the source evidence and can verify its authenticity. Allocating funds as currently indicated would result in a gross injustice. The need to revisit this allocation is apparent and additional actions mandated by 18 U.S.C. §§ 3057, 152, 1519, and 3571 and/or other relevant laws and statutes.

9. If the allocation of insurance proceeds survives, then the Court should consider independent action, including conversion to Chapter 7 to remove the Debtor-in-Possession and proceedings to recover wrongfully allocated funds.

The Movant respectfully requests that the Court:
- Grant the Motion for Reconsideration to address the outlined issues.
- Review the court filings and evidence, and refer matters for prosecution as deemed appropriate.
- Halt the disbursement of Insurance Proceeds and examine the facts surrounding the Insurance Settlement to ensure a just allocation of funds.

Dated: August 15th, 2024

Respectfully submitted,

_____
Paul Billinger
E-Mail: paul.billinger@toreaconsulting.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing reply to the objection filed by Squirrels Research Labs LLC and The Midwest Data Company LLC regarding the Motion for Reconsideration of the Order Approving Allocation of Proceeds of Compromise and Settlement Between Debtors and Cincinnati Insurance Company was served by USPS mail on August 15th, 2024.

Served on:

1. U.S. Bankruptcy Court

    Ralph Regula Federal Building and U.S. Courthouse

    401 McKinley Avenue, SW

    Canton, Ohio 44702

With an emailed copy to Julie K. Zurn on August 15th, 2024:
Julie K. Zurn
Brouse McDowell LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
jzurn@brouse.com

_____
Paul Billinger



Paul Billinger
1 Bon St
Stouffville ON
L4A 1Z3

US Bankruptcy Court
Ralph Regula Federal Bldg
401 McKinley Ave SW
Canton OH 44702