UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 21-61491-TNAP |
| ) | |
| SQUIRRELS RESEARCH LABS LLC, ET AL., ) | (Jointly Administered) |
| ) | |
| ) | Chapter 11 (Subchapter V) |
| *Debtors.* ) | |
| ) | Judge Tiiara N.A. Patton |
| ) | |

## REPLY TO OBJECTION OF PAUL BILLINGER [DOCKET NO. 397]

Now comes Squirrels Research Labs LLC (the "Debtor") and hereby submits this reply (this "Reply") to the *Objection of Ac Hoc Committee of Creditors, to the Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz and Squirrels LLC (Doc. 394)* (the "Objection") [Docket No. 397]. In support of this Reply, the Debtor states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Reply pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Reply is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is seeking the relief requested herein pursuant to 11 U.S.C. 105(a) and Federal Rule of Bankruptcy Procedure 9014.

## BACKGROUND FACTS

4. On November 23, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. On November 30, 2021, the Office of the United States Trustee appointed Frederic P. Schweig as the subchapter V trustee (the "Trustee") for this case [Docket No. 35].

6. The Debtor filed the Amended Plan of Reorganization Dated June 22, 2022 (the "Plan") on June 22, 2022 [Docket No. 237]. The Plan was confirmed by an Order of this Court on July 28, 2022 [Docket No. 269].

7. No Committee of Creditors was appointed for this case.

8. The Plan provided: "notwithstanding the above paragraph, with respect to Avoidance Actions, if any, against insiders, as that term is defined in Bankruptcy Code section 101(31), Fred Schweig, the current Subchapter V Trustee, shall be vested with the necessary duties, powers, standing and authority to prosecute and enforce these particular Avoidance Actions the Trustee was given the limited power only to investigate certain transfers from the Debtor to insiders of the Debtor". *See,* Plan, Article 8.

9. The Trustee filed six adversary proceedings: *Trustee v. David Stanfill* (Adv. Case No. 23-6028); *Trustee v. Jessica Gritzan* (Adv. Case No. 23-6029); *Trustee v. Andrew Gould* (Adv. Case No. 23-6030); *Trustee v. Kyle Slutz* (Adv. Case No. 23-6031); *Trustee v. Sidney Keith* (Adv. Case No. 23-6032); *Trustee v. Squirrels LLC* (Adv. Case No. 23-6033) (collectively, the "Adversary Proceedings").

10. The Trustee sought court authority to compromise the Adversary Proceedings through the *Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz, and Squirrels LLC* (the "Compromise Motion") [Docket No. 394].

11. Paul Billinger ("Mr. Billinger"), allegedly on behalf of an "Ad Hoc Committee of Creditors", filed the Objection to the Compromise Motion.

12. Mr. Billinger is not an attorney in any state.

## LEGAL ANALYSIS

### I. Standing to Object to Compromise Motion

13. Mr. Billinger is not a "party in interest" and therefore does not have standing to object to the Compromise Motion.

14. The Bankruptcy Code allows "party in interest" to be heard on any issue in a case under this chapter, including a creditor or creditors committee. 11 U.S.C. § 1109(b).

15. As previously ordered by this Court in the *Order Approving Allocation of Proceeds of Compromise and Settlement between Debtors and Cincinnati Insurance Company* [Docket No. 359], Mr. Billinger is not a creditor in this bankruptcy case and is not a party in interest.

16. As detailed below, there is not a creditors committee and Mr. Billinger does not have the ability to represent or appear on behalf of the alleged "Ad Hoc Committee of Creditors".

### II. "Ad Hoc Committee of Creditors"

17. Mr. Billinger allegedly represents an "Ad Hoc Committee of Creditors" in this bankruptcy case.

18. No such committee of creditors has been appointed in this case.

19. A committee of creditors may not be appointed in a Subchapter V case, unless the Court orders otherwise for cause. 11 U.S.C. § 1102(a)(3).

20. Additionally, it would be improper to appoint a committee post confirmation.

21. If this bankruptcy case was not subject to the limitations in 11 U.S.C. § 1102(a)(3), the Code states that "as soon as practicable after the order for relief under Chapter 11 of this title …" 11 U.S.C. § 1102(a)(1). Therefore, the appointment of creditor committees is typically appointed within a short time frame from filing the voluntary petition.

22. Further, the Bankruptcy Code defines the power and duties of committees as:

   (1) consult with the trustee or debtor in possession concerning the administration of the case;
   (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the *formulation of a plan*;
   (3) *participate in the formulation of a plan*, advise those represented by such committee of such committee's determinations as to *any plan formulated*, and collect and file with the court *acceptances or rejections of a plan*;
   […]

11 U.S.C. § 1103(c) (*emphasis added*).

23. The appointment of a creditors' committee post confirmation is contrary to the statutory duties outlined above, typically reserved for pre-confirmation actions.

24. Therefore, there has not been, and should not be, a committee of creditors in this case.

### III. Mr. Billinger's Representation of an Entity

25. Mr. Billinger by raising objections and other such legal services, allegedly on behalf of the "Ad Hoc Creditors Committee" has been engaging in the unauthorized practice of law, and the Objection should be overruled or stricken.

26. The Federal Rules of Bankruptcy Procedure allow an entity to appear in a case or perform any act constituting the practice of law through an attorney who is authorized to practice in the court. Fed. R. Bankr. P. 9010(a)(1); *see also, State Unauthorized Practice of Law Comm. V. Pail Mason & Assocs.*, 46 F.3d 469, 471 (5th Cir. 1995)("Rule 9010(a) specifically permits only those unspecified acts that do not constitute the unauthorized practice of law. The legislative history of the Bankruptcy Reform Act of 1978, furthermore, plainly indicates the intent of Congress to separate purely administrative functions from judicial ones in the bankruptcy area"); *In re ICLNDS Notes Acquisition, L.L.C.*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001)(individuals have a right to represent themselves in bankruptcy without a lawyer. That right does not extend to permit them to represent other people or entities because permitting such would be condoning the unauthorized practice of law); *In re O'Connor*, 2009 Bankr. LEXIS 1376, *10 (Bankr. N.D. Ohio 2009)(non-lawyers cannot perform legal services of behalf of another. For example, Bankruptcy Rule 9010(a)(2) authorizes non-lawyers to take actions for others, but the authority to act is expressly limited to "any act not constituting the practice of law."); *In re Bright*, 171 B.R. 799, 801 n. 1 (E.D. Mich. 1994)("Fed. R. Bankr. P. 9010, however, states lay people can "perform any act not constituting the practice of law" thus recognizing that certain acts constitute the practice of law and may not be performed by non-lawyers.").

27. Therefore, the Objection should be overruled or stricken, because Mr. Billinger does not have the ability to represent the "Ad Hoc Committee of Creditors", and the actions of Mr. Billinger constitute the practice of law. *See generally, Id*. at 802 ("the following activities have been defined as practice of law in other jurisdictions: … (7) preparing motions and answers to motions").

## CONCLUSION

The Debtor respectfully requests the Court to overrule the Objection, or in the alternative, strike the Objection pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9014 and granting any other relief the Court finds fair and equitable.

Dated: October 8, 2025                    Respectfully submitted,

*/s/ Christopher M. Millard*
Marc B. Merklin  (0018195)
Julie K. Zurn (0066391)
Christopher M. Millard (0105607)
Roetzel & Andress, LPA
222 S. Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577
mmerklin@ralaw.com
jzurn@ralaw.com
cmillard@ralaw.com
*Counsel to the Debtor*

## CERTIFICATE OF SERVICE

I certify that the following *Reply to Objection* was electronically transmitted on or about October 8, 2025 via this Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- **John C. Cannizzaro**  John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com
- **Nicholas Paul Capotosto**  nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com
- **Christopher Paul Combest**  christopher.combest@quarles.com
- **Jack B. Cooper**  jcooper@milliganpusateri.com
- **John G. Farnan**  jfarnan@westonhurd.com
- **Robert E. Goff**  rgoff@westonhurd.com, cvadino@westonhurd.com
- **Steven Heimberger**  sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- **Jeannie Kim**  JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin**  mmerklin@ralaw.com, dignasiak@ralaw.com
- **David M. Neumann**  dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com
- **Christopher Niekamp**  cniekamp@bdblaw.com
- **Matthew T. Schaeffer**  mschaeffer@baileycav.com, lpatterson@baileycav.com
- **Paul J. Schumacher**  pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg**  fschwieg@schwieglaw.com, OH84@ecfcbis.com
- **Frederic P. Schwieg**  fschwieg@schwieglaw.com
- **Bryan Sisto**  bsisto@fbtlaw.com
- **Richard J. Thomas**  rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- **United States Trustee**  (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan**  jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn**  jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com
- **Lauren Schoenewald ust47**  lauren.schoenewald@usdoj.gov

And via email to the following who are not on the Court's Electronic Mail Notice List:

- Paul Billinger, paul.billinger@toreaconsulting.com

>/s/ *Christopher M. Millard*
> Christopher M. Millard (0105607)