UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 21-61491-TNAP |
| ) | |
| SQUIRRELS RESEARCH LABS LLC, ET AL., ) | (Jointly Administered) |
| ) | |
| ) | Chapter 11 (Subchapter V) |
| *Debtors.* ) | |
| ) | Judge Tiiara N.A. Patton |

## REPLY TO OBJECTION OF PAUL PASIKA [DOCKET NO. 399]

Now comes Squirrels Research Labs LLC (the "Debtor") and hereby submits this Reply (this "Reply") to the *Objection and Notice of Individual Property Loss* (the "Objection") [Docket No. 399]. In support of this Reply, the Debtor states as follows:

## JURISDICTION AND VENUE

1.  The Court has jurisdiction over this Reply pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Reply is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The Debtor is seeking the relief requested herein pursuant to 11 U.S.C. 105(a) and Federal Rule of Bankruptcy Procedure 9014.

## BACKGROUND FACTS

4.  On November 23, 2021 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. The Debtor filed the Amended Plan of Reorganization Dated June 22, 2022 (the "Plan") on June 22, 2022 [Docket No. 237]. The Plan was confirmed by an Order of this Court on July 28, 2022 [Docket No. 269].

6. The Plan provided: "notwithstanding the above paragraph, with respect to Avoidance Actions, if any, against insiders, as that term is defined in Bankruptcy Code section 101(31), Fred Schweig, the current Subchapter V Trustee, shall be vested with the necessary duties, powers, standing and authority to prosecute and enforce these particular Avoidance Actions the Trustee was given the limited power only to investigate certain transfers from the Debtor to insiders of the Debtor". *See,* Plan, Article 8.

7. The Trustee filed six adversary proceedings: *Trustee v. David Stanfill* (Adv. Case No. 23-6028); *Trustee v. Jessica Gritzan* (Adv. Case No. 23-6029); *Trustee v. Andrew Gould* (Adv. Case No. 23-6030); *Trustee v. Kyle Slutz* (Adv. Case No. 23-6031); *Trustee v. Sidney Keith* (Adv. Case No. 23-6032); *Trustee v. Squirrels LLC* (Adv. Case No. 23-6033) (collectively, the "Adversary Proceedings").

8. The Trustee sought court authority to compromise the Adversary Proceedings through the *Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz, and Squirrels LLC* (the "Compromise Motion") [Docket No. 394].

9. Paul Pasika ("Mr. Pasika") filed the Objection to the Compromise Motion on the basis, in short, of wrong disposition of personal property or non-return of bailment property.

10. Upon review of the claims register for this case on the date of filing this Reply, Mr. Pasika has not filed a proof of claim in this case.

# LEGAL ANALYSIS

I.  **Basis for Objection**

11. The Objection requests the Court to deny the Compromise Motion for failure to protect the rights of third party property owners.

12. The overall question a court is presented with on approving a motion to compromise is whether the agreement is both fair and equitable, and in the best interest of the estate. *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 868 (6th Cir. B.A.P 2007); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr. N.D. Ohio 1988); *In re Smithey*, 2011 Bankr. LEXIS 2869, *15 (Bankr. N.D. Ohio).

13. The Court should analyze the circumstances of the case and compare them to the terms of the settlement and decided whether the settlement falls below the lowest point of reasonableness. *See, In re Lawrence & Erasquin, Inc.,* 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990).

14. In evaluating a settlement's propriety, this Court need not conduct a trial or even a "mini-trial" on the merits to actually resolve the exact factual and legal issues. Rather, this Court should simply consider whether against the background of those issues, the settlement is reasonable. *Newman v. Stein*, 464 F.2d 689, 692 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972); *see also In re Int'l Distribution Ctrs. Inc.*, 103 B.R. 420, 423 (S.D.N.Y. 1991); *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496-97 (Bankr. S.D.N.Y. 1991).

15. The Objection does not question the Compromise Motion on its reasonableness and instead is asserting a separate grievance regarding certain lost property.

16. The basis upon which the Objection rests is improper and therefore should be overruled or struck from the record.

## **CONCLUSION**

The Debtor respectfully requests the Court overrule the Objection, or in the alternative, strike the Objection from the record pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9014 and granting any other relief the Court finds fair and equitable.

Dated: October 8, 2025                                Respectfully submitted,

*/s/ Christopher M. Millard*
Marc B. Merklin  (0018195)
Julie K. Zurn (0066391)
Christopher M. Millard (0105607)
Roetzel & Andress, LPA
222 S. Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577
mmerklin@ralaw.com
jzurn@ralaw.com
cmillard@ralaw.com
*Counsel to the Debtor*

## **CERTIFICATE OF SERVICE**

I certify that the following *Reply to Objection* was electronically transmitted on or about October 8, 2025 via this Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- **John C. Cannizzaro**   John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com
- **Nicholas Paul Capotosto**   nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com
- **Christopher Paul Combest**   christopher.combest@quarles.com
- **Jack B. Cooper**   jcooper@milliganpusateri.com
- **John G. Farnan**   jfarnan@westonhurd.com
- **Robert E. Goff**   rgoff@westonhurd.com, cvadino@westonhurd.com
- **Steven Heimberger**   sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- **Jeannie Kim**   JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin**   mmerklin@ralaw.com, dignasiak@ralaw.com
- **David M. Neumann**   dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com
- **Christopher Niekamp**   cniekamp@bdblaw.com
- **Matthew T. Schaeffer**   mschaeffer@baileycav.com, lpatterson@baileycav.com
- **Paul J. Schumacher**   pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg**   fschwieg@schwieglaw.com, OH84@ecfcbis.com
- **Frederic P. Schwieg**   fschwieg@schwieglaw.com
- **Bryan Sisto**   bsisto@fbtlaw.com
- **Richard J. Thomas**   rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- **United States Trustee**   (Registered address)@usdoj.gov
- **Joshua Ryan Vaughan**   jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- **Julie K. Zurn**   jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com
- **Lauren Schoenewald ust47**   lauren.schoenewald@usdoj.gov

And via regular U.S. Mail to:

Paul Pasika
233 Schemmer St
Burlington, WI 53105

/s/ *Christopher M. Millard*
Christopher M. Millard (0105607)