IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, et al.<br><br>DEBTORS | CASE NO. 21-61491-TNAP<br>(JOINTLY ADMINISTERED)<br>CHAPTER 11<br>SUBCHAPTER V<br>JUDGE PATTON |

**RESPONSE OF DEFENDANTS TO OBJECTION OF PAUL BILLINGER
[DOCKET NO. 397]**

The Defendants in the various adversary matters —David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz, and Squirrels LLC—submit this response to the objection filed by Paul Billinger to the Subchapter V Trustee's Motion to Approve Compromise.

Billinger has objected to the compromise claiming to act for the non-existent "Ad Hoc Creditors Committee." The objection should be overruled because Mr. Billinger (1) has no standing to object, (2) is not an attorney and cannot act for others, (3) is not a creditor and has been previously found to lack party-in-interest status, (4) mischaracterizes his own failed commercial dealings as estate claims, and (5) ignores the applicable standard for approval of a settlement under Rule 9019. These grounds are explained more fully below.

**BACKGROUND**

A great number of the scurrilous accusations in Paul Billinger's current objection have been rejected in prior litigation. That litigation and the transaction from which it arose are explained in this section.

## A. The Torea Transaction.

In 2020 and 2021, debtor Squirrels Research Labs LLC ("SQRL") entered into a commercial transaction with Torea Consulting, Ltd. ("Torea"), a company owned and controlled by Paul Billinger, for the purchase of specialized computer hardware components used in SQRL's cryptocurrency operations. The total purchase price was denominated in dollars but was to be paid in cryptocurrency—specifically, Ether (ETH). SQRL made a substantial partial payment and, by early June 2021, tendered the remaining balance of 136.2 ETH to complete the purchase. The tender was unconditional and intended to complete the purchase transaction. Torea, through Billinger (its principal), refused to accept the payment, asserting that additional sums were owed and demanding a higher amount than the contract required.

Following Billinger's refusal to accept payment, SQRL placed the 136.2 ETH into a segregated digital wallet to demonstrate that the funds were fully available and to document that tender had been made. This act did not constitute a settlement proposal or compromise—it was evidence of SQRL's ability and intent to perform under the contract. The business relationship between the parties ended at that point. Ultimately the funds in the digital wallet were used for other purposes as SQRL faced business challenges that led to it filing for bankruptcy protection under Chapter 11.

## B. The Torea lawsuit against David Stanfill.

Barred from suing SQRL by the automatic stay, Torea brought against David Stanfill many of the same frivolous claims and allegations that it makes here. Mr. Stanfill was a principal of SQRL. In *Torea Consulting, Ltd. v. Stanfill*, Stark County Court of Common Pleas, Case No. 2022 CV 00974, Torea alleged that SQRL and Mr. Stanfill had failed to pay for the equipment and asserted claims for breach of contract, fraud, unjust enrichment, and conversion. The undisputed

2

21-61491-tnap    Doc 405    FILED 10/21/25    ENTERED 10/21/25 09:06:47    Page 2 of 7

evidence presented in that litigation established that SQRL had repeatedly tendered the entire balance due and that Torea refused the tender solely because it wanted more money. The record also showed that Mr. Stanfill personally advanced 24 ETH to SQRL, which was paid to Torea as part of the purchase price, and that he never recovered those funds. Based on these facts, the defense maintained—and the filings reflect—that Torea's own refusal of full payment caused any loss it suffered. The trial court granted summary judgment to Stanfill and the Fifth District Court of Appeals affirmed that judgment.

This result in the Torea dispute confirms that SQRL attempted in good faith to satisfy its obligations, and that Mr. Billinger, acting through Torea, declined payment for reasons of his own choosing. Having spurned payment in full, he cannot now portray himself as a victim of unpaid obligations. His loss stems from his own refusal to accept payment, not from any misconduct by SQRL or the individual defendants.

**LEGAL BASIS FOR OVERRULING THE OBJECTION**

Paul Billinger's objection to the settlement should be rejected for a number of procedural and substantive reasons.

A.  **Billinger Is Not a Creditor or Party in Interest**

The record in the main bankruptcy case already reflects that Billinger has not filed a proof of claim and holds no allowed claim against the debtor. An individual who has not filed a proof of claim has no standing to object to approval of the Compromise Motion. Section 1109(b) grants standing only to creditors and parties in interest. Billinger is neither. The debtor, the Trustee, and the Court have previously recognized that fact.

Billinger's self-styled "Ad Hoc Committee of Creditors" has no legal status and has never been recognized or authorized to act under §§ 1102 or 1103. Its use of that label cannot create standing where none exists.

**B. Billinger, who is not an attorney, cannot Represent Torea or anyone else in this Court.**

Billinger is not an attorney and therefore cannot file pleadings or make legal arguments on behalf of any purported "committee." His objection purports to assert rights for multiple "creditors" and requests extraordinary remedies such as appointment of an examiner and RICO findings. These are legal claims that only licensed counsel may assert. His pro se submission on behalf of others is unauthorized and should be disregarded to that extent. This Court has already addressed this issue in past rulings.

**C. The Settlement Is Fair and Satisfies the Rule 9019 Standard**

The Trustee's Motion to Compromise demonstrates that the settlement represents a fair, reasonable, and equitable resolution given the serious litigation risks. The Trustee concedes that former Judge Arthur Harris, who mediated the matter, expressed skepticism that the Trustee's central theory (re-characterization followed by fraudulent transfer) would prevail, because the defendants had supplied materials and services of equivalent value.

Courts evaluate settlements by considering (1) the probability of success in litigation, (2) potential difficulties in collection, (3) complexity and expense, and (4) the paramount interest of creditors. *In re Anderson,* 377 B.R. 865 (6th Cir. B.A.P. 2007). The Trustee's motion addresses each factor, concluding that the settlement provides certain recovery where further litigation could yield none. The mediation judge's view reinforces that assessment. Nothing in Billinger's objection undermines those findings.

Indeed, his submission recycles conspiracy allegations—"whistleblower leaks," "offshore exchanges," and "RICO predicate acts"—without a single affidavit, document, or evidentiary citation. Such speculative accusations fall far outside the scope of the avoidance claims actually pending and do not bear on the fairness of the compromise before the Court.

### D. The Settlement Benefits the Estate and Ends Costly Insider Litigation

The adversary proceedings filed by the Trustee faced significant factual and legal obstacles. The settlement provides immediate monetary recovery without further attorney's fees or expert costs, ends duplicative litigation, and avoids the uncertainty of trial and appeal. It also secures a complete release of all insider claims against the estate—an important benefit to the Debtor's reorganization and final administration.

By contrast, Billinger's objection seeks endless discovery, appointment of an examiner, and pursuit of speculative RICO and cryptocurrency investigations—all of which would impose significant cost and delay without measurable benefit to legitimate creditors. His agenda is plainly personal and retaliatory, not aligned with the estate's interests.

**CONCLUSION**

Paul Billinger's objection should be overruled. He lacks standing; he cannot represent others; his claimed grievance arises from his own rejection of payment; and the settlement easily satisfies the controlling standards for approval under Bankruptcy Rule 9019. The Court should grant the Trustee's motion, approve the compromise, and disregard the objection in its entirety.

*/s/ Jack B. Cooper*
Jack B. Cooper (0069321)

Milligan Pusateri Co., LPA
P.O. Box 35459
4684 Douglas Circle N.W.
Canton, Ohio 44735
Phone: (234) 209-9793
Fax: (330) 409-0249
Email: jcooper@milliganpusateri.com
Counsel for Defendants

## PROOF OF SERVICE

This is to certify that on October 21, 2025, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including counsel for Defendants listed below. Parties may access this filing through the Court's system. Served via the Court's ECF system to the parties listed below, who are on the ECF mailing list for this matter.

I certify that the following *Reply to Objection* was electronically transmitted on or about October 8, 2025 via this Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- **John C. Cannizzaro** John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com
- **Nicholas Paul Capotosto** nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com
- **Christopher Paul Combest** christopher.combest@quarles.com
- **John G. Farnan** jfarnan@westonhurd.com
- **Robert E. Goff** rgoff@westonhurd.com, cvadino@westonhurd.com
- **Steven Heimberger** sheimberger@rlbllp.comHeimbergerSR82735@notify.bestcase.com
- **Jeannie Kim** JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- **Marc Merklin** mmerklin@ralaw.com, dignasiak@ralaw.com
- **David M. Neumann** dneumann@meyersroman.com, docket@meyersroman.com; mnowak@meyersroman.com
- **Christopher Niekamp** cniekamp@bdblaw.com
- **Matthew T. Schaeffer** mschaeffer@baileycav.com, lpatterson@baileycav.com
- **Paul J. Schumacher** pschumacher@dmclaw.com, tgross@dmclaw.com
- **Frederic P. Schwieg** fschwieg@schwieglaw.com, OH84@ecfcbis.com
- **Frederic P. Schwieg** fschwieg@schwieglaw.com
- **Bryan Sisto** bsisto@fbtlaw.com
- **Richard J. Thomas** rthomas@hendersoncovington.com; dciambotti@hendersoncovington.com
- **United States Trustee** (Registered address)@usdoj.gov

- **Joshua Ryan Vaughan** jvaughan@amer-collect.com, SAllman@AMERCOLLECT.COM; HouliECF@aol.com
- **Julie K. Zurn** jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com
- **Lauren Schoenewald ust47** lauren.schoenewald@usdoj.gov

And via email to the following who are not on the Court's Electronic Mail Notice List:

- **Paul Billinger**, paul.billinger@toreaconsulting.com

*/s/ Jack B. Cooper*
Jack B. Cooper (0069321)