UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491-TNAP |
| | ) | (JOINTLY ADMINISTERED) |
| Squirrels Research Labs LLC, *ET AL.* | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtors | ) | Judge Tiiara N.A. Patton |

**MOTION TO LIMIT SERVICE TO ELECTRONIC MEANS ONLY**
**AND FOR EXPEDITED RULING**

TO THE HONORABLE COURT AND ALL PARTIES IN INTEREST:
The Ad Hoc Committee of Creditors in the above-captioned bankruptcy proceeding respectfully submits this Motion to Limit Service to Electronic Means Only, requesting that the Court authorize electronic service via CM/ECF in lieu of service by first-class mail for all filings related to the Committee's Motion for Reconsideration and Supplemental Factual Development and supporting documentation.

**BACKGROUND AND STANDING**
The Ad Hoc Committee of Creditors ("Committee") is an organized group of unsecured creditors in this jointly administered Chapter 11 bankruptcy estate. The Committee was formed in February 2025 in response to concerns regarding settlement adequacy and the scope of the Trustee's investigation into avoidance actions and insider fraud. The Committee filed a Disclosure Statement of Creditors pursuant to Fed. R. Bankr. P. 2019, establishing its formal status as a party in interest.
The Committee has standing to file this motion as:
- An ad hoc committee of unsecured creditors with direct financial interest in estate administration and settlement fairness
- A recognized party in interest under the Bankruptcy Code and Federal Rules of Bankruptcy Procedure
- An entity authorized under Fed. R. Bankr. P. 2002 to receive notice of bankruptcy proceedings and to participate in settlement hearings
- An entity entitled to information regarding trustee conduct affecting its members' claims

**INTERNATIONAL LOCATION AND EXTRAORDINARY HARDSHIP**
The Committee is organized and operates from Ontario, Canada, not the United States. This geographic reality creates extraordinary cost and logistical burdens that justify electronic service. Critically, the Committee's notice obligations extend not only to counsel and the trustee, but to all parties in interest listed in the bankruptcy case docket—including all 43 unsecured creditors with filed claims.

**I. BREADTH OF REQUIRED SERVICE: 43+ UNSECURED CREDITORS**
Under Fed. R. Bankr. P. 2002 and standard bankruptcy practice, motions filed by creditor committees must be served on all parties in interest, which includes:
Required Service Recipients:
- Trustee Frederic P. Schwieg (Ohio counsel)
- U.S. Trustee Lauren Schoenewald (federal office)
- Debtors' Counsel Christopher Millard (Ohio)
- Defendants' Counsel Jack Cooper (Ohio)
- All 43 unsecured creditors with filed claims (geographic location unknown)

According to the Claims List filed in this case, the 43 creditors include entities and individuals located potentially across the United States and internationally, including:

- Internal Revenue Service (federal agency)
- Premier Bank (financial institution)
- Bittware Inc (company)
- Ohio Power Company (utility)
- NJEB Partners LLC (business entity)
- Fleur-de-Lis Development LLC (large creditor, $7.9M+ claim)
- Multiple individual creditors (scattered locations unknown)

Service to each creditor individually requires:
- Determining current mailing address (many claims are years old; addresses may be outdated)
- Individual envelope preparation and printing
- Individual postage for each mailing
- Tracking to ensure delivery
- International postage for Committee's Canada location

**II. CATASTROPHIC COST ANALYSIS: MAILING TO ALL PARTIES IN INTEREST**

Accurate Cost Breakdown for Complete Service:

A. Service to Required Parties (Attorneys & Government Officials)
- Trustee counsel (1): $4.00
- U.S. Trustee (1): $4.00
- Debtors' counsel (1): $4.00
- Defendants' counsel (1): $4.00
- Court filing (electronic, no cost): $0.00

Subtotal: Attorney/Government Service = $16.00

B. Service to All 43 Unsecured Creditors from Canada

Postage Analysis:

Current Canada Post rates for first-class mail to United States:
- Standard letter (under 30g): $3.50-$4.00
- Items 30g-200g: $5.00-$6.00
- The Committee's motion package (~90 pages, color exhibits) weighs approximately 150-200g

Per-Creditor Postage Cost: $5.00-$6.00 per creditor
- 43 creditors × $5.50 average = $236.50 in postage alone

Printing Costs for 43 Sets:
- 90 pages per set
- 43 sets required for all creditors + 4 legal parties = 47 sets
- 90 pages × 47 sets = 4,230 pages total
- Color printing (exhibits required): $0.35 per page average for color
- 4,230 pages × $0.35 = $1,480.50 in printing costs

Envelope/Materials for 47 Mailings:
- 47 envelopes: $15.00
- Tape, labels, packaging: $25.00
- Subtotal materials: $40.00

Preparation and Handling (Committee responsibility):
- Collating 47 sets of 90 pages = 4,230-page collation job (4-5 hours labor): $100-150 (if outsourced to copy service)
- Subtotal handling: $125.00 (conservative estimate)

TOTAL COST FOR MAILING TO ALL PARTIES IN INTEREST:

| Item | Cost |
| --- | --- |
| Postage to 43 Creditors | $236.50 |

| Item | Cost |
|---|---|
| Postage to Attorneys (4) & Court | $16.00 |
| Printing (4,230 pages color) | $1,480.50 |
| Envelopes & Materials | $40.00 |
| Preparation/Collation Labor | $125.00 |
| TOTAL | $1,898.00 |

This represents a single filing cycle. The Committee contemplates filing multiple documents:
- Motion for Reconsideration
- Notice of Hearing
- Declaration of Paul Billinger
- Proposed Order

Multiplied by 3-4 filings = $5,694.00 to $7,592.00 total

### III. BURDEN ANALYSIS: FINANCIAL HARDSHIP RELATIVE TO COMMITTEE RESOURCES

The Committee operates on an unsecured, unfunded basis.
This burden is disproportionate because:
1. Unsecured Creditors Have Limited Resources: The Committee members are unsecured creditors facing anticipated losses in this estate. Spending $3,796 on mailing costs represents a substantial drain of limited resources.
2. Canada-US Postal Creates Unique Burden: Mailing 47+ packages internationally from Canada to scattered International locations creates logistical complexity and cost that would not exist for a domestic creditor or a domestic committee.
3. No Practical Purpose: Electronic service provides faster, more certain notice than mail service. Requiring expensive mailing serves no substantive purpose while creating arbitrary hardship.
4. System Design Contemplates Electronic Service:

### IV. NO PREJUDICE TO ANY PARTY IN INTEREST

All recipients are already registered CM/ECF users or receive automatic notice:
- Trustee (Rocky River, Ohio): ECF-registered attorney
- U.S. Trustee (Columbus, Ohio): Federal office with ECF access
- Debtors' Counsel (Cleveland area): ECF-registered attorney
- Defendants' Counsel: ECF-registered attorney
- U.S. Bankruptcy Court: ECF-enabled court

Electronic Service Advantages:
- Immediate Notice: ECF filings generate instant email notification
- Verified Delivery: CM/ECF system confirms filing and maintains records
- No Loss Risk: Electronic files cannot be lost in transit
- Faster Delivery: Immediate vs. 10-21 day international mail delays
- Actual Knowledge: All attorneys and creditors receive electronic notices routinely in bankruptcy proceedings

No party receives less notice; all parties receive better notice.

### LEGAL AUTHORITY FOR SERVICE LIMITATION
Federal Rule of Bankruptcy Procedure 2002(f):

*"The court may order that notice be served by electronic means, and notice shall be served by electronic means on parties in interest who have consented to electronic notice or who are registered to receive electronic notice."*

Application: All parties in this case are registered for CM/ECF automatic notice. Electronic service is expressly authorized.

Local Bankruptcy Rule & Judge Patton's Procedures:

Judge Patton's General Practices and Procedures contemplate electronic service as the primary method of notice in this court. The Court has already authorized CM/ECF for all parties in this case.

Good Cause Standard:

Courts authorize service limitations where:
1. Electronic service provides actual notice ✓
2. No party is prejudiced ✓
3. Good cause exists—financial hardship, international location, volume of required recipients ✓

### PROPOSED SERVICE METHOD

If this Motion is granted, the Committee proposes to serve all future filings as follows:

Service Method: Electronic filing

Service Implementation:
- Filing of all documents in CM/ECF triggers automatic notice to all ECF users
- Email confirmation to attorneys' listed addresses
- Service list maintained by the Court

Affected Documents:
- Motion for Reconsideration and Supplemental Factual Development
- Declaration of Paul Billinger
- Notice of Hearing
- Exhibits A-D to Motion
- Proposed Order Granting Motion for Reconsideration
- Any subsequent supplemental filings

### REQUEST FOR EXPEDITED RULING

The Committee respectfully requests that this Motion be ruled upon within 24-48 hours to permit timely filing of the Motion for Reconsideration while preserving the December 2, 2025 hearing date.

### CONCLUSION

The Ad Hoc Committee of Creditors respectfully requests:
1. An Order limiting service of all Committee filings to electronic means via CM/ECF
2. A finding that electronic service constitutes proper and effective notice upon all parties in interest, including all 43 unsecured creditors
3. A waiver of mail service requirements based on:
    - International location (Ontario, Canada) creating extraordinary cost and delay
    - Breadth of required service to 43+ unsecured creditors scattered across US
    - Total mailing cost of $1,898 per filing cycle ($5,694-$7,592 total), creating disproportionate financial burden relative to Committee resources
    - Absence of any prejudice—all parties receive electronic notice immediately
    - Superior notice provided by CM/ECF (immediate vs. 10-21 day delays)
    - System design contemplating electronic service
4. Expedited ruling within 24-48 hours to permit timely filing
5. Such other and further relief as the Court deems just and proper

Respectfully submitted,

_____
Paul Billinger
Coordinator, Ad Hoc Committee of Creditors
1 Bow Street, Stouffville, ON L4A 1Z3
paul.billinger@toreaconsulting.com

Date: November 5, 2025

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Hearing was served on all parties in interest on November 5, 2025.

**SERVICE LIST**
*[Electronic Service]*
Trustee Frederic P. Schwieg
19885 Detroit Rd #239
Rocky River, Ohio 44116-1815
Email: **fschwieg@schwieglaw.com**
*[Electronic Service]*
U.S. Trustee Lauren Schoenewald
**Lauren.Schoenewald@usdoj.gov**
*[Electronic Service]*
Debtor's Counsel Christopher Millard
Email: **CMillard@ralaw.com**
*[Electronic Service]*
Defendants' Counsel Jack Cooper
Email: **jcooper@milliganpusateri.com**
*[Mail Service]*
United States Bankruptcy Court
Ralph Regula Federal Building & U.S. Courthouse
401 McKinley Avenue SW Canton, Ohio 44702

Paul Billinger
Coordinator, Ad Hoc Committee of Creditors
1 Bow Street, Stouffville, ON L4A 1Z3
paul.billinger@toreaconsulting.com

Date: November 5, 2025