IT IS SO ORDERED.

Dated: November 14, 2025



Tiiara N.A. Patton
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| In re:<br><br>Squirrels Research Labs LLC and<br>The Midwest Data Company LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 21-61491 (TNAP)<br><br>Judge Tiiara N.A. Patton |
|---|---|

### ORDER DENYING MOTION TO LIMIT SERVICE TO
### ELECTRONIC MEANS ONLY AND FOR EXPEDITED RULING

This matter having come before the Court upon the *Motion to Limit Service to Electronic Means Only and for Expedited Ruling* filed on November 10, 2025 by Paul Billinger ("Mr. Billinger") on behalf an Ad Hoc Committee of Creditors (ECF Docket No. 417) (the "Motion"). The Motion seeks to limit notice and service of the *Creditor's Motion for Reconsideration and Supplemental Factual Development* (ECF Docket No. 414) (the "Motion for Reconsideration"), to electronic service via the Court's CM/ECF system. The Motion for Reconsideration was also filed by Mr. Billinger on behalf of an Ad Hoc Committee of Creditors.

Mr. Billinger acknowledges that he is not an attorney and is acting instead as "a credit coordinator for the Ad Hoc Committee of Creditors." See Motion for Reconsideration, p. 1. Mr. Billinger identifies Elliott Boutin as the member of the Ad Hoc Committee of Creditors who authorizes Mr. Billinger's representation of the group.[1] See Motion for Reconsideration, p. 1. Mr. Billinger also seems to be prosecuting the alleged interest of TorEA Consulting LTD as its sole owner. See Motion for Reconsideration, pp. 74–75.

Pursuant to 28 U.S.C. §1654 "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel, as by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The rules governing the practice of law in United States courts make clear that non-lawyers are not permitted to represent parties in federal court." Hernandez v. Cullison, 2006 WL 1804579, at *6 (D.N.J. June 26, 2006); see, also, U.S. v. Wilhelm, 570 F.2d 461, 465 (3d Cir.1978). "Any attempt by a non-lawyer to do so constitutes the unauthorized practice of law." Id. Therefore, the attempt by Mr. Billinger, a non-lawyer, to represent the interest of the Ad Hoc Committee of Creditors is not permitted. Further, as this Court has already found, as an unlicensed attorney not admitted to practice in this Court Mr. Billinger "cannot represent TorEA Consulting LTD's interest in this matter." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[A] corporation may appear in the federal courts only through licensed counsel."). See ECF Docket No. 359.

The Court informed Mr. Billinger of the foregoing at the hearing held on October 28, 2025 for the matter he is seeking this Court's reconsideration on that he was not authorized to appear in this Court on behalf of another individual or entity and that Mr. Billinger, personally,

---

[1] The members of the Ad Hoc Committee of Creditors are Paul Billinger (Torea Consulting LTD) and Elliot Boutin. See ECF Docket No. 415.

has no claim in these proceedings. The Court now cautions Mr. Billinger that his continued actions to represent either the Ad Hoc Creditors Committee or TorEA Consulting LTD will be construed as the unauthorized practice of law. Therefore, based on the foregoing,

**IT IS HEREBY ORDERED THAT:**

1. The *Motion to Limit Service to Electronic Means Only and for Expedited Ruling* (ECF Docket No. 417) is hereby **DENIED.**

# # #

3

21-61491-tnap    Doc 421    FILED 11/14/25    ENTERED 11/17/25 07:29:02    Page 3 of 3