UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 21-61491 (TNAP) |
| | ) | |
| **Squirrels Research Labs LLC** *et al*,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Tiiara N.A. Patton |

**OBJECTION TO THE MOTION OF AD HOC COMMITTEE OF CREDITORS FOR APPROVAL OF COUNSEL FEES AS ADMINISTRATIVE EXPENSE OF THE ESTATE**

Andrew R. Vara, the United States Trustee for Regions 3 & 9, objects to the *Motion of Ad Hoc Committee of Creditors for Approval of Counsel Fees as Administrative Expense of the Estate* (the "Motion for Approval of Fees") filed on November 17, 2025. Docket No. 423. In support of his objection, the United States Trustee respectfully states:

### Jurisdiction

1. Under (i) 28 U.S.C. § 1334, (ii) applicable orders of the United States District Court for the Northern District of Ohio issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

2. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Squirrels Research Labs LLC (9310), case no. 21-61491 and The Midwest Data Company LLC (1213), case no. 21-61492.

1

3. Under section 307 of title 11 of the United States Code (the "Bankruptcy Code"), the United States Trustee has standing to be heard on the issues raised in this objection.

**Factual History**

4. On November 23, 2021, Squirrels Research Labs, LLC and Midwest Data Company LLC (the "Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. The United States Trustee appointed Frederic P. Schwieg ("Trustee Schwieg") as the subchapter V trustee. Docket No. 35. No official committee of unsecured creditors has been appointed in this case.

5. On July 28, 2022, the Court confirmed the Debtors' *Amended Plan of Reorganization*. Docket No. 269.

6. On September 12, 2025, Trustee Schwieg filed the *Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz, and Squirrels LLC* (the "Motion to Compromise"). Mr. Paul Billinger ("Mr. Billinger") on behalf of an ad hoc committee of creditors and Mr. Sam Adams on behalf of himself filed objections to the Motion to Compromise. Docket Nos. 397, 406. After a hearing held on October 28, 2025, the Court granted the Motion to Compromise. Docket No. 412.

7. On November 10, 2025, Mr. Billinger, as coordinator of an ad hoc committee of creditors, filed the *Creditor's Motion for Reconsideration and Supplemental Factual Development* (the "Motion for Reconsideration"). Docket No. 414. On November 17, 2025, Mr. Billinger, as coordinator of an ad hoc committee of creditors, filed a supplemental declaration for the Motion for Reconsideration. Docket No. 425.

8. On November 10, 2025, Mr. Billinger filed the *Disclosure Statement of Ad Hoc Committee of Creditors Pursuant to Federal Rule of Bankruptcy Procedure 2019* and filed a

supplement to that disclosure on November 17, 2025 (together, the "Rule 2019 Statement"). Docket Nos. 415, 426. The Rule 2019 Statement discloses that the ad hoc committee is comprised of seven creditors holding claims totaling $1,107,938.48.[2]

9. On November 17, 2025, Mr. Billinger, as coordinator of an ad hoc committee of creditors, filed the Motion for Approval of Fees. Docket No. 423. The ad hoc committee seeks (1) an order authorizing the reimbursement of counsel fees and expenses as an administrative expense under 11 U.S.C. § 503(b)(3)(D) and (b)(4), (2) approval of a $30,000 administrative expense for the counsel it hires, and (3) payment from estate funds for counsel fees and expenses pursuant to 11 U.S.C. § 503(b)(1)(A). *Id.* at 17.

10. On December 1, 2025, Mr. Billinger filed the *Notice of Withdrawal*. Docket No. 430. The Notice of Withdrawal states, "In compliance with the Court's November 14, 2025 caution, Paul Billinger withdraws from all further filings and appearances in connection with the Ad Hoc Committee of Unsecured Creditors, effective immediately." *Id.* at 1. The Notice of Withdrawal is not clear as to whether it should be construed as a withdrawal of all pending pleadings filed by Mr. Billinger.

11. Mr. Billinger is not a licensed attorney who is admitted to practice in the Northern District of Ohio. Docket No. 421 at 2.

## Legal Standard

12. The ad hoc committee of creditors has failed to demonstrate its entitlement to an administrative expense in the amount of $30,000 for counsel's fees and expenses.

13. Under 11 U.S.C. § 503(b)(3)(D), a creditor or a committee representing creditors

---

[2] The Rule 2019 Statement states that Mr. Billinger is a committee member on behalf of TorEA Consulting LTD. While TorEA Consulting LTD is a creditor in this case, Mr. Billinger is not personally a creditor. Docket No. 421 at 2–3.

3

or equity security holders other than a committee appointed under 11 U.S.C. § 1102 is entitled to an administrative expense claim only for the "actual, necessary expenses" it incurs "in making a substantial contribution in a case." If such an entity has made a substantial contribution, then Section 503(b)(4) allows "reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under" section 504(b)(3). 11 U.S.C. § 504(b)(4); *see Lebron v. Mechem Financial, Inc.*, 27 F.3d 937 (3d Cir. 1994). In other words, if an entity proves that it has made a substantial contribution, it is entitled to an administrative expense claim for its own reasonable professional fees as well as for any actual, necessary expenses incurred. Unless the applicant has an allowable claim under section 503(b)(3), its professional fees cannot be reimbursed under section 503(b)(4). *In re Worldwide Direct, Inc.*, 334 B.R. 112, 120–21 (Bankr. D. Del. 2005). The movant must prove that it is entitled to an administrative expense by a preponderance of the evidence. *In re Worldwide Direct*, 334 B.R. at 120.

14. A substantial contribution is one that provides "an actual and demonstrable benefit to the debtor's estate and the creditors." *Lebron*, 927 F.3d at 944 (quoting *In re Lister*, 846 F.2d 55, 57 (10th Cir. 1988)); *see also In re Worldwide Direct, Inc.*, 334 B.R. at 121. The Court determines whether a substantial contribution was made to the case in hindsight, meaning it reviews the services that have already been rendered to determine if they were a substantial contribution. *In re Worldwide Direct, Inc.*, 334 B.R. at 121–22. To show a substantial contribution, the movant must establish a causal connection between the services provided and the benefit to the estate and must introduce more than self-serving statements about its involvement in the case. *In re M & G USA Corp.*, 599 B.R. 256, 262 (Bankr. D. Del. 2019); *In re Worldwide Direct*, 334 B.R. at 121–22, 123. In making a determination as to whether a party has made a substantial

contribution, courts consider whether the services provided (a) were only for the benefit of the claimant or were for the benefit of all parties in the case; (b) directly, significantly, and demonstrably benefitted the estate; and (c) were duplicative of the services provided by professionals for the creditors' committee, the committee itself, debtor and its attorneys, or other fiduciaries and their professionals. *In re Worldwide Direct, Inc.*, 334 B.R. at 122 (citing *In re Buckhead America Corp.*, 161 B.R. at 15). Case law makes clear that "the sort of contribution that reaches the substantial threshold is exceedingly narrow: extensive and active participation alone does not qualify, . . . services that are duplicative of other estate professionals are insufficient, . . . and activities that primarily further the movant's self-interest do not suffice . . . . *In re M & G USA Corp.*, 599 B.R. at 262 (internal citations omitted). In general, excepted and routine activities in a chapter 11 case, including reviewing documents, are not considered to be a substantial contribution. *In re RS Legacy Corp.*, Case Non. 15-10197, 2016 WL 1084400, at *4 (Bankr. D. Del. Mar. 17, 2016).

15. Section 503(b)(3)(D) encourages creditors to participate in the reorganization process while at the same time minimizing administrative expenses so that creditors receive a larger recovery. *Lebron*, 27 F.3d at 944. Thus, courts have narrowly construed section 503(b)(3)(D) in order to hold administrative expenses to a minimum. *In re M & G USA Corp.*, 599 B.R. at 262; *In re Worldwide Direct, Inc.*, 334 B.R. at 122 (quoting *In re Granite Partners*, 213 B.R. 440, 445 (Bankr. S.D.N.Y. 1997)).

16. The ad hoc committee's Motion for Approval of Fees appears to be a request that the Court (1) enter an order indicating that the ad hoc committee's future legal counsel will be entitled to reimbursement of its fees and expenses as an administrative expense claim in the amount of $30,000 and (2) order the estate to pay $30,000 to the ad hoc committee to pay its counsel.

Docket No. 423 at 17. Both requests are improper, and the Court should deny the Motion for Approval of Fees.

17. The request that the ad hoc committee receive approval of an administrative expense for its counsel in the amount of $30,000 is improper as it is premature. A committee's entitlement to an administrative expense claim for its professionals' fees and expenses is predicated on it showing by a preponderance of the evidence that it has made a substantial contribution to the case. The substantial contribution test is applied in hindsight, and thus a determination that a committee has made a substantial contribution—and subsequently that it is entitled to reasonable compensation for its professionals' fees and expenses—cannot be made before the substantial contribution is made and the professional's services are rendered. The ad hoc committee has not yet met its burden of showing it has made a substantial contribution to this case, nor has it hired legal counsel to make such a showing.[3] Accordingly, no administrative expense can be awarded at this time, and therefore the Motion for Approval of Fees should be denied.

18. The request that the estate pay the ad hoc committee $30,000 as an administrative expense so that it can hire and pay legal counsel is also improper. The estate cannot pay an ad hoc committee's professional's fees prior to the Court determining that an administrative expense award is warranted under section 503(b)(4). As the Court has not yet made such a determination, the Motion for Approval of Fees should be denied.

19. The Motion for Approval of Fees should also be denied, or in the alternative

---

[3] To date, no attorney has filed such a verified statement indicating it is representing any group of creditors as required under Bankruptcy Rule 2019. Fed. R. Bankr. P. 2019(b) ("a verified statement containing the information listed in [Rule 2019(c)] must be filed by every group or committee consisting of or representing—and every entity representing—multiple creditors or equity security holders that are . . . acting in concert to advance their common interests[.]")

stricken from the record, because it was filed by a non-attorney. Mr. Billinger filed the Motion for Approval of Fees purportedly on behalf of the ad hoc committee as its "coordinator," but Mr. Billinger is not an attorney licensed to practice. A non-attorney cannot appear in court on behalf of parties, as doing so constitutes the unauthorized practice of law. Docket No. 421; 28 U.S.C. § 1654. Because Mr. Billinger is not permitted to file the instant motion on behalf of the ad hoc committee, the Motion should be denied and/or stricken from the record.

20. Accordingly, for the reasons stated herein, the Motion for Approval of Fees should be denied.

**WHEREFORE**, the United States Trustee requests that the Court sustain his objection, deny the Motion for Approval of Fees, and grant such further relief as may be appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Lauren C. Schoenewald*
Lauren C. Schoenewald (0097694)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7810
Email: lauren.schoenewald@usdoj.gov

## Certificate of Service

I hereby certify that on December 5, 2025, a true and correct copy of the foregoing *Objection* was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- John C. Cannizzaro    John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com
- Nicholas Paul Capotosto    nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com
- Christopher Paul Combest    christopher.combest@quarles.com
- Jack B. Cooper    jcooper@milliganpusateri.com
- John G. Farnan    jfarnan@westonhurd.com
- Robert E. Goff    rgoff@westonhurd.com, cvadino@westonhurd.com
- Steven Heimberger    sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com
- Jeannie Kim    JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com
- Marc Merklin    mmerklin@ralaw.com, dignasiak@ralaw.com
- Chris Millard    cmillar2@rockets.utoledo.edu
- David M. Neumann    dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com
- Christopher Niekamp    cniekamp@bdblaw.com
- Matthew T. Schaeffer    mschaeffer@baileycav.com, lpatterson@baileycav.com
- Paul J. Schumacher    pschumacher@dmclaw.com, tgross@dmclaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com, OH84@ecfcbis.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Bryan Sisto    bsisto@fbtlaw.com
- Richard J. Thomas    rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- United States Trustee    (Registered address)@usdoj.gov
- Joshua Ryan Vaughan    jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com
- Julie K. Zurn    jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com
- Lauren Schoenewald ust47    lauren.schoenewald@usdoj.gov

And via regular U.S. mail, postage prepaid, upon the following:

Paul Billinger
1 Bow Street
Stouffville ON L4A 1Z3

Sam Adams
3417 Bush Street
Stevens Point, WI 54481

CliftonLarsonAllen LLP
388 S Main St
Ste 420
Akron, OH 44311

Inglewood Associates LLC
9242 Headlands Road
Mentor, OH 44060

Paul Pasika
233 Schemmer St
Burlington, WI 53105

Jason R. Schendel
Sheppard, Mullin, Richter & Hampton LLP
Four Embardadero Center
Seventeenth Floor
San Francisco, CA 94111

Second Foundation Mining LLC
Robert Oxsen, CEO
3326 Corinthian Ln
Auburn, CA 95603

Brittany P Stephen
Bailey Cavalieri LLC
10 West Broad St
Ste 2100
Columbus, OH 43215

By: /s/ Lauren C. Schoenewald
    Lauren C. Schoenewald (0097694)
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    201 Superior Avenue East, Suite 441
    Cleveland, Ohio 44114
    Phone: (216) 522-7810
    Email: lauren.schoenewald@usdoj.gov