IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE SQUIRRELS RESEARCH LABS LLC, *ET AL.* *Debtors* | CASE NO. 21-61491-TNAP (JOINTLY ADMINISTERED) CHAPTER 11 SUBCHAPTER V JUDGE PATTON |

**TRUSTEE'S REPLY TO: CREDITOR'S MOTION FOR RECONSIDERATION AND SUPPLEMENTAL FACTUAL DEVELOPMENT [DOC. 414]; DISCLOSURE STATEMENT OF AD HOC COMMITTEE OF CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019 [DOC. 415]; MOTION OF AD HOC COMMITTEE OF CREDITORS FOR APPROVAL OF COUNSEL FEES AS ADMINISTRATIVE EXPENSE OF THE ESTATE [DOC. 423]; AND THE SUPPLEMENTAL DECLARATION AND EXHIBIT [DOC. 425], SEEKING DISMISSAL OR STRIKING OF SAME, OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO RESPOND**

Frederic P. Schwieg subchapter V Trustee ("Trustee") replies to: Creditor's Motion for Reconsideration and Supplemental Factual Development [Doc. 414]; Disclosure Statement of Ad Hoc Committee of Creditors Pursuant to Federal Rule of Bankruptcy Procedure 2019 [Doc. 415]; Motion of Ad Hoc Committee of Creditors for Approval of Counsel Fees as Administrative Expense of the Estate [Doc. 423]; and the Supplemental Declaration and Exhibit [Doc. 425] (collectively "Motion for Reconsideration").

On December 1, 2025, Mr. Paul Billnger, the individual who filed the Motion for Reconsideration, filed a Notice of Withdrawal [Doc. 430] ("Notice of Withdrawal"). However, it is unclear whether Mr. Billinger intends the Notice of Withdrawal as a withdrawal of the Motion for Reconsideration, or merely as a withdrawal of his representation of the parties allegedly part of the Motion for Reconsideration. Therefore, the Trustee files this reply seeking dismissal or striking of the Motion for Reconsideration, or alternatively, an extension of time to respond.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), (b) and (e) and General Order 2012-07 of the United States District Court for the Northern District of Ohio.

This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A), (B), (K), (N) and (O).

2. On November 23, 2021 (the "Petition Date"), SQRL and its related affiliate The Midwest Data Company LLC ("MWDC" and with SQRL the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. On November 30, 2021, the Office of the United States Trustee appointed movant as the Trustee for this bankruptcy case [Doc. 35].

4. SQRL's Amended Plan of Reorganization Dated June 22, 2022 [Doc. 237] ("Plan") was confirmed by the court on July 28, 2022 [Doc. 269].

5. The Trustee is seeking the relief requested herein pursuant to 11 U.S.C. 105(a) and Federal Rule of Bankruptcy Procedure 9014.

## BACKGROUND

6. The extensive history of this case is set forth in the Response of Subchapter V Trustee to Objections to Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz and Squirrels LLC and Joinder in the Responses of Squirrels Research Labs LLC to Objections [Doc. 407].

7. In brief, on the filing date the Debtors filed a motion to sell all of their assets to a company called Instantiation LLC, the proceeds of which were used mostly to pay down a secured claim. Ultimately Instantiation acquired the Debtors' assets, except for an insurance claim, a litigation claim and certain insider transfers. Two creditors were active in the case opposing the motions filed by the Debtors: Carl Forsell and Mr. Billinger's company TorEA Consulting Ltd. ("TorEA"). At no point however did either of them file a motion for the appointment of a creditor's committee or to expand the powers of the Trustee under 11 U.S.C. § 1183(b)(2). The Plan was confirmed over the objection of TorEA.

8. Under the Plan the Trustee was given the powers to pursue certain "Avoidance Actions" against certain insiders of the Debtor.

9. The Trustee filed six adversary proceedings: *Trustee v. David Stanfill* (Adv. Case No. 23-6028); *Trustee v. Jessica Gritzan* (Adv. Case No. 23-6029); *Trustee v. Andrew Gould* (Adv. Case No. 23-6030); *Trustee v. Kyle Slutz* (Adv. Case No. 23-6031); *Trustee v. Sidney Keith* (Adv. Case No. 23-6032); *Trustee v. Squirrels LLC* (Adv. Case No. 23-6033) (collectively, the "Adversary Proceedings").

10. After mediating the Adversary Proceedings with Judge Harris, the Trustee sought court authority to compromise the Adversary Proceedings through the Motion of Subchapter V Trustee for Authority to Compromise Controversies with David Stanfill, Sidney Keith, Andrew Gould, Jessica Gritzan, Kyle Slutz, and Squirrels LLC (the "Compromise Motion") [Docket No. 394].

11. Mr. Billinger, allegedly on behalf of an "Ad Hoc Committee of Creditors", filed the Objection to the Compromise Motion [Doc 397], and a flurry of pleadings ensued. Ultimately the Court granted the Compromise Motion [Doc. 412] in response to which Mr. Billinger filed the Motin for Reconsideration.

## **LEGAL ANALYSIS**

12. As stated in the Motion to Compromise and implied in the Notice of Withdrawal, Mr. Billinger is not an attorney in any state.

13. The court also held repeatedly that Mr. Billinger is not a "party in interest" and therefore does not have standing to object to the Compromise Motion. *E.g.*. [Doc. 359]

14. There is no creditors committee and Mr. Billinger does not have the ability to represent or appear on behalf of the alleged "Ad Hoc Committee of Creditors" as the Notice of Withdrawal recognizes.

15. The Federal Rules of Bankruptcy Procedure allow an entity to appear in a case or perform any act constituting the practice of law through an attorney who is authorized to practice in the court. Fed. R. Bankr. P. 9010(a)(1); *see also, State Unauthorized Practice of Law Comm. V. Pail Mason & Assocs.*, 46 F.3d 469, 471 (5th Cir. 1995); ("Rule 9010(a) specifically permits only those unspecified acts that do not constitute the unauthorized practice of law. The legislative history of the Bankruptcy Reform Act of 1978, furthermore, plainly indicates the intent of Congress to separate purely administrative functions from judicial ones in the bankruptcy area"); *In re ICLNDS Notes Acquisition, L.L.C.*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001) (individuals have a right to represent themselves in bankruptcy without a lawyer. That right does not extend to permit them to represent other people or entities because permitting such would be condoning the unauthorized practice of law); *In re O'Connor*, 2009 Bankr. LEXIS 1376, *10 (Bankr. N.D. Ohio 2009) (non-lawyers cannot perform legal services of behalf of another. For example, Bankruptcy Rule 9010(a)(2) authorizes non-lawyers to take actions for others, but the authority to act is expressly limited to "any act not constituting the practice of law."); *In re Bright*, 171 B.R. 799, 801 n. 1 (E.D. Mich. 1994) ("Fed. R. Bankr. P. 9010, however, states lay people can "perform any act not constituting the practice of law" thus recognizing that certain acts constitute the practice of law and may not be performed by non-lawyers.").

16. Therefore, the Motion for Reconsideration should be overruled or stricken, because Mr. Billinger does not have the ability to represent the "Ad Hoc Committee of Creditors", and the actions of Mr. Billinger constitute the practice of law. *See generally, Id*. at 802 ("the following activities have been defined as practice of law in other jurisdictions: … (7) preparing motions

and answers to motions"), and finally in light of the Notice of Withdrawal, no party in interest is prosecuting it.

17. If the Court is inclined to consider the Motion for Reconsideration, the Trustee asks for 14 days to respond to the Motion for Reconsideration after the date of running on this reply

## CONCLUSION

The Trustee respectfully requests the Court to overrule the Motion for Reconsideration, or in the alternative, strike the Motion for Reconsideration pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9014 and granting any other relief the Court finds fair and equitable, or if it will hear the Motion for Reconsideration, that the Trustee have 14 days from the ruling on this reply to file a response to the Motion for Reconsideration.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Subchapter V Trustee

## CERTIFICATE OF SERVICE

A copy of this Reply was served on the following on the date filed by Notice of Electronic Filing or email.

John C. Cannizzaro on behalf of Interested Party Instantiation LLC
John.Cannizzaro@icemiller.com, Kelli.Bates@icemiller.com

Nicholas Paul Capotosto on behalf of Debtor Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Nicholas Paul Capotosto on behalf of Plaintiff Squirrels Research Labs LLC
nick.capotosto@dinsmore.com, theresa.palcic@dinsmore.com

Christopher Paul Combest on behalf of Creditor Avnet, Inc.
christopher.combest@quarles.com

Jack B. Cooper on behalf of Defendant Squirrels LLC
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Andrew Gould
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant David Stanfill
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Jessica Gritzan
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Kyle Slutz
jcooper@milliganpusateri.com

Jack B. Cooper on behalf of Defendant Sidney Keith
jcooper@milliganpusateri.com

John G. Farnan on behalf of Creditor Cincinnati Insurance Company
jfarnan@westonhurd.com

Robert E. Goff, Jr. on behalf of Creditor Cincinnati Insurance Company
rgoff@westonhurd.com, cvadino@westonhurd.com

Steven Heimberger on behalf of Interested Party SCEB, LLC
sheimberger@rlbllp.com, HeimbergerSR82735@notify.bestcase.com

Jeannie Kim on behalf of Interested Party Instantiation LLC
JeKim@sheppardmullin.com, dgatmen@sheppardmullin.com

Marc Merklin on behalf of Debtor Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

Marc Merklin on behalf of Plaintiff Squirrels Research Labs LLC
mmerklin@ralaw.com, dignasiak@ralaw.com

David M. Neumann on behalf of Creditor Envista Forensics, LLC d/b/a AREPA
dneumann@meyersroman.com, docket@meyersroman.com;mnowak@meyersroman.com

Christopher Niekamp on behalf of Creditor Better PC, LLC
cniekamp@bdblaw.com

Matthew T. Schaeffer on behalf of Creditor Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Fleur-de-Lis Development, LLC
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Cynthia Heinz
mschaeffer@baileycav.com, lpatterson@baileycav.com

Matthew T. Schaeffer on behalf of Defendant Rocco Piacentino
mschaeffer@baileycav.com, lpatterson@baileycav.com

Paul J. Schumacher on behalf of Interested Party Ohio Power Company dba American Electric Power
pschumacher@dmclaw.com, tgross@dmclaw.com

Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Plaintiff Frederic P Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com, OH84@ecfcbis.com

Frederic P. Schwieg on behalf of Trustee Frederic P. Schwieg
fschwieg@schwieglaw.com

Bryan Sisto on behalf of Creditor Carl Forsell
bsisto@fbtlaw.com

Richard J. Thomas on behalf of Creditor Premier Bank
rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Bureau of Workers Compensation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Julie K. Zurn on behalf of Attorney Brouse McDowell, LPA
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Debtor The Midwest Data Company LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Julie K. Zurn on behalf of Plaintiff Squirrels Research Labs LLC
jzurn@ralaw.com, llawrence@ralaw.com;skenna@ralaw.com

Lauren Schoenewald ust47 on behalf of U.S. Trustee United States Trustee
lauren.schoenewald@usdoj.gov

VIA EMAIL
Paul Billinger
paul.billinger@toreaconsulting.com

/s/ Frederic P. Schwieg
Frederic P. Schwieg